UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

| | |
|---|---|
| DIALOGO, LLC<br>     Plaintiff | ) <br> ) <br> ) |
| and | ) <br> ) |
| DIRECT MERCHANTS S.A., INC.<br>     Plaintiff/Defendant-in Counterclaim | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| LILLIAN SANTIAGO BAUZA and<br>EL DIALOGO, LLC,<br>     Defendants/Plaintiffs-in-Counterclaim | ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| FRANCISCO JAVIER SOLE,<br>     Defendants | ) <br> ) |

**ANSWER OF DEFENDANTS, LILLIAN SANTIAGO BAUZA AND EL DIALOGO, LLC
TO SECOND AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF;
AND, COUNTERCLAIM OF DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM
LILLIAN SANTIAGO BAUZA AND EL DIALOGO, LLC**

**ANSWER**

The defendants, Lillian Santiago Bauza ("Ms. Santiago") and El Dialogo, LLC, ("NEWCO")
hereby state as follows for their answer to the Second Amended Complaint and request for
injunctive relief:

**AS TO INTRODUCTION**

1. The statement set forth in paragraph 1 of the Second Amended Complaint merely
describes the action and does not set forth any factual allegations requiring an answer. To the
extent that paragraph 1 alleges that Ms. Santiago and NEWCO engaged in an unauthorized

398113

appropriation and use of plaintiff, Dialogo, LLC's, mark, "El Dialogo," and its assets, equipment, employees, and good will, those allegations are denied.

## AS TO PARTIES

2.    The defendants admit the allegations contained in paragraph 2 of the Second Amended Complaint.

3.    The defendants neither admit nor deny the allegations contained in paragraph 3 of the Second Amended Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

4.    The defendants admit the allegations contained in paragraph 4 of the Second Amended Complaint.

5.    The defendants admit the allegations contained in paragraph 5 of the Second Amended Complaint.

6.    The defendants admit the allegations contained in paragraph 6 of the Second Amended Complaint.

## AS TO JURISDICTION AND VENUE

7.    The defendants admit the allegations contained in paragraph 7 of the Second Amended Complaint.

8.    The defendants admit the allegations contained in paragraph 8 of the Second Amended Complaint.

## AS TO FACTS

9.    The defendants deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10.     The defendants deny the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     The defendants neither admit nor deny the remaining allegations contained in paragraph 11 of the Second Amended Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

12.     The defendants neither admit nor deny the remaining allegations contained in paragraph 12 of the Second Amended Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

13.     The defendants admit the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     The defendants admit the allegations contained in paragraph 14 of the Second Amended Complaint.

15.     The defendants admit that a true and correct copy of the Operating Agreement and Members Agreement executed by the parties is attached to the complaint as Exhibit 1. As to the remaining allegations set forth in paragraph 15, the Agreement speaks for itself.

16.     The defendants admit that a true and correct copy of the Venture Agreement executed by the parties is attached to the complaint as Exhibit 2. As to the remaining allegations set forth in paragraph 16, the Venture Agreement speaks for itself.

17.     As to the allegations set forth in Paragraph 17 of the Second Amended Complaint, the Operating Agreement and Members Agreement speaks for itself.

18.    As to the allegations set forth in Paragraph 18 of the Second Amended Complaint, the Operating Agreement and Members Agreement speaks for itself.

19.    As to the allegations set forth in Paragraph 19 of the Second Amended Complaint, the Operating Agreement and Members Agreement speaks for itself.

20.    As to the allegations set forth in Paragraph 20 of the Second Amended Complaint, the Operating Agreement and Members Agreement speaks for itself.

21.    The defendants admit the allegations contained in paragraph 21 of the Second Amended Complaint.

22.    The defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23.    The defendants deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24.    The defendants admit the allegations contained in paragraph 24 of the Second Amended Complaint.

25.    The defendants admit the allegations contained in paragraph 25 of the Second Amended Complaint.

26.    The defendants admit the allegations contained in paragraph 26 of the Second Amended Complaint.

27.    The defendants admit that Ms. Santiago Bauza handled the day-to-day matters as the venture partner in charge of operations and deny the remaining allegations contained in paragraph 27 of the Second Amended Complaint.

28.    The defendants admit that in or about December, 2004, Ms. Santiago Bauza presented Mr. Pike with financial statements prepared by her own accountant reflecting the

financial performance of the company from July 1, 2004 to December 13, 2004. The defendants deny the remaining allegations contained in paragraph 28 of the Second Amended Complaint.

29.    The defendants admit that Mr. Pike and Santiago Bauza discussed opening a bank line of credit for the company in or about December, 2004. The defendants deny the remaining allegations contained in paragraph 29 of the Second Amended Complaint.

30.    The defendants admit that on January 17th, 2005, the company hired Francisco Javier Sole as its Director Of Advertising Sales, but deny that this was because of the company's financial success. The defendants neither admit nor deny the remaining allegations contained in paragraph 30 of the Second Amended Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

31.    The defendants admit that Ms. Santiago Bauza sent Gerry Pike of DMSA an e-mail in early February which e-mail speaks for itself.

32.    The defendants neither admit nor deny the allegations contained in paragraph 32 of the Second Amended Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

33.    The defendants deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34.    The defendants admit that a true and correct copy of a letter which Ms. Santiago Bauza initially drafted on or about February 17, 2004, is attached to the complaint as Exhibit 4, which letter speaks for itself.

35.    The defendants neither admit nor deny the allegations contained in paragraph 35 of the Second Amended Complaint as they are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

36.    The defendants neither admit nor deny the allegations contained in paragraph 36 of the Second Amended Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

37.    The defendants deny the allegations contained in paragraph 37 of the Second Amended Complaint.

38.    The defendants admit that Ms. Santiago Bauza published a newspaper styled and titled "El Dialogo" on March 1, 2005 and March 15, 2005. The defendants deny the remaining allegations contained in paragraph 38 of the Second Amended Complaint.

39.    The defendants admit the allegations contained in paragraph 39 of the Second Amended Complaint.

40.    The defendants admit the allegations contained in paragraph 40 of the Second Amended Complaint.

41.    The defendants admit that the March 15 edition of El Dialogo is virtually unchanged in appearance from previous editions of El Dialogo. The defendants deny the remaining allegations contained in paragraph 41 of the Second Amended Complaint.

42.    The defendants deny the allegations contained in paragraph 42 of the Second Amended Complaint.

43.    The defendants admit that on or about March 11, 2005, El Dialogo, LLC, ("New Co.") through Ms. Santiago Bauza as its President, applied to register the trademark "El Dialogo" in Massachusetts and that in the application, Ms. Santiago stated that the date of first use of mark was July 1, 2004.

44.    The defendants neither admit nor deny the allegations contained in paragraph 44 of the Second Amended Complaint as the Application of Registration of Trademark speaks for itself.

45.    The defendants neither admit nor deny the allegations contained in paragraph 45 of the Second Amended Complaint as the Application of Registration of Trademark speaks for itself.

46.    The defendants neither admit nor deny the allegations contained in paragraph 46 of the Second Amended Complaint as the document attached to the Second Amended Complaint as Exhibit 5 speaks for itself.

## AS TO COUNT I

47.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 46 of the Second Amended Complaint and incorporate them herein by reference.

48.    The defendants admit that beginning in June 2004, the plaintiff, Dialogo, LLC, used the name "El Dialogo" as the title of a bilingual Spanish/English newspaper focusing on the Latino people politics culture and civic life of Western Massachusetts.  It is also admitted that the newspaper is widely read by business media and community leaders as well as a cross section of the Latino community and others interested in Latino culture and events.  The allegations contained in paragraph 48 are denied to the extent that they fail to recognize that beginning in June 2003 and continuing until June 2004, defendant, Lillian Santiago Bauza, was involved in the publication of a bilingual Spanish/English newspaper known as "Dialogo Bilingue" which also focused on the Latino people politics culture and civic life of Western Massachusetts and was widely read by business media and community leaders as well as a cross section of the Latino community and others interested in Latino culture and events.  That newspaper was

398113

published by a Massachusetts corporation known as Dialogo Bilingue, Inc. which was formed by defendant, Lillian Santiago Bauza, along with her husband and another couple.

49.    The defendants admit that plaintiff, Dialogo, LLC, published the El Dialogo newspaper on a bi-weekly basis in print from July 1, 2004, and on-line from approximately October 15, 2004. The defendants deny the remaining allegations contained in paragraph 49 of the Second Amended Complaint.

50.    The defendants deny the allegations contained in paragraph 50 of the Second Amended Complaint.

51.    The defendants deny the allegations contained in paragraph 51 of the Second Amended Complaint.

52.    The defendants deny the allegations contained in paragraph 52 of the Second Amended Complaint.

53.    The defendants admit that beginning in early March 2005, defendant, Santiago Bauza, and later a corporation formed by her known as El Dialogo, LLC, published a newspaper entitled "El Dialogo" in Holyoke, MA which focused on the Latino people, politics, culture, and civic life of Western Massachusetts. The defendants deny the remaining allegations contained in paragraph 53 of the Second Amended Complaint.

54.    The defendants deny the allegations contained in paragraph 54 of the Second Amended Complaint.

55.    The defendants admit the allegations contained in paragraph 55 of the Second Amended Complaint.

56.    The defendants deny the allegations contained in paragraph 56 of the Second Amended Complaint.

57.    The defendants deny the allegations contained in paragraph 57 of the Second Amended Complaint.

58.    The defendants admit that they intend to continue bi-weekly publication of "El Dialogo."  The defendants deny the remaining allegations contained in paragraph 58 of the Second Amended Complaint.

59.    The defendants deny the allegations contained in paragraph 59 of the Second Amended Complaint.

60.    The defendants deny the allegations contained in paragraph 60 of the Second Amended Complaint.

## **AS TO COUNT II**

61.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 60 of the Second Amended Complaint and incorporate them herein by reference.

62.    The defendants admit the allegations contained in paragraph 62 of the Second Amended Complaint.

63.    The defendants deny the allegations contained in paragraph 63 of the Second Amended Complaint.

64.    The defendants deny the allegations contained in paragraph 64 of the Second Amended Complaint.

## AS TO COUNT III

65.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 64 of the Second Amended Complaint and incorporate them herein by reference.

66.    The defendants deny the allegations contained in paragraph 66 of the Second Amended Complaint.

## AS TO COUNT IV

67.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 66 of the Second Amended Complaint and incorporate them herein by reference.

68.    The statements set forth in paragraph 68 of the Second Amended Complaint states a legal conclusion which does not require an answer.

69.    The defendants deny the allegations contained in paragraph 69 of the Second Amended Complaint.

70.    The defendants deny the allegations contained in paragraph 70 of the Second Amended Complaint.

71.    The defendants deny the allegations contained in paragraph 71 of the Second Amended Complaint.

## AS TO COUNT V

72.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 71 of the Second Amended Complaint and incorporate them herein by reference.

73.-76. The allegations set forth in paragraphs 73 through 76 are not directed towards either of these defendants and therefore do not require an answer.

398113

## AS TO COUNT VI

77.     The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 76 of the Second Amended Complaint and incorporate them herein by reference.

78.     The defendants deny the allegations contained in paragraph 78 of the Second Amended Complaint.

79.     The defendants deny the allegations contained in paragraph 79 of the Second Amended Complaint.

80.     The defendants deny the allegations contained in paragraph 80 of the Second Amended Complaint.

81.     The defendants deny the allegations contained in paragraph 81 of the Second Amended Complaint.

82.     The defendants deny the allegations contained in paragraph 82 of the Second Amended Complaint.

## AS TO COUNT VII

83.     The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 82 of the Second Amended Complaint and incorporate them herein by reference.

84.     The defendants deny the allegations contained in paragraph 84 of the Second Amended Complaint.

85.     The defendants deny the allegations contained in paragraph 85 of the Second Amended Complaint.

## AS TO COUNT VIII

86.     The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 85 of the Second Amended Complaint and incorporate them herein by reference.

87.     The defendants deny the allegations contained in paragraph 87 of the Second Amended Complaint.

88.     The defendants deny the allegations contained in paragraph 88 of the Second Amended Complaint.

## AS TO COUNT IX

89.     The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 88 of the Second Amended Complaint and incorporate them herein by reference.

90.     The defendants deny the allegations contained in paragraph 90 of the Second Amended Complaint.

91.     The defendants deny the allegations contained in paragraph 91 of the Second Amended Complaint.

92.     The defendants deny the allegations contained in paragraph 92 of the Second Amended Complaint.

## AS TO COUNT X

93.     The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 92 of the Second Amended Complaint and incorporate them herein by reference.

94.     The defendants admit the allegations contained in paragraph 94 of the Second Amended Complaint.

95.    The defendants deny the allegations contained in paragraph 95 of the Second Amended Complaint.

96.    The defendants deny the allegations contained in paragraph 96 of the Second Amended Complaint.

97.    The defendants deny the allegations contained in paragraph 97 of the Second Amended Complaint.

## AS TO COUNT XI

98.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 97 of the Second Amended Complaint and incorporate them herein by reference.

99.    The defendants admit the allegations contained in paragraph 99 of the Second Amended Complaint.

100.    The defendants deny the allegations contained in paragraph 100 of the Second Amended Complaint.

101.    The defendants deny the allegations contained in paragraph 101 of the Second Amended Complaint.

102.    The defendants deny the allegations contained in paragraph 102 of the Second Amended Complaint.

## AS TO COUNT XII

103.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 102 of the Second Amended Complaint and incorporate them herein by reference.

104.    The defendants deny the allegations contained in paragraph 104 of the Second Amended Complaint.

398113

105.    The defendants deny the allegations contained in paragraph 105 of the Second Amended Complaint.

106.    The defendants deny the allegations contained in paragraph 106 of the Second Amended Complaint.

## AS TO COUNT XIII

107.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 106 of the Second Amended Complaint and incorporate them herein by reference.

108.    The defendants deny the allegations contained in paragraph 108 of the Second Amended Complaint.

109.    The defendants deny the allegations contained in paragraph 109 of the Second Amended Complaint.

## AS TO COUNT XIV

110.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 109 of the Second Amended Complaint and incorporate them herein by reference.

111.    The defendants admit the allegations contained in paragraph 111 of the Second Amended Complaint.

112.    The defendants admit the allegations contained in paragraph 112 of the Second Amended Complaint.

113.    The defendants admit the allegations contained in paragraph 113 of the Second Amended Complaint.

114.    The defendants deny the allegations contained in paragraph 114 of the Second Amended Complaint.

398113

115.    The defendants deny the allegations contained in paragraph 115 of the Second Amended Complaint.

116.    The defendants deny the allegations contained in paragraph 116 of the Second Amended Complaint.

## AS TO COUNT XV

117.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 116 of the Second Amended Complaint and incorporate them herein by reference.

118.    The defendants deny the allegations contained in paragraph 118 of the Second Amended Complaint.

119.    The defendants deny the allegations contained in paragraph 119 of the Second Amended Complaint.

## AS TO COUNT XV1

120.    The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 119 of the Second Amended Complaint and incorporate them herein by reference.

121.    The defendants admit that they used, copied and reproduced the name "El Dialogo" in the Commonwealth of Massachusetts in connection with their publication and distribution of a newspaper.  The remaining allegations set forth in paragraph 121 are denied to the extent that they imply or suggest that the mark "El Dialogo" was the property of plaintiff Dialogo, LLC or that the defendants were required to obtain consent of plaintiff Dialogo, LLC before using the name "El Dialogo."

122.    The defendants deny the allegations contained in paragraph 122 of the Second Amended Complaint complaint.

123.    The defendants deny the allegations contained in paragraph 123 of the Second Amended Complaint.

124.    The defendants deny the allegations contained in paragraph 124 of the Second Amended Complaint.

125.    The defendants deny the allegations contained in paragraph 125 of the Second Amended Complaint.

126.    The defendants deny the allegations contained in paragraph 126 of the plaintiffs' complaint.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted against these defendants.

## THIRD DEFENSE

The plaintiffs are barred from any recovery by the doctrine of unclean hands.

## FOURTH DEFENSE

The plaintiff corporations are not registered to do business in the Commonwealth of Massachusetts and therefore have no legal capacity to sue.

## FIFTH DEFENSE

The plaintiff, Direct Merchants S.A., Inc., materially breached the Venture Agreement and Operating Agreement and Members Agreement, thereby excusing defendant, Lillian Santiago Bauza, from any further performance under those agreements.

## SIXTH DEFENSE

The plaintiffs are barred from any recovery by the doctrine of estoppel.

398113

## SEVENTH DEFENSE

The plaintiffs have no rights to the name or mark "El Dialogo" and are therefore barred from any recovery on their trademark claims.

WHEREFORE, the defendants, Lillian Santiago Bauza and El Dialogo, LLC, demand that judgment be entered in their favor on the Second Amended Complaint together with an award of costs, attorney's fees and whatever other relief the Court deems just and proper.

## COUNTERCLAIM OF PLAINTIFFS-IN-COUNTERCLAIM, LILLIAN SANTIAGO BAUZA AND EL DIALOGO, LLC, AGAINST DEFENDANT-IN-COUNTERCLAIM, DIRECT MERCHANTS S.A., INC., AND DIALOGO, LLC.

The plaintiffs-in-counterclaim, Lillian Santiago Bauza and El Dialogo, LLC, hereby state as follows for their counterclaim against defendant-in-counterclaim, Direct Merchants, S.A. Inc., and Dialogo, LLC.

## THE PARTIES

1.     The plaintiff-in-counterclaim, Lillian Santiago Bauza ("Ms. Santiago"), is an individual who resides in Holyoke, Hampden County, Massachusetts.

2.     The plaintiff-in counterclaim El Dialogo, LLC is a Massachusetts limited liability corporation with a principal place of business in Holyoke, Hampden County, Massachusetts.

3.     The defendant-in-counterclaim, Direct Merchant S.A., Inc. ("DMSA") is a New Jersey corporation with its principal place of business in Newfoundland, Pennsylvania.

4.     The defendant-in-counterclaim, Dialogo, LLC, is a Maine limited liability company with its principal place of business in Holyoke, Massachusetts.

5.     This counterclaim arises out of the same transactions and occurrences which are the subject matter of the Second Amended Complaint.

## FACTS

6.      In September, 2003, Ms. Santiago and her husband along with another couple formed a corporation known as the Dialogo Bilingue, Inc. a Massachusetts corporation  The purpose of the corporation was to produce a bilingual newspaper to serve the Latino community needs in the greater Holyoke area.

7.      The first issue of the newspaper published by Dialogo Bilingue, Inc. was published in June 2003.  It began as a monthly publication.  In February 2004, it became a bi-monthly publication.

8.      Dialogo Bilingue published the newspaper until approximately the middle of June 2004.  At that time, the other 50% shareholders decided to withdraw from the corporation.  In May of 2004, Ms. Santiago was forced to use her own personal funds to pay creditors to keep the paper running. She also attempted to obtain bank financing in the form of a line of credit in the amount of $25,000 to $50,000 which would permit the newspaper to continue being published.

9.      In late May, 2004, Ms. Santiago was approached by Gerry Pike of the DMSA who had had prior business dealings with Ms. Santiago's husband. At a meeting at a hotel in Connecticut on or about May 27th, 2004, Mr. Pike proposed to Ms. Santiago that DMSA provide Ms. Santiago with the financing that she was seeking.  More specifically, Mr. Pike proposed to Ms. Santiago the following:  (a) that DMSA would establish a capital account with "starting capital" of $50,000 from which to draw from as needed; (b) that Ms. Santiago would have exclusive control over the operation of the business editorial issues and employment issues and; (c) because of its financial investment, DMSA would have a 51% interest and the business and Ms. Santiago would have a 49% interest.

10.     Mr. Pike also insisted that Ms. Santiago devote her full-time energies to the newspaper and convinced her that she should resign her position as Director of Employee Assistance Programs at Holyoke Medical Center.

11.    In reliance on Mr. Pike's/DMSA's promises, Ms. Santiago did, in fact, resign her position as Director of Employee Assistance Programs at Holyoke Medical Center and on or about June 9, 2004, signed a Venture Agreement and an Operating Agreement and Members Agreement, copies of which are attached to the Second Amended Complaint as Exhibits 1 and 2.

12.    Although DMSA had promised to provide "starting capital" of $50,000 and the Operating Agreement and Members Agreement, so provided, neither Mr. Pike nor DMSA ever provided any starting capital for the business or established any capital account to draw upon, as had been promised by Mr. Pike and by DMSA in the Operating Agreement and Members Agreement.

13.    In addition, DMSA failed to pay the ongoing operating expenses of the newspaper and otherwise failed to provide financial and other support to Dialogo, LLC, which had been formed to operate the business of the newspaper.

14.    In November 2004, Ms. Santiago wrote to Mr. Pike and indicated that the joint venture was not working because DMSA was not living up to its terms and as a result, the newspaper was not able to pay its creditors or its employees despite the increase in circulation. Ms. Santiago also told Mr. Pike at this time that the newspaper could not continue to operate unless he immediately made the necessary contributions. She also suggested to Mr. Pike that the relationship should cease.

15.    From August 2004 through February of 2005, Ms. Santiago spoke or met with Mr. Pike eight to ten times to discuss the need for DMSA living up to its part of the Venture by supplying the promised $50,000 in" starting capital." Each and every time, Mr. Pike either ignored Ms. Santiago's requests or refused to respond. In early March of 2005, Ms. Santiago wrote to Mr. Pike and informed him that she had no alternative but to close the business effective immediately because of his/DMSA's lack of commitment to the organization and, its failure to

make financial contributions to the business, inconsistent communication on decision making, and lack of financial support which had made it impossible to continue the business without going into debt.

## COUNT I
## Breach of Contract

16.    The plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 14 of the counterclaim and incorporate them herein by reference

17.    DMSA breached the Operating Agreement and Members Agreement by failing to make a capital contribution of $50,000 to the capital of Dialogo, LLC, by failing to provide financial support for the ongoing operations of Dialogo, LLC and by otherwise failing to perform its obligations under the Agreement.

18.    As a direct and proximate result of DMSA's breach of contract, Ms. Santiago has suffered damages including, but not limited to, lost income, loss profits, loss of business, goodwill, and personal indebtedness.

## COUNT II
## Misrepresentation

19.    The plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 17 of the counterclaim and incorporate them herein by reference.

20.    Mr. Pike represented, on behalf of DMSA, that DMSA would establish a capital account and contribute $50,000 in "starting capital" to the joint venture from which to draw upon as needed.

21.    This representation was material to Ms. Santiago's decision to quit her job at Holyoke Medical Center and devote her full time and energies to the joint venture and enter into the Venture Agreement and Operating Agreement and Members Agreement with DMSA.

22.    DMSA knew that Ms. Santiago considered these representations to be material.

23.    DMSA knew or should have known when it made these representations to Ms. Santiago that DMSA had no intention of establishing a capital account or contributing $50,000 in "starting capital" or providing other necessary financial support to the joint venture.

24.    DMSA made these representations to induce Ms. Santiago to enter into the Venture Agreement and Operating Agreement and Members Agreement.

25.    Ms. Santiago reasonably relied upon these representations.

26.    As a direct and proximate result of DMSA's misrepresentations, Ms. Santiago has suffered damages including lost income, lost profits, loss of business, goodwill and personal indebtedness.

## COUNT III
### Violations of M.G.L. c. 93A

27.    The plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 25 of the counterclaim and incorporate them herein by reference.

28.    At all relevant times, Ms. Santiago and DMSA were involved in trade or commerce within the Commonwealth of Massachusetts.

29.    DMSA'a aforementioned conduct constitutes unfair and deceptive acts and practices in violation of M.G.L. c. 93A, § 11.

30.    DMSA's violations of M.G.L c. 93A, § 11 were knowing and willful.

31.    As a direct result of DMSA's violations of M.G.L. c. 93A, § 11, Ms. Santiago has suffered actual damages including, but not limited to, lost income, lost profits, loss of business, goodwill, and personal indebtedness.

WHEREFORE the plaintiff-in-counterclaim, Lillian Santiago Bauza demands judgment against the defendant-in-counterclaim, Direct Merchants S.A., Inc. to include the following relief:

398113

(a) Compensatory damages;

(b) two or three times her damages pursuant to M.G.L. c. 93A, § 11;

(c) reasonable attorney's fees and cost pursuant to M.G.L. c. 93A, § 11;

(d) interest; and

(e) whatever other relief that the Court deems just and proper.

## COUNT IV
### Declaratory Judgment

32.    The plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 30 of the counterclaim and incorporate them herein by reference.

33.    There exists an actual controversy over the use and ownership of the Mark "El Dialogo."

34.    Ms. Santiago used the marks "Dialogo" and "Dialogo Bilingue" in connection with the publication of a Spanish-English newspaper in Holyoke, Massachusetts prior to June 9, 2004.

35.    Ms. Santiago owned the marks "Dialogo" and "Dialogo Bilingue" prior to the execution of the Venture Agreement and the Operating Agreement and Members Agreement.

36.    Ms. Santiago never sold, assigned or transferred ownership of the marks "Dialogo" or "Dialogo Bilingue" to Dialogo, LLC.

37.    In early June 2004, Ms. Santiago purchased the domain name "El Dialogo" on her own, with her own funds and not on behalf of Dialogo, LLC.

38.    On March 11, 2005, Ms. Santiago, acting on behalf of her newly-formed corporation, El Dialogo, LLC, filed an Application for Registration of the trademark "El Dialogo" with the Commonwealth of Massachusetts. A Certificate of Registration was issued by the Commonwealth on March 21, 2005.

39.    Dialogo, LLC never purchased the domain name "El Dialogo."

40.    Dialogo, LLC did not file an Application for Registration of the trademark "El Dialogo" until April 18, 2005 and was not issued a Certificate of Registration until April 21, 2005.

41.    El Dialogo, LLC has the exclusive right to use the mark "El Dialogo" in the Commonwealth of Massachusetts in connection with a newspaper pursuant to MGL c. 110B, §4.

WHEREFORE, the plaintiff-in-counterclaim, El Dialogo, LLC, requests that the Court enter a judgment declaring that El Dialogo, LLC is the exclusive, rightful owner of the mark "El Dialogo" as used in connection with newspapers in the Commonwealth of Massachusetts pursuant to MGL c. 110B, §4 and that the Certificate of Registration issued to defendant-in-counterclaim, Dialogo, LLC be rendered null and void.

## DEMAND FOR JURY TRIAL

The plaintiffs-in-counterclaim, Lillian Santiago Bauza and El Dialogo, LLC, hereby demand a trial by jury on their Counterclaim against defendants-in-counterclaim, Direct Merchants S.A., Inc., and Dialogo, LLC, on all claims so triable.

THE DEFENDANTS AND PLAINTIFFS-
IN-COUNTERCLAIM LILLIAN
SANTIAGO BAUZA, AND EL DIALOGO,
LLC

By
Keith A. Minoff, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  551536