UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

| | |
|---|---|
| DIALOGO, LLC<br>    Plaintiff | )<br>)<br>) |
| and | ) |
| | ) |
| DIRECT MERCHANTS S.A., INC.<br>    Plaintiff/Defendant-in Counterclaim | )<br>)<br>) |
| vs. | )<br>) |
| LILLIAN SANTIAGO BAUZA and<br>EL DIALOGO, LLC,<br>    Defendants/Plaintiffs-in-Counterclaim | )<br>)<br>) |
| and | )<br>) |
| FRANCISCO JAVIER SOLE,<br>    Defendant | )<br>) |

## DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, LILLIAN SANTIAGO BAUZA'S, MOTION TO DISQUALIFY VERRILL DANA AS ATTORNEYS FOR PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM, DIALOGO, LLC.

Defendant and plaintiff-in-counterclaim, Lillian Santiago Bauza ("Ms. Santiago") hereby moves to disqualify the law firm of Verrill Dana from continuing to represent Plaintiff and defendant-in-counterclaim, Dialogo, LLC, in this action. In support of her motion, Ms. Santiago states as follows:

The plaintiff, Dialogo, LLC, is a Maine limited liability company which was formed in June, 2004 to operate a Spanish/English newspaper in Holyoke, Massachusetts. Dialogo, LLC has two members: plaintiff, Direct Merchants S.A., Inc. ("DMSA"), which holds a 51% ownership interest in the LLC, and Ms. Santiago, who holds a 49% ownership interest. Upon

398846

information and belief, the law firm of Verrill and Dana has an existing attorney-client relationship with DMSA, a New Jersey corporation which holds interests in numerous small businesses throughout the Northeast.

Verrill and Dana represented DMSA in negotiations with Ms. Santiago prior to the formation of Dialogo, LLC, drafted the Operating Agreement and Members Agreement on DMSA's behalf and filed Articles of Organization for the LLC with the State of Maine. In this litigation, Verrill and Dana has brought claims on behalf of both Dialogo, LLC and DMSA, its majority owner, against Ms. Santiago, a minority owner of Dialogo, LLC, and El Dialogo, LLC, a new company formed by Ms. Santiago in Massachusetts.

Verrill and Dana's dual representation of Dialogo, LLC and DMSA in this contested litigation presents an unwaivable conflict of interest which requires that it be disqualified from representing Dialogo, LLC. Under the Massachusetts Code of Professional Responsibility, SJC Rule 3:07 , Canon 5, DR 5-105(C), an attorney may properly undertake dual representation only "if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." *McCann v. Davis, Malm & D'Agostine*, 423 Mass. 558, 559, 669 N.E.2d 1077, 1078 (1996).

Verrill and Dana cannot adequately represent the interests of Dialogo LLC, while at the same time representing the interests of DMSA, a 51% owner, against Ms. Santiago, a 49% owner in this action. It is clear from the pleadings and affidavits filed thus far in this case that DMSA and Ms. Santiago differ markedly as to what course of action is in the best interest of the LLC. Ms. Santiago has taken the position that the LLC should cease operations due to DMSA's lack of promised financial support and failure to cooperate in decision making. DMSA, on the other

398846

hand, wishes to continue operations and prosecute these claims against Ms. Santiago on the LLC's behalf. Under these circumstances, it is difficult to conceive how Verrill Dana's representation of the LLC will not be tainted by its representation of DMSA to the detriment of Ms. Santiago. Ms. Santiago has, of course, never consented to Verrill Dana's dual representation of DMSA and the LLC.

In *Schaeffer v. Cohen, Rosenthal, Price, Merkin, Jennings & Bird, P.C.*, 405 Mass. 506 (1989), the SJC held that a law firm representing the conflicting interests of Paragon, a closely-held corporation, and Gross, a 50% shareholder, violated its fiduciary duties to Schaeffer, the other 50% shareholder. At trial, the jury found that the law firm, by undertaking and continuing to simultaneously represent both Gross and Paragon in a derivative action brought against them by Schaeffer, knew or should have known that such multiple employment would be likely to involve it in representing differing interests. In denying the defendant's motion for directed verdict, the trial judge concluded, correctly in the SJC's view, that the interests which Schaeffer sought to assert on behalf of Paragon in the derivative action against Gross and the interest of Gross were diverse and conflicting and that the jury was warranted "in finding that in undertaking and continuing the dual representation, the defendants failed to represent Paragon in accordance with good legal practice." 405 Mass. 506 at 511.

Verrill Dana maintains its principal office in Portland, Maine. One of the plaintiffs' attorneys, Seth Brewster, practices out of the Portland, Maine office. Dialogo, LLC is organized under the laws of the State of Maine. Ethical duties of lawyers in Maine are governed by the Maine Code of Professional Responsibility which is codified as Maine Bar Rule 3. Maine Bar Rule 3.4 governs the acceptance and continuation of employment. Rule 3.4 , sections (c) and (d) provide as follows:

398846

Case 3:05-cv-30076-MAP   Document 17   Filed 05/03/2005   Page 4 of 5

Page 4 of 4

 **(c) Multiple Employment Forbidden.** A lawyer shall not continue multiple employment if the exercise of his independent professional judgment and behalf of a client will be, or is likely to be, adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted by subdivision d of this rule.

 **(d) Multiple Employment Permitted.** A lawyer may represent multiple clients if it is obvious that he can adequately represent the interests of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each.

Maine Bar Rule 3.4 (c) and (d).

 In the bankruptcy case of *In re: Freedom Solar Center, Inc. v. Frasier,* 776 F.2d 14 (1st Cir. 1985), the U.S. Court of Appeals for the First Circuit held that debtor's counsel could not also represent debtor's sole shareholder, who was attempting to purchase some of the debtor's assets that might be liable for preferential transfers. The Court cited the Maine rule above and stated that "a *prima facie* case for disqualification is made out if the moving party shows that an attorney is representing (a) multiple clients with (b) differing interests and (c) absent full disclosure and consent." The District Court had found that although all three elements were satisfied, there was no need for disqualification. The First Circuit reversed, noting that the Maine rule was aimed at preventing the lawyer from having to wear two possibly conflicting hats and was meant to avoid the possibility that the lawyer "will succumb to temptation and give tainted advice." 776 F.2d at 18. In reversing the District Court, the Court also noted that Rule 3.4(c) "is couched in mandatory language" and that "doubts should be resolved in favor of disqualification." 776 F. 2d at 17, citing *I.B.M. Corp. v. Levin,* 579 F.2d 271, 283 (3d. Cir. 1978). In reinstating the bankruptcy court's order disqualifying debtor's counsel, the Court also stated that "[a]lthough the adverse interests in this multiple representation situation may be characterized as slight, we hold that strict adherence to Rule 3.4 will further its policies and prevent conflicts from escalating." 776 F. 2d at 19.

398846

As a supervisor of attorney conduct, this Court has inherent authority to disqualify attorneys who appear before it. *Moss v. TACC International Corp.*, 776 F. Supp. 622 (D. Mass. 1991) *citing Kevlik v. Goldstein,* 724 F.2d 844, 847 (1st Cir. 1984). Here, for the reasons stated above, this Court should exercise its authority and disqualify the law firm of Verrill Dana from representing Dialogo, LLC in this action.

Respectfully submitted,

THE DEFENDANT/
PLAINTIFF-IN-COUNTERCLAIM
LILLIAN SANTIAGO BAUZA

By /s/
Nancy Frankel Pelletier, Esq.
Keith A. Minoff, Esq., both of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301 Fax (413) 785-4658
BBO No.: 551536

CERTIFICATE OF SERVICE

I, Keith A. Minoff, Esq., hereby certify that on this 3d day of MAY, 2005, I served a copy of the above upon the parties in the action by mailing upon the parties in the action by mailing, postage prepaid, to counsel, George P. Field, Esq. and Seth W. Brewster, Esq., Verrill Dana, LLP, One Boston Place, Suite 2330, Boston, MA 02108.

Subscribed under the penalties of perjury.

/s/
Keith A. Minoff, Esq.

398846