UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 MAY -5  P 3: 21

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| DIALOGO LLC, and<br>DIRECT MERCHANTS, S.A., INC.<br>　　　　　Plaintiffs<br>v<br><br>LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE<br><br>　　　　　Defendants | CIVIL ACTION NO. 05-30076MAP |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

### INTRODUCTION

1.    The Defendant Javier Sole can neither admit nor deny the allegation in

Paragraph 1 of the Amended Complaint as it is a legal conclusion with no facts

from which to either admit or deny.

### PARTIES

2.    The Defendant Javier Sole has insufficient information from which to admit or

deny the allegations in Paragraph 2 of the Amended Complaint.

3.    The Defendant Javier Sole has insufficient information from which to admit or

deny the allegations in Paragraph 3 of the Amended Complaint.

PAGE TWO

4.    The Defendant Javier Sole admits the allegations contained in Paragraph 4 of the Amended Complaint.

5.    The Defendant Javier Sole admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.    The Defendant Javier Sole admits the allegations contained in Paragraph 6 of the Amended Complaint.

## JURISDICTION and VENUE

7.    The Defendant Javier Sole can neither admit nor deny the allegation in Paragraph 7 of the Amended Complaint as it is a legal conclusion with no facts from which to either admit or deny.

8.    The Defendant Javier Sole can neither admit nor deny the allegation in Paragraph 8 of the Amended Complaint as it is a legal conclusion with no facts from which to either admit or deny.

## FACTS

9.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 9 of the Amended Complaint.

PAGE THREE

10.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 10 of the Amended Complaint.

11.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 11 of the Amended Complaint.

12.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 12 of the Amended Complaint.

13.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 13 of the Amended Complaint.

14.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 14 of the Amended Complaint.

15.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 15 of the Amended Complaint.

16.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 16 of the Amended Complaint.

PAGE FOUR

17.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 17 of the Amended Complaint.

18.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 18 of the Amended Complaint.

19.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 19 of the Amended Complaint.

20.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 20 of the Amended Complaint.

21.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 21 of the Amended Complaint.

22.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 22 of the Amended Complaint.

23.     The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 23 of the Amended Complaint.

PAGE FIVE

24.   The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 24 of the Amended Complaint.

25.   The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 25 of the Amended Complaint.

26.   The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 26 of the Amended Complaint.

27.   The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 27 of the Amended Complaint.

28.   The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 28 of the Amended Complaint.

29.   The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 29 of the Amended Complaint.

30.   The Defendant Javier Sole denies the allegations contained in Paragraph 30 of the Amended Complaint.

PAGE SIX

31.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 31 of the Amended Complaint.

32.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 32 of the Amended Complaint.

33.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 33 of the Amended Complaint.

34.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 34 of the Amended Complaint.

35.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 35 of the Amended Complaint.

36.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 36 of the Amended Complaint.

37.    The Defendant Javier Sole denies that he went to work for the company and for Ms. Santiago-Bauza's new business, and has insufficient information to admit or deny the remaining allegations contained in Paragraph 37 of the Amended Complaint.

PAGE SEVEN

38.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 38 of the Amended Complaint.

39.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 39 of the Amended Complaint.

40.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 40 of the Amended Complaint.

41.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 41 of the Amended Complaint.

42.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 42 of the Amended Complaint.

43.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 43 of the Amended Complaint.

44.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 44 of the Amended Complaint.

PAGE EIGHT

45.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 45 of the Amended Complaint.

## **LEGAL CLAIMS**

### COUNT I

(Violation of the Lanham, Act, 15 U.S.C. Section 1125(a))

46.    The Defendant Javier Sole reasserts and reanswers Paragraphs 1 through 45 or the Amended Complaint.

47.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 47 of the Amended Complaint.

48.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 48 of the Amended Complaint.

49.    The Defendant Javier Sole denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.    The Defendant Javier Sole denies the allegations contained in Paragraph 49 of the Amended Complaint.

PAGE NINE

51.    The Defendant Javier Sole denies the allegations contained in Paragraph 49 of the Amended Complaint.

52.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 52 of the Amended Complaint.

53.    The Defendant Javier Sole denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 54 of the Amended Complaint.

55.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 55 of the Amended Complaint.

56.    The Defendant Javier Sole denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 57 of the Amended Complaint.

PAGE TEN

58.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 58 of the Amended Complaint.

59.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 59 of the Amended Complaint.

COUNT II

(Violations of Massachusetts General Laws, Chapter 93A, Section 11)

60.    The Defendant Javier Sole repeats and reasserts answers contained in Paragraphs 1 through 59 of the Amended Complaint.

61.    The Defendant Javier Sole denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.    The Defendant Javier Sole denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.    The Defendant Javier Sole denies the allegations contained in Paragraph 63 of the Amended Complaint.

COUNT III

(Common Law Trademark Infringement and Unfair Competition)

64.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 59 of the Amended Complaint.

PAGE ELEVEN

65.    The Defendant Javier Sole denies the allegations contained in Paragraph 65 of the Amended Complaint.

## COUNT IV

(Breach of Contract-Santiago Bauza)

66.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 59 of the Amended Complaint.

67.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 67 of the Amended Complaint.

68.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 68 of the Amended Complaint.

69.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 69 of the Amended Complaint.

70.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 70 of the Amended Complaint.

## COUNT V

(Breach of Contract – Sole)

71.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

PAGE TWELVE

72.    The Defendant Javier Sole denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.    The Defendant Javier Sole denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.    The Defendant Javier Sole denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.    The Defendant Javier Sole denies the allegations contained in Paragraph 75 of the Amended Complaint.

## COUNT VI

(Misappropriation of Trade Secrets-Damages)

76.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

77.    The Defendant Javier Sole denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.    The Defendant Javier Sole denies the allegations contained in Paragraph 78 of the Amended Complaint.

## PAGE THIRTEEN

79.    The Defendant Javier Sole denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.    The Defendant Javier Sole denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.    The Defendant Javier Sole denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

83.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 83 of the Amended Complaint.

84.    The Defendant Javier Sole denies the allegations contained in 84 of the Amended Complaint.

### COUNT VIII

### (Conversion)

85.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

PAGE FOURTEEN

86.    The Defendant Javier Sole denies the allegations contained in 86 of the Amended Complaint.

87.    The Defendant Javier Sole denies the allegations contained in 87 of the Amended Complaint.

<u>COUNT IX</u>

(Breach of Fiduciary Duties)

88.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

89.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 89 of the Amended Complaint.

90.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 90 of the Amended Complaint.

91.    The Defendant Javier Sole denies the allegations contained in 91 of the Amended Complaint.

PAGE FIFTEEN

## COUNT X

(Tortious Interference with Contractual Relations-Santiago Bauza)

92.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1
through 45 of the Amended Complaint.

93.    The Defendant Javier Sole denies the allegations contained in 93 of the
Amended Complaint.

94.    The Defendant Javier Sole denies the allegations contained in 94 of the
Amended Complaint.

95.    The Defendant Javier Sole denies the allegations contained in 95 of the
Amended Complaint.

96.    The Defendant Javier Sole denies the allegations contained in 96 of the
Amended Complaint.

PAGE SIXTEEN

## COUNT XI

### (Tortious Interference with Contractual Relations-Sole)

97.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

98.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 98 of the Amended Complaint.

99.    The Defendant Javier Sole denies the allegations contained in 99 of the Amended Complaint.

100.    The Defendant Javier Sole denies the allegations contained in 100 of the Amended Complaint.

101.    The Defendant Javier Sole denies the allegations contained in 101 of the Amended Complaint.

## COUNT XII

### (Unjust Enrichment)

102.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 45 of the Amended Complaint.

PAGE SEVENTEEN

103.  The Defendant Javier Sole denies the allegations contained in 103 of the
      Amended Complaint.

104.  The Defendant Javier Sole denies the allegations contained in 104 of the
      Amended Complaint.

105.  The Defendant Javier Sole denies the allegations contained in 105 of the
      Amended Complaint.

## COUNT XIII

### (Constructive Trust)

106.  The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1
      through 45 of the Amended Complaint

107.  The Defendant Javier Sole denies the allegations contained in 105 of the
      Amended Complaint.

108.  The Defendant Javier Sole denies the allegations contained in 105 of the
      Amended Complaint.

## COUNT XIV

### (Declaratory Judgment)

109.  The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1
      through 108 of the Amended Complaint.

## PAGE EIGHTEEN

110.  The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 110 of the Amended Complaint.

111.  The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 111 of the Amended Complaint.

112.  The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 112 of the Amended Complaint.

113.  The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 113 of the Amended Complaint.

114.  The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 114 of the Amended Complaint.

115.  The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 115 of the Amended Complaint.

PAGE NINETEEN

## COUNT XV

(Violation of Mass. Gen. Laws c. 110B Section 10)

116.    The Defendant Javier Sole repeats and reasserts the answers to Paragraph 1 through 115 of the Amended Complaint.

117.    The Defendant Javier Sole has insufficient information from which to admit or deny the allegations in Paragraph 117 of the Amended Complaint.

118.    The Defendant Javier Sole denies the allegations contained in Paragraph 118 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1.    The Plaintiff's have failed to state a claim upon which relief may be granted.

2.    If any contract existed between the Plaintiff and the Defendant Javier Sole it was breached by the Plaintiff's and any damages that the Plaintiff's may claim are a direct result of its own breach.

3.    The Plaintiff's come before the Court with unclean hands and should not be entitled to any equitable relief.

PAGE TWENTY

4.     If any contract existed between the Plaintiff and the Defendant Javier Sole, it was

       as a result of misrepresentations made by the Plaintiffs, which induced the

       Defendant Javier Sole to provide services for the Plaintiffs.

5.     The claims of the Plaintiff's are totally without merit and are or substantially

       frivolous, as defended under Rule 11 of the Federal Rules fo Civil Procedure,

       and for which the Defendant Javier Sole should be entitled to his costs and

       reasonable attorney's fees.

       Wherefore, the Complaint against the Defendant Javier Sole should be

dismissed.

## **COUNTERCLAIM**

1.     The Plaintiff in Counterclaim, Javier Sole, is a natural person residing in

       Southwick, Hampden County, Massachusetts.

2.     The Defendant in Counterclaim Dialogo, LLC, is a main limited liability company

       with a principal place of business in Holyoke, Hampden County, Massachusetts.

PAGE TWENTY-ONE

3.   The Defendant in Counterclaim Direct Merchants S.A., Inc.(DMSA), is a New Jersey Corporation with a principal place of business in New Foundland, Pennsylvania.

## **BREACH OF CONTRACT**

4.   On or about January 6, 2005 the Plaintiff in Counterclaim met with Lillian Santiago-Bauza and Gerry Pike for the purposes of determining whether or not the Plaintiff in Counterclaim was qualified to provide services to the newspaper known as El Dialogo.

5.   At the meeting, on or about January 6, 2005, the Plaintiff in Counterclaim indicated to Lillian Santiago-Bauza and Gerry Pike that his expertise was in the area of marketing and that he would evaluate the papers current situation and offer recommendations and procedures to change the logistics of the paper and expand and organize it in ways that would best benefit the newspaper.

6.   As a result of that meeting, Mr. Pike indicated to the Plaintiff in Counterclaim that he wanted a marketing department for the El Dialogo newspaper.  Mr. Pike further represented to Mr. Sole that he wanted a marketing expert to "grow the paper".

PAGE TWENTY-TWO

7.    A discussion as to the compensation for the Plaintiff in Counterclaim was
      discussed in that meeting.

8.    The discussions with respect to compensation to the Plaintiff in Counterclaim
      centered on whether or not he would be paid as an employee, or independent
      contractor.

9.    At said meeting it was determined that Mr. Sole would be paid $2,000.00 per
      month.

10.   Mr. Sole indicated that because this job was being offered to him with
      remuneration of only $2,000.00 per month, he could only do so on the basis of
      being an independent contractor.

11.   At said meeting Mr. Pike represented that, " I will pay you $2,000.00 a month
      through my company in New Jersey, and Lillian Santiago-Bauza, through the
      newspaper will pay you the commission basis of your compensation.

12.   At said meeting Lillian Santago-Bauza represented to both Mr. Sole and to Mr.
      Pike that the newspaper was not generating sufficient income to pay Mr. Sole
      either wages or commissions.

PAGE TWENTY-THREE

13.    Mr. Pike, Ms. Santiago and Mr. Sole, finally agreed upon a formula that would be

       part consultant fee and part commissions, with the consultant fees to be paid by

       Mr. Pike's firm DMSA, Inc.

14.    The Plaintiff in Counterclaim commenced working for the newspaper on or about

       January 17, 2005.

15.    By the end of January 2005 the Plaintiff in Counterclaim had not received any

       compensation and he telephoned Mr. Pike about this.  Mr. Pike responded that

       the Plaintiff in Counterclaim would need to fill out certain forms that he would

       send immediately.

16.    The Plaintiff in Counterclaim telephoned Mr. Pike and indicated to him once

       again that he would not be an employee.  Mr. Pike responded by stating the he

       wanted Mr. Sole to be an employee of his New Jersey corporation and that would

       be the basis for his payment.

17.    Several communications up to this point did not resolve the differences of the

       parties.

PAGE TWENTY-FOUR

18.    Sometime late in February Mr. Pike, in a conversation with the Plaintiff in

    Counterclaim, told him that he would be paid only if he signed an employee

    contract and non-disclosure agreement.


19.    When no compensation for the work completed by Mr. Sole was received, the

    Plaintiff in Counterclaim tendered his resignation on or about February 28, 2005.


20.    At the time that the Plaintiff in Counterclaim tendered his resignation he was

    owed $3,000.00 for the services he had provided.


## FRAUDULENT MISREPRESENTATION

1.    The Plaintiff in Counterclaim repeats and reasserts Paragraph 1 through 21 of

    the Counterclaim.


2.    As a result of the misrepresentation of Direct Merchants S.A., Inc. the Plaintiff in

    counterclaim has suffered damages.


    Wherefore as the Plaintiff in Counterclaim demands Judgment against Dialogo,

LLC and Direct Merchants S.A., Inc.

PAGE TWENTY FIVE

DATED:      May 5, 2005                The Plaintiff in Counterclaim, by his Attorney

ARNOLD GREENHUT, ESQ.
BBO #210150
Rosen, Greenhut, Catuogno & Low
244 Bridge Street
Springfield, MA 01103
Telephone:  (413) 785-1504

## CERTIFICATE OF SERVICE

I, ARNOLD GREENHUT, ESQ., hereby certify that on the 4th day of May, 2005 I caused a copy of the foregoing , ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM to be served on the parties to the case by mailing a copy first class mail, postage prepaid to:

Keith A. Minoff, Esq.
Robinson & Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115


Nancy Pelletier, Esq.
Robinson & Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115


George Field, Esq.
Verrill Dana, LLP
One Boston Place, Suite 2330
Boston, MA 02108

Seth W. Brewster, Esq.
Verrill Dana, LLP
One Boston Place, Suite 2330
Boston, MA 02108

_____
ARNOLD GREENHUT, ESQ.