UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIÁLOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIÁLOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br><br> Defendants. <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> DIALOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br><br> Counterclaim-Defendants. | CIVIL ACTION NO. 05-30076-MAP |

**PLAINTIFFS' PRELIMINARY INJUNCTION MOTION**

Plaintiffs Diálogo, LLC and Direct Merchants S.A., Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respectfully move for entry of a preliminary injunction against Defendants Santiago Bauza and El Dialogo, LLC under Prayers 1 through 7 of their Second Amended Complaint in this action.

As grounds, Plaintiffs state:

1) This action was filed on March 31, 2004 after Plaintiffs learned that Defendants had misappropriated their trademark, business assets, and business confidential and proprietary information, all in derogation of written agreements, and were publishing a newspaper and Internet analog called "El Dialogo": the very name under which Plaintiff DMSA and Defendant Lillian Santiago Bauza had done business through Plaintiff Dialogo, LLC.

2) In fact, the full extent of Defendants' misconduct was even worse and more brazen: Defendant Santiago Bauza had announced that she was "clos[ing] the business [of Dialogo, LLC] effective immediately" -- a step that she had no right to take -- and then surreptitiously moved the assets and operation literally down the hall, and held out herself and the Defendant El Dialogo, LLC as the same business, while publishing a renegade version of the identical publications, apparently with the co-operation of Defendant Sole.

3) This Court heard argument on April 6, 2005 on Plaintiffs' motion for temporary restraining order and denied relief, but held open the prospect that Plaintiffs could apply for injunctive relief on a better-developed record.

4) Per this Court's April 8, 2005 scheduling order (as amended), the parties have conducted expedited discovery, and Plaintiffs have learned of the even greater extent of Defendants' misconduct. Moreover, the deposition testimony of Defendant Santiago Bauza calls into serious question the bona fides of her affidavit dated April 6, 2005, on which the Court relied at least in part in denying earlier injunctive relief.

5) Time is of the essence, and Plaintiffs require injunctive and related relief to avoid additional irreparable harm to their trademark and business interests, as Defendants continue to publish the false publications at least bi-weekly, and otherwise to interfere with and damage Plaintiffs' business interests and relationships.

6) For more detailed grounds supporting this Motion, Plaintiffs respectfully refer the Court to their Memorandum, the Second Affidavit of Gerry Pike, and their Proposed Findings of Fact in Support of Plaintiffs' Preliminary Injunction Motion, all filed herewith.

WHEREFORE, Plaintiffs Diálogo, LLC and Direct Merchants S. A., Inc. respectfully pray:

1. That Defendants be preliminarily and permanently enjoined from using the title and/or mark "**El Diálogo**" and any confusingly similar variation thereof, in connection with any publication including but not limited to print and on-line publications;

2. That Defendants be ordered to file with this Court and to serve upon Plaintiffs and their counsel, within thirty days of service of the permanent injunction requested herein, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

3. That Defendants Lillian Santiago Bauzá and her alter ego, El Diálogo LLC its officers, directors, employees, agents, attorneys, affiliates, predecessors and successors in interest, assigns, and all other persons or entities in active concert or participation with Defendants be preliminarily and permanently enjoined from disclosing to any person or entity, directly or indirectly, any proprietary information relating to the business of Diálogo, LLC (including all advertiser and subscription lists, advertiser and subscription prospects, marketing information and data, product information, strategic or technical information, financial information, supplier information, billing rates and advertiser provided information, documents and data) without the prior written consent of Diálogo, LLC by its majority owner, DMSA and from retaining, taking, receiving, concealing, assigning, transferring, leasing, pledging, copying or otherwise using or disposing of proprietary information or trade

secret provided by Diálogo, LLC to Defendants;

4. That Defendants Lillian Santiago Bauzá and her alter ego, El Diálogo LLC be ordered to file with this Court and to serve upon Plaintiffs and their counsel, within thirty days of service of the permanent injunction requested herein, a report in writing, under oath, setting forth in detail any and all proprietary information previously disclosed by either of both of them;

5. That Defendants be preliminarily and permanently enjoined from operating and/or working for any Spanish language newspapers or media (other than their obligations to Diálogo, LLC and the majority owner DMSA), including, but not limited to, publishing **El Diálogo** for the company El Diálogo, LLC or any other company (except Diálogo, LLC);

6. That Defendants be preliminarily and permanently enjoined from using, employing, or possessing the property, assets, equipment and goodwill of Diálogo, LLC and that Defendants be ordered to return all such property of Diálogo, LLC to the Company; and

7. That this Court grant such other and further relief as is just.

            DIÁLOGO, LLC and
            DIRECT MERCHANTS S.A., INC.

By their attorneys,

Dated: May 13, 2005        /s/ Seth W. Brewster
        George Field (BBO No. 164520)
        Seth W. Brewster (BBO No. 551248)
        Attorneys for Plaintiffs
        Verrill Dana, LLP
        One Boston Place
        Suite 2330
        Boston, MA 02108
        (617) 367-0929
        gfield@verrilldana.com
        sbrewster@verrilldana.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2005, I electronically filed Plaintiffs' Preliminary Injunction Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and hereby certify that there are no non-registered participants.

        /s/ Seth W. Brewster

P:\sbrewster\Dialogo\DMSA-PI Motion.doc