## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIÁLOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIÁLOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br><br> Defendants. <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> DIALOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br><br> Counterclaim-Defendants. | CIVIL ACTION NO. 05-30076-MAP |

### REPLY TO COUNTERCLAIM OF LILLIAN SANTIAGO BAUZA AND EL DIALOGO, LLC

Plaintiffs/Counterclaim Defendants Dialogo LLC ("Dialogo") and Direct Merchants, S.A. ("DMSA"), Inc. (collectively "Counterdefendants") answer Defendants/Counterclaim Plaintiffs Lillian Santiago Bauza and El Dialogo, LLC's (collectively "Counterclaimants") Counterclaim as follows:

<u>The Parties</u>

1. Counterdefendants admit the allegations contained in paragraph 1 of the Counterclaim.

2. Counterdefendants admit the allegations contained in paragraph 2 of the Counterclaim.

3. Counterdefendants admit the allegations contained in paragraph 3 of the Counterclaim.

4. Counterdefendants admit the allegations contained in paragraph 4 of the Counterclaim.

5. Counterdefendants admit the allegations contained in paragraph 5 of the Counterclaim.

<u>Facts</u>

6. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Counterclaim and, therefore, deny the same.

7. Counterdefendants are without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore deny the same.

8. Counterdefendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaim and, therefore, deny the same.

9. Counterdefendants admit only that the meeting occurred, but deny the remaining allegations contained in paragraph 9 of the Counterclaim.

10. Counterdefendants deny the allegations contained in paragraph 10 of the Counterclaim.

11. Counterdefendants are without sufficient knowledge about whether Ms. Santiago-Bauza resigned and therefore deny the same. Counterdefendants admit that Ms. Santiago-Bauza signed the Joint Venture Agreement, Operating Agreement and Member Agreement on or about June 9, but deny that this was in reliance upon any supposed "promises."

12. Counterdefendants deny the allegations contained in paragraph 12 of the Counterclaim.

13. Counterdefendants deny the allegations contained in paragraph 13 of the Counterclaim.

14. Counterdefendants deny the allegations contained in paragraph 14 of the Counterclaim.

15. Counterdefendants deny the allegations contained in paragraph 15 of the Counterclaim.

## COUNT I
### Breach of Contract

16. Counterdefendant DMSA repeats and realleges its answers to paragraph 1 through 15 of the Counterclaim as if set forth here in full.

17. Counterdefendant DMSA denies the allegations contained in paragraph 17 of the Counterclaim.

18. Counterdefendant DMSA denies the allegations contained in paragraph 18 of the Counterclaim.

## COUNT II
### Misrepresentation

19. Counterdefendant DMSA repeats and realleges its answers to paragraphs 1 through 18 of the Counterclaim as if set forth here in full.

20. Counterdefendant DMSA denies the allegations contained in paragraph 20 of the Counterclaim.

21. Counterdefendant DMSA denies the allegations contained in paragraph 21 of the Counterclaim.

22. Counterdefendant DMSA denies the allegations contained in paragraph 22 of the Counterclaim.

23. Counterdefendant DMSA denies the allegations contained in paragraph 23 of the Counterclaim.

24. Counterdefendant DMSA denies the allegations contained in paragraph 24 of Counterclaim.

25. Counterdefendant DMSA denies the allegations contained in paragraph 25 of the Counterclaim.

26. Counterdefendant DMSA denies the allegations contained in paragraph 26 of the Counterclaim.

## COUNT III
### Violations of M.G.L. c. 93A

27. Counterdefendant DMSA repeats and realleges its answers to paragraphs 1 through 26 of the Counterclaim as if set forth here in full.

28. Counterdefendant DMSA denies the allegations contained in paragraph 28 of the Counterclaim.

29. Counterdefendant DMSA denies the allegations contained in paragraph 29 of the Counterclaim.

30. Counterdefendant DMSA denies the allegations contained in paragraph 30 of the Counterclaim.

31. Counterdefendant DMSA denies the allegations contained in paragraph 31 of the Counterclaim.

COUNT IV
Declaratory Judgment

32. Counterdefendants repeat and reallege their answers to paragraphs 1 through 31 of the Counterclaim as if set forth here in full.

33. Counterdefendants admit the allegations contained in paragraph 33 of the Counterclaim.

34. Counterdefendants deny the allegations contained in paragraph 34 of the Counterclaim.

35. Counterdefendants deny the allegations contained in paragraph 35 of the Counterclaim.

36. Counterdefendants deny the allegations contained in paragraph 36 of the Counterclaim.

37. Counterdefendants deny the allegations contained in paragraph 37 of the Counterclaim.

38. Counterdefendants are without sufficient information to know whether or how Ms. Santiago-Bauza requested a registration or the authenticity of any purported registration and therefore deny the allegations in paragraph 38 of the Counterclaim.

39. Counterdefendants deny the allegations contained in paragraph 39 of the Counterclaim.

40. Counterdefendants admit the allegations contained in paragraph 40 of the Counterclaim.

41. Counterdefendants deny the allegations contained in paragraph 41 of the Counterclaim.

WHEREFORE, counterclaim defendants Dialogo LLC and Direct Merchants, S.A., Inc. request that the Court enter judgment in their favor and award such other fees and costs as this Court may deem just and proper.

## Affirmative Defenses

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaimants are barred from any recovery by the doctrine of unclean hands.

3. Counterclaimant Santiago-Bauza materially breached the Venture Agreement and Operating Agreement and Members Agreement, thereby excusing Counterdefendant DMSA from any further performance under those agreements.

4. Counterclaimants are barred from any recovery by the doctrine of estoppel.

5. Counterclaimants have no rights to the name or mark "El Dialogo" and are therefore barred from any declaratory relief.

6. Counterclaimant Santiago-Bauza failed to satisfy conditions precedent, including but not limited to, failure to consult Counterdefendant DMSA before incurring expenses.

7. Accord and satisfaction.

8. Waiver.

9. Failure to mitigate damages.

10. Counterclaimant's M.G.L. ch. 93A claim did not occur primarily and substantially within the Commonwealth of Massachusetts.

11. Counterclaimant's claims are barred by doctrine of illegality.

WHEREFORE, Counterclaim Defendants Dialogo LLC and Direct Merchants, S.A., Inc. request that the Court enter judgment in their favor and award such other fees and costs as this Court may deem just and proper.

DIÁLOGO, LLC and
DIRECT MERCHANTS S.A., INC.

By their attorneys,

Dated: May 23, 2005          /s/ Seth W. Brewster
George Field (BBO No. 164520)
Seth W. Brewster (BBO No. 551248)
Attorneys for Plaintiffs
Verrill Dana, LLP
One Boston Place
Suite 2330
Boston, MA  02108
(617) 367-0929
gfield@verrilldana.com
sbrewster@verrilldana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2005, I electronically filed Plaintiffs' Reply to Counterclaim of Lillian Santiago Bauza and El Dialogo, LLC using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and hereby certify that there are no non-registered participants.

/s/ Seth W. Brewster

P:\sbrewster\Dialogo\answer counterclaim bauza.doc