UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LILLIAN SANTIAGO BAUZÁ,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLÉ,<br><br>Defendants. | CIVIL ACTION NO. 05-30076-MAP |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To expedite the flow of discovery material, the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of all of the parties to this litigation, hereby ORDERED, ADJUDGED, and DECREED:

1.  <u>Non-disclosure of Confidential Documents</u>. Except with the prior written consent of the party or other person originally designating a document as confidential, or as hereinafter provided under this Order, no confidential document may be disclosed to any person.

A "confidential document" means any document which bears the legend "CONFIDENTIAL" to signify that it contains information that the party originally designating the document believes to be subject to protection under Federal Rule of Civil Procedure 26(c)(7).

2. <u>Permissible Disclosures</u>. Notwithstanding paragraph 1, *supra*, confidential documents may be disclosed to the parties to this action as of the date of this Order; counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; and to Court officials involved in this litigation (including court reporters, persons operating video reporting equipment at depositions, and any special master appointed by the Court). In addition, such documents may also be disclosed:

(a) to any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b) to persons noticed for deposition or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the Court a form containing a recital that the signatory has read and understands this Order; a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitutes contempt of Court; and a statement that the signatory consents to the exercise of personal jurisdiction by this Court. A copy of the form to be submitted in such a circumstance is attached as Exhibit A.

3. <u>Non-disclosure of Highly Confidential Documents</u>. Except with the prior written consent of the party or other person originally designating a document as highly confidential, or as hereinafter provided under this Order, no highly confidential document may be disclosed to any person:

A "highly confidential document" means any document which bears the legend "HIGHLY CONFIDENTIAL" to signify that it contains information that the party originally designating the document believes to be subject to protection under Federal Rule of Civil Procedure 26(c)(7).

4.  **Permissible Disclosures.** Notwithstanding paragraph 3, *supra*, highly confidential documents may be disclosed only to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to outside consultants or experts for the purpose of assisting counsel in the litigation and to Court officials involved in this litigation (including court reporters, persons operating video reporting equipment at depositions, and any special master appointed by the Court). In addition, such documents may also be disclosed to any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

5.  Unless otherwise specified, confidential and highly confidential documents and/or information are hereinafter collectively referred to as "confidential" documents and/or information.

6.  **Inspection and Copying of Documents.** If any party produces documents by making original documents available for inspection and copying, then at the time of inspection all such documents shall be deemed confidential within the meaning of this Order. Prior to the inspection of the original documents, the producing party must indicate, by reasonable means, documents to be designated as highly confidential. The inspecting party shall then designate the original documents for copying, and the producing party shall designate on the copies of those documents which the producing party deems to be confidential within the meaning of this Order. Any copies not designated as confidential or highly confidential shall not be deemed confidential within the meaning of this Order.

7. <u>Depositions</u>. Information disclosed or documents referred to at the deposition of any witness, including a party or one of its present or former officers, directors, employers, agents, or independent experts, may be designated by any party as confidential or highly confidential within the meaning of this Order, by indicating to the other parties which pages, or page, or portions of a page of a deposition transcript, and which documents contain such confidential information. The party wishing to designate such material as confidential or highly confidential must do so within twenty days after receipt of the deposition transcript. Until such time as that designation is made or the twenty days expire, the whole transcript and all documents referred to in the transcript shall be deemed confidential within the meaning of this Order.

8. <u>Use of Confidential Information</u>. All confidential discovery material and the information contained therein or derived therefrom may be used only for the purposes of this litigation and may not be used for any other purpose, including without limitation, any business, commercial, or competitive purpose. Without limiting the foregoing, no person covered by this Order may disclose confidential information of a party to any employee of that party, except to the person or persons representing the interest of said party in the context of this litigation. Any disclosure of any confidential information to an employee or agent of a party, with the exception of legal counsel and the person or persons representing the interests of any party in this litigation, is expressly prohibited.

9. <u>Confidential Information Must be Filed Under Seal</u>. Confidential and highly confidential materials covered by this Order which are used in connection with any motion, hearing, or other proceeding in this litigation shall be filed under seal and submitted to the Court *in camera*. The Clerk of the Court is directed to maintain under seal all documents,

pleadings, or transcripts of deposition testimony filed with the Court in this litigation that a party has designated, in whole or in part, as confidential or as containing confidential information.

10. <u>Declassification</u>. Any dispute as to the CONFIDENTIAL or HIGHLY CONFIDENTIAL nature of a document shall be treated as a "discovery dispute" in accordance with Federal Rule of Civil Procedure 26. After conferring in good faith to resolve a discovery dispute regarding the CONFIDENTIAL or HIGHLY CONFIDENTIAL nature of a document, and in the event no resolution has been reached, a party may apply to the Court for a ruling that a document (or category of documents) designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is not entitled to such status and protection. The party or other person that designated the document as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be given notice of the application and an opportunity to respond. To maintain CONFIDENTIAL or HIGHLY CONFIDENTIAL status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

11. <u>Return of Confidential Information</u>. Upon the resolution of the disputes between the parties, the receiving party shall return to the producing party all documents containing confidential information, or, if the parties agree, cause such documents to be destroyed. On request, a letter certifying such return or destruction shall be delivered by the receiving party to the producing party. All qualified persons who have been privy to the protected information shall, even after conclusion of the litigation, be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public.

12. <u>Modification of this Order</u>. Any party may seek to modify, expand, cancel, or supercede this Order by stipulation of the parties or by motion on notice.

13. <u>Non-Prejudicial Effect of this Order</u>. Nothing in this Order shall:

(a) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery under the Federal Rules of Civil Procedure;

(b) prejudice in any way the rights of a party to seek a Court determination of whether particular discovery material should be produced, or if produced, whether such material should be treated as confidential pursuant to the terms of this Order;

(c) prejudice in any way the rights of a party to apply to the Court for a further order relating to any confidential information; or

(d) prejudice the right of any party to contest the alleged relevancy or admissibility of the confidential information or documents sought.

13. <u>Joinder of Parties</u>. In the event additional persons or entities become parties to this litigation, they shall not have access to confidential information produced by or obtained from any other party to this litigation until the newly-joined party, by its counsel, has executed and filed with the Court a consent to comply with the terms of this Order.

14. <u>No Waiver</u>. The inadvertent, unintentional, or *in camera* disclosure of confidential documents or information shall not, under any circumstances, be deemed a waiver, in whole or in part, or any party's claim of confidentiality.

15. <u>Responsibility of Attorneys</u>. All counsel of record in this litigation and all members and employees of their respective firms will take all steps reasonably necessary to comply with this Order.

AGREED:

        DIÁLOGO, LLC and
        DIRECT MERCHANTS S.A., INC.

        By its attorneys,

Dated: May 3, 2005

        _____S.W.B._____
        George Field (BBO No. 164520)
        Seth W. Brewster (BBO No. 551248)
        VERRILL DANA, LLP
        One Boston Place, Suite 2330
        Boston, MA 02108
        (617) 367-0929
        gfield@verrilldana.com
        sbrewster@verrilldana.com

        LILLIAN SANTIAGO BAUZÁ, EL DIALOGO,
        LLC, S.A., INC.

        By their attorneys,

Dated: May 3rd, 2005

        _____
        Keith A. Minoff (BBO No. 551536)
        ROBINSON DONOVAN, P.C.
        1500 Main Street, Ste. 1600
        Springfield, MA 01115


IT IS SO ORDERED.

Dated: This 24th day of May, 2005.

        _____Michael A. Ponsor_____
        Judge, United States District Court

H:\DIRECT MERCHANTS - EL DIALOGO\DRAFTPROTECIVEORDER.DOC

ROBINSON DONOVAN, P.C.
05/03/2005 03:32 FAX 413 785 4̃

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIALOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br><br> Defendants. | CIVIL ACTION NO. 05-30076-MAP |

## EXHIBIT A TO CONFIDENTIALITY AND PROTECTIVE ORDER

The undersigned has read and understands the Confidentiality and Protective Order entered by the Court in the above captioned matter, understands that unauthorized disclosures of the stamped confidential documents constitutes contempt of Court; and consents to the exercise of personal jurisdiction by this Court.

This ___ day of _____, 2005      _____

-8-