UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIÁLOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>            Plaintiffs,<br><br>v.<br><br>LILLIAN SANTIAGO BAUZÁ,<br>EL DIÁLOGO, LLC, and<br>FRANCISCO JAVIER SOLÉ,<br><br>            Defendants.<br><br>LILLIAN SANTIAGO BAUZÁ,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLÉ,<br><br>            Counterclaim-Plaintiffs,<br><br>v.<br><br>DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>            Counterclaim-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-30076-MAP |

**PLAINTIFFS' REPLY TO COUNTERCLAIM OF DEFENDANT FRANCISCO JAVIER SOLE AND CROSSCLAIM AGAINST DEFENDANT LILLIAN SANTIAGO BAUZA**

Plaintiffs/Counterclaim-Defendants Dialogo, LLC and Direct Merchants, S.A., Inc. ("Counterclaim-Defendants") replies to Defendant/Counterclaim-Plaintiff Javier Sole's Counterclaim ("the Counterclaim") as follows:

1.     Counterclaim-Defendants admit the allegations contained in paragraph 1 of the Counterclaim.

2.	Counterclaim-Defendants admit the allegations contained in paragraph 2 of the Counterclaim, but Dialogo, LLC is a *Maine* limited liability company.

3.	Counterclaim-Defendants admit the allegations contained in paragraph 3 of the Counterclaim.

Breach of Contract

4.	Counterclaim-Defendants deny the allegations contained in paragraph 4 of the Counterclaim, except admit in January 2005, Francisco Javier Sole met with Lillian Santiago-Bauza and Gerry Pike for the purposes of determining whether or not Sole was qualified to provide services to Dialogo, LLC.

5.	Counterclaim-Defendants deny the allegations contained in paragraph 5 of the Counterclaim, except admit that there was a meeting in January 2005 to discuss employment with Dialogo, LLC.

6.	Counterclaim-Defendants deny the allegations contained in paragraph 6 of the Counterclaim.

7.	Counterclaim-Defendants admit the allegations contained in paragraph 7 of the Counterclaim.

8.	Counterclaim-Defendants deny the allegations contained in paragraph 8 of the Counterclaim, except admit that there were discussions about whether or not Sole was to be an employee and whether he would receive salary or commission.

9.	Counterclaim-Defendants admit that Mr. Sole's compensation was to be $2,000 per month as a full-time employee of Dialogo, LLC.

10.	Counterclaim-Defendants deny the allegations contained in paragraph 10 of the Counterclaim.

11. Counterclaim-Defendants deny the allegations contained in paragraph 11 of the Counterclaim.

12. Counterclaim-Defendants deny the allegations contained in paragraph 12 of the Counterclaim.

13. Counterclaim-Defendants deny the allegations contained in paragraph 13 of the Counterclaim.

14. Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaim and, therefore, deny the same.

15. Counterclaim-Defendants deny the allegations of paragraph 15 of the Counterclaim, except admit that there was a telephone conversation between Sole and Mr. Pike in January/February 2005.

16. Counterclaim-Defendants deny the allegations of paragraph 16 of the Counterclaim, except admit that various employment forms were sent to Sole.

17. Counterclaim-Defendants deny the allegations contained in paragraph 17 of the Counterclaim.

18. Counterclaim-Defendants deny the allegations contained in paragraph 18 of the Counterclaim.

19. Counterclaim-Defendants deny the allegations contained in paragraph 19 of the Counterclaim.

20. Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Counterclaim and, therefore, deny the same.

21. Counterclaim-Defendants deny the allegations contained in paragraph 21 of the Counterclaim.

### Fraudulent Misrepresentation

1. Counterclaim-Defendants deny the allegations contained in paragraph 1 of the Counterclaim.

2. Counterclaim-Defendants deny the allegations contained in paragraph 2 of the Counterclaim.

WHEREFORE, Counterclaim-Defendants Dialogo, LLC and Direct Merchants, S.A., Inc. request that the Court enter judgment in their favor and award such other fees, attorney fees, and costs as this Court may deem just and proper pursuant to the law of the Commonwealth of Massachusetts.

### **AFFIRMATIVE DEFENSES**

1. The Counterclaim is barred for failure to state a claim upon which relief can be granted.

2. The Counterclaim is barred for failure of consideration.

3. The Counterclaim is barred for failure to satisfy a condition on precedent.

4. The Counterclaim is barred by the doctrine of waiver.

5. The Counterclaim is barred by the doctrine of estoppel.

6. The Counterclaim is barred by accord and satisfaction.

7. The Counterclaim is barred by payment of any amounts owed.

8. The Counterclaim is barred by failure of consideration.

WHEREFORE, Counterclaim-Defendants Dialogo, LLC and Direct Merchants, S.A., Inc. request that the Court enter judgment in their favor and award such other fees, attorneys

fees, and costs as this Court may deem just and proper pursuant to the law of the Commonwealth of Massachusetts.

## CROSSCLAIM FOR INDEMNIFICATION

1. As the person responsible for the day-to-day operations of Dialogo, LLC, Lillian Santiago Bauza was required to negotiate and finalize the Sole employment contract on behalf of Dialogo, LLC.

2. As the person responsible for the day-to-day operations of Dialogo, LLC, Lillian Santiago Bauza was required to ensure Sole was an employee of Dialogo, LLC and that he signed a non-competition agreement.

3. As the person responsible for the day-to-day operations of Dialogo, LLC, Lillian Santiago Bauza was required to pay Sole out of the Dialogo, LLC funds.

4. Lillian Santiago Bauza breached her contractual obligations and fiduciary duty to Dialogo, LLC and Direct Merchants, S.A., by failing to complete these obligations.

5. To the extent that Counterclaim-Defendants are found liable to Sole, Lillian Santiago Bauza must indemnify Counterclaim-Defendants for all costs, including, but not limited to attorney fees.

                                                                DIALOGO, LLC and
                                                                DIRECT MERCHANTS S.A., INC.

                                                                By its attorneys,

Dated: May 25, 2005                     /s/ Seth W. Brewster
                                                               George Field (BBO No. 164520)
                                                               Seth W. Brewster (BBO No. 551248)
                                                               Attorneys for Plaintiffs

VERRILL DANA, LLP
One Boston Place
Suite 2330
Boston, MA  02108
(617) 367-0929
gfield@verrilldana.com
sbrewster@verrilldana.com

## CERTIFICATE OF SERVICE

     I hereby certify that on May 25, 2005, I electronically filed Plaintiffs' Reply to Counterclaim of Defendant Francisco Javier Sole and Crossclaim Against Defendant Lillian Santiago Bauza using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and hereby certify that there are no non-registered participants.

                                              /s/ Seth W. Brewster

P:\sbrewster\Dialogo\answer counterclaim sole.doc