UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

DIALOGO, LLC, ET AL, )
    Plaintiff and Defendant-in-Counterclaim )
)
vs. )
)
LILLIAN SANTIAGO-BAUZA, ET AL, )
    Defendants and Plaintiffs-in-Counterclaim )

### PRE-TRIAL MEMORANDUM OF DEFENDANTS/ PLAINTIFFS-IN-COUNTERCLAIM

The defendant/plaintiff-in-counterclaim, Francisco Sole, ('Sole') hereby submits this Pre-Trial Memorandum in accordance with Local Rule 16.5:

### I. STATEMENT OF THE EVIDENCE WHICH SOLE WILL PRESENT

Sole will present evidence through the testimony of witnesses that in January of 2005, he met with Gerry Pike, the principal of the Plaintiffs, to discuss his working for the newspaper known as Dialogo. Mr. Pike wanted to 'bring on board' an individual with marketing expertise, who could organize and expand the newspaper's growth. At that time, Sole was employed elsewhere. After discussions, Pike agreed to hire Sole. The issue of compensation was also addressed. Pike's position was that Sole would be part employee, part independent contractor. Sole wanted to be paid as an independent contractor; the income being offered was low, and he wanted to be able to offer his services to other companies. He did not want the restrictions that would be applied to an employee of the newspaper. Pike finally agreed that Sole's would be paid $2,000.00 a month as a consultant, and the rest of his compensation would be derived from commissions on advertising revenue generated by Dialogo. However, the Defendant Lillian Santiago Bauza made

274937

it clear to Pike and Sole that the Plaintiff Dialogo, LLC did not, at that time, have enough of an income stream to pay the monthly consulting fee. Pike represented to Sole that the consulting fee portion of his compensation would be guaranteed by his other company, the Plaintiff, DMSA. Based on these representations, Sole left his other employment and began work for the Plaintiffs on or about January 17, 2005. By the end of January, and despite several phone calls between Pike/DMSA and Sole, Sole had not received any form of compensation. Pike now took the position that Sole sign forms indicating that he was an exclusive employee of Dialogo/DMSA.. Sole refused, and when no compensation was paid, Sole tendered his resignation on February 28, 2005. Since that date, Sole has not been employed by any newspaper.

## II. UNCONTESTED FACTS

1. Sole and Plaintiffs admit the amount of the non-commission portion of Sole's compensation was to be $2,000.00. (Counterclaim, ¶9; Answer to Counterclaim, ¶9).

2. The Plaintiffs do not dispute that Sole commenced working for the Plaintiffs on or about January 17, 2005. (Counterclaim, ¶14; Answer to Counterclaim, ¶14).

3. The Plaintiffs admit attempting to have Sole sign 'employee' forms (Counterclaim, ¶16; Answer to Counterclaim ¶16.)

The Plaintiffs do not dispute that Sole tendered his resignation on February 28, 2005. (Counterclaim, ¶20; Answer to Counterclaim, ¶20).

## III. CONTESTED ISSUES OF FACT

1. Was Sole an employee of DMSA and Dialogo.

2. Did the parties execute an Employment Agreement and Non-Compete Agreement.

274937

### IV. JURISDICTIONAL QUESTIONS

None known.

### V. QUESTIONS RAISED BY PENDING MOTIONS

No motions are currently pending. Sole intends to file a Motion for Summary Judgment.

### VI. ISSUES OF LAW INCLUDING EVIDENTIARY QUESTIONS

It is Sole's position that whether he was an employee, consultant or independent contractor, he should have been compensated for the work he did for the Plaintiffs during his six-week tenure.

### VII. REQUESTED AMENDMENTS TO THE PLEADINGS

None.

### VIII. ADDITIONAL MATTERS TO AID IN DISPOSITION OF THE CASE

None known at this time.

### IX. PROBABLE LENGTH OF TRIAL

If Sole's Motion for Summary Judgment is denied, the trial will likely be two to three days.

### X. WITNESSES EXPECTED TO TESTIFY AT TRIAL

1. Francisco Sole, 28 Woodside Circle, Southwick, Massachusetts.

2. Lillian Santiago, c/o El Dialogo, Holyoke, Massachusetts.

3. Gerry Pike, c/o DMSA, Newfoundland, Penn. Springfield

These witnesses are expected to testify to all issues.

274937

**PROPOSED EXHIBITS TO BE OFFERED AT TRIAL BY SOLE**

None

THE DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM
NAIF SOLE and SOLE FAMILY LIMITED PARTNERSHIP

By_____
Arnold Greenhut, Esq.
Greenhut & Catuogno
1331 Main Street
Springfield, Massachusetts 01103
Phone (413) 785-1520 Fax (413) 781-4101
BBO No.: 210150

### CERTIFICATE OF SERVICE

I, Arnold Greenhut, Esq., hereby certify that on this 28thday of October, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to:

Keith A. Minoff, Esq.
Robinson & Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

George Field, Esq.
Verrill Dana, LLP
One Boston Place, Suite 2330
Boston, MA 02108

Seth W. Brewster, Esq.
Verrill Dana, LLP
One Boston Place, Suite 2330
Boston, MA 02108

Subscribed under the penalties of perjury.

_____
Arnold Greenhut, Esq.

274937