UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

| | |
|---|---|
| DIÁLOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br>     Plaintiffs <br><br> v. <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIÁLOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br>     Defendants <br><br> LILLIAN SANTIAGO BAUZÁ, <br> EL DIÁLOGO, LLC, and <br> FRANCISCO JAVIER SOLÉ, <br>     Plaintiffs in Counterclaim <br><br> v. <br><br> DIÁLOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br>     Defendants in Counterclaim | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM'S PRE-TRIAL MEMORANDUM

      The Defendants/Plaintiffs-in-Counterclaim, Lillian Santiago Bauza and El Dialogo, LLC, hereby submit this Pre-Trial Memorandum in accordance with Local Rule 16.5:

    I.    <u>Statement Of The Evidence Which Defendants/Plaintiffs-In-Counterclaim Will Present</u>

      In September, 2003, defendant, Lillian Santiago Bauza ("Ms. Santiago"), and her husband, Hector Bauza, along with another couple, formed a corporation known as Dialogo Bilingue, Inc., for the purpose of producing a bilingual newspaper to serve the Latino community's needs in the Greater Holyoke, Massachusetts area. The newspaper was produced

412568

under the name of Dialogo Bilingue. The first issue was published in June, 2003. It began as a monthly publication and, in February, 2004, it became a bi-monthly publication. Although the newspaper was called "Dialogo Bilingue," the word "Dialogo" was featured prominently in the banner, the masthead and at the bottom of each page, appearing in bold or larger type than the word "Bilingue." In April, 2003, Ms. Santiago, along with her partners, purchased the domain name "Dialogo." Dialogo Bilingue was published until approximately the middle of June, 2004. Throughout that time, the newspaper was commonly known in the community simply as "Dialogo" or "El Dialogo."

In June, 2004, after the other 50% shareholders had decided to withdraw from Dialogo Bilingue, Inc., Ms. Santiago was approached by Gerry Pike of the plaintiff, Direct Merchants S.A., Inc. ("DMSA"). Mr. Pike proposed that DMSA would provide the financing that Ms. Santiago needed to continue publishing her newspaper. Mr. Pike proposed to Ms. Santiago that DMSA would establish a capital account with a starting capital of $50,000 from which to draw from as needed, that Ms. Santiago would have exclusive control over the operation of the business, editorial issues and employment issues, and that, because of its financial investment, DMSA would have a 51% interest in the business and Ms. Santiago would have a 49% interest.

Shortly thereafter, DMSA and Ms. Santiago formed a joint venture, known as Dialogo, LLC. The parties executed a Venture Agreement and an Operating Agreement on or about June 9, 2004. Although the Venture Agreement stated that DMSA was to contribute the initial capital to launch the LLC "in an amount that DMSA deems appropriate," the Operating Agreement, which superseded the Venture Agreement, provided that DMSA would make a capital contribution of $50,000.00, consistent with Mr. Pike's earlier promise to Ms. Santiago. Ms. Santiago's only contribution to the LLC was a capital contribution of one dollar. She did not

412568

transfer or assign to the LLC any assets of her existing newspaper business including the "El Dialogo" name, advertiser lists or any other personal property or proprietary information.

On July 1, 2004, the first issue of "El Dialogo" was published. Aside from the slight name change, "El Dialogo" was identical to "Dialogo Bilingue" in all material respects, including the bilingual format, the layout of the paper, the content of the articles and the advertisements. Among its readership, "El Dialogo" came to be known simply as the new name and/or the continuation of the newspaper formally published by Ms. Santiago as "Dialogo Bilingue."

DMSA never provided the $50,000 in starting capital as promised. As a result, Ms. Santiago was unable to pay creditors or employees. In October, 2004, DMSA had ceased paying any salaries or rents for the newspaper's Holyoke offices. Although Mr. Pike claims that DMSA's capital contribution consisted of certain marketing information, this had never been discussed with Ms. Santiago and, if it had been, she never would have agreed that this was to be DMSA's capital contribution or that it had a value of $50,000. Mr. Pike also claims that DMSA had made over $40,000 in out-of-pocket payments for the benefit of the LLC and also contributed over $5,000 in management services. The actual out of pocket expenses paid by DMSA relating to "El Dialogo" totaled $18,618.73.

Dialogo, LLC never made any profits. In fact, it continually operated at a loss. By February, 2005, it was clear to Ms. Santiago that DMSA was not going to contribute additional funds for the newspaper. In fact, when Ms. Santiago had met with Mr. Pike in mid-January, 2005, he expressed no willingness to comply with his contractual obligations to the joint venture. When Ms. Santiago told him that their business relationship needed to come to an end and that

412568

one of them needed to buy the other out, Mr. Pike's response was "What do I want with a newspaper."

In early March, 2005, Ms. Santiago informed Mr. Pike by letter that it was impossible to continue the joint venture and that she was ceasing operations of the newspaper to avoid further debt. Ms. Santiago returned or made available to Mr. Pike all assets which DMSA had purchased for the newspaper.

In March, 2005, Ms. Santiago formed a new Massachusetts corporation known as El Dialogo, LLC. On March 21, 2005, she obtained a registered trademark for "El Dialogo" in the Commonwealth of Massachusetts. The plaintiff, Dialogo, LLC, did not obtain a registered trademark for "El Dialogo" from the Commonwealth of Massachusetts until April 21, 2005.

Both "El Dialogo" and its predecessor, "Dialogo Bilingue", have fulfilled an important role in the local Latino community by providing local news coverage in Spanish and in English, supporting local businesses, community agencies and other local resources, and responding to the needs of the Latino community in a way that the other local media had not been able to do.

When Mr. Pike met with Ms. Santiago in May, 2004 to discuss the new venture, he also insisted that she devote her full time and energies to the newspaper and convinced her that she should resign her position as Director of Employee Assistance Programs at Holyoke Medical Center, which she did in reliance on Mr. Pike's promises to provide financial support for the venture. Ms. Santiago earned an annual salary of $48,000 plus benefits at her previous job which she resigned based on Mr. Pike's misrepresentations. During the period that Ms. Santiago was engaged as a member of Dialogo, LLC, from July 1, 2004 through February 17, 2005 when she resigned, she suffered lost earnings in the amount of $30,000, plus benefits.

412568

The defendants/plaintiffs-in-counterclaim will also present evidence that DMSA acting through Gerry Pike perpetrated a similar scheme in connection with a joint venture, Perez Montalbetti Perez LLC., which it formed in November 2004 for the purpose of developing Spanish language and bilingual advertising, marketing and media. As in this case, DMSA promised its prospective partners that it would make a capital contribution to the newly formed LLC in the amount of $50,000, which it then never made.

## II.     Uncontested Facts

1.     Plaintiff Dialogo, LLC ("Dialogo, LLC or "the Company") is a Maine limited liability company with its principal place of business in Holyoke, Massachusetts.

2.     Plaintiff Direct Merchants S.A., Inc. ("DMSA") is a New Jersey corporation with its principal place of business in Newfoundland, Pennsylvania.

3.     Defendant Lillian Santiago Bauza is a person residing in Holyoke, Massachusetts.

4.     Defendant El Dialogo, LLC is a Massachusetts limited liability company with its principal place of business in Holyoke, Massachusetts.

5.     Defendant Francisco Javier Sole is a person residing in Southwick, Massachusetts.

6.     On June 9, 2004, Gerry Pike of DMSA and Lillian Santiago Bauza entered into a Venture Agreement and an Operating Agreement and Member's Agreement for a new company to be known as Dialogo, LL.

7.     On or about July 1, 2004, El Dialogo, LLC published and distributed the first issue of its bilingual newspaper, "El Dialogo".  It published numerous issues after that, on a bi-weekly basis, from July, 2004 until February, 2005.

8.     Before July 1, 2004, neither Ms. Santiago Bauza nor Dialogo Bilingue, Inc. had published a newspaper entitled "El Dialogo".

412568

9. From June 2003 through June 2004, Ms. Santiago and her partners in a predecessor company known as Dialogo Bilingue, Inc. had published and distributed a bilingual newspaper in the Holyoke area known as "Dialogo Bilingue."

10. In August, 2004, the Dialogo, LLC engaged the services of Ana Morales, a freelancer, for, among other things, the creation of a website for the newspaper, El Dialogo. The website, www.eldialogo.com, became operational on or about October 15, 2004.

11. Ms. Santiago Bauza, as the venture partner in charge of operations, handled the day-to-day matters of Dialogo, LLC.

12. In December, 2004, Ms. Santiago Bauza presented Mr. Pike with financial statements prepared by the accountant for Dialogo, LLC reflecting the financial performance of the company from July 1, 2004 through December 13, 2004.

13. At that time, Mr. Pike and Ms. Santiago Bauza discussed opening a bank line of credit for the LLC.

14. In January, 2005, Dialogo, LLC hired Francisco Sole as its Director of Advertising Sales.

15. On February 17, 2005, Ms. Santiago Bauza drafted a letter informing Mr. Pike that she was not going to continue as a member of the Dialogo, LLC.

16. Beginning March 1, 2005 and continuing bimonthly to the present, Ms. Santiago Bauza has published a newspaper titled "El Dialogo". The newspaper is virtually unchanged in appearance from the "El Dialogo" newspaper published by Dialogo, LLC.

17. On March 15, 2005, Ms. Santiago Bauza established a new Massachusetts limited liability company called El Dialogo, LLC (hereinafter "Newco").

412568

18.     The Certification of Organization of Newco states that, "[t]he specific nature of the business of the Limited Liability Company is to operate, run, and publish a newspaper and conduct any other lawful business, trade, purpose or activity, which the members may determine to be beneficial to the company."

19.     On or about March 21, 2005, Newco, through Ms. Santiago Bauza as president, applied to register the trademark "El Dialogo" in Massachusetts. The Commonwealth of Massachusetts approved Newco's application for the registration of the trademark ("El Dialogo") and issued a certificate of registration to Newco for that trademark.

20.     On or about April 21, 2005, the Commonwealth of Massachusetts approved Dialogo, LLC's application for the registration of the trademark ("El Dialogo") and issued a certificate of registration to Plaintiff Dialogo, LLC for that trademark.

### III.  Contested Issues Of Fact

1.     Whether Dialogo Bilingue, Inc. had already established its own right to the marks "Dialogo" and "El Dialogo" before Dialogo, LLC first published its own version of the newspaper on July 1, 2004.

2.     Whether Dialogo, LLC owns the trademark rights to "El Dialogo".

3.     Whether Dialogo, LLC acquired any trademark rights to "El Dialogo" from Ms. Santiago Bauza or Dialogo Bilingue, Inc.

4.     Whether Gerry Pike of DMSA promised Ms. Santiago Bauza that DMSA would contribute $50,000 in starting capital for the new venture.

5.     Whether DMSA made a capital contribution of $50,000 toward the new venture.

6.     Whether Mr. Pike insisted that Ms. Santiago Bauza devote her full energies to the new venture and quit her job when they met to discuss the new venture in May, 2004.

412568

7.  Whether Mr. Pike's statements and promises led Ms. Santiago Bauza to resign her job at Holyoke Medical Center in June, 2004.

8.  Whether DMSA performed its other obligations under the Operating Agreement to provide financial and other support for the operations of Dialogo, LLC.

9.  Whether and to what extent Ms. Santiago Bauza has been damaged as a result of DMSA's breach of contract.

10. Whether Dialogo, LLC operated at a profit or a loss from July 1, 2004 through December 13, 2004.

11. Whether Mr. Pike's representations to Ms. Santiago Bauza at their meeting in May 2004 that DMSA would contribute $50,000 in starting capital were false and were made by him to induce her to enter into the Venture Agreement and Operating Agreement for Dialogo, LLC and resign her job at Holyoke Medical Center.

12. Whether and to what extent Lillian Santiago Bauza has been damaged as a result of DMSA's misrepresentations.

13. Whether the defendants have misappropriated trade secrets or other property belonging to Dialogo, LLC. and, if so, the extent to which Dialogo, LLC has been damaged.

### IV.  Jurisdictional Questions

None.

### V.  Questions Raised By Pending Motions

None.

### VI.  Issues Of Law Including Evidentiary Questions

In addition to legal issues concerning breach of contract and misrepresentation, this case also presents additional legal issues concerning ownership and infringement of trademarks and

412568

trade secrets.  These issues have been previously briefed by the parties in connection with the Plaintiffs' Applications for Temporary Restraining order and Preliminary Injunction.

### VII.  Requested Amendments To The Pleadings

None.

### VIII.  Additional Matters To Aid In Disposition Of The Case

None.

### IX.  Probable Length Of Trial

This is a jury trial.  It is anticipated that the case will take three (3) to five (5) full days to try.

### X.  Witnesses Expected To Testify At Trial

The Defendants anticipate that they will be calling the following persons to testify at trial:

a. Lillian Santiago Bauza, 123 St. Kolbe Drive, Holyoke, MA- Will testify as to all issues

b. Hector Bauza, 123 St. Kolbe Drive, Holyoke, MA- Will testify to activities of "Dialogo Bilingue" and its prior use of the "El Dialogo" mark; meetings and conversations with Gerry Pike re:DMSA's promises to finance new company, etc.

c. Manuel Frau and Ingram Estrany-Frau, 221 Pondview Drive, Amherst, MA- Will testify to activities of "Dialogo Bilingue" and prior use and recognition of the "El Dialogo" mark in the Holyoke community.

d. Gerry Pike of DMSA- Will testify as to all issues

e. Jeff Kassis, Clinical Director, River Valley Counseling, 319 Beech Street, Holyoke, MA-Will testify to Lillian Santiago's employment at Holyoke Medical Center

f. Aura Gabriella Romero (Address unknown)-Will testify concerning her employment with Dialogo, LLC and its operations; Meetings and conversations with Gerry Pike; prior use and recognition of "El Dialogo" mark in the Holyoke community.

412568

g. Anna Morales- Will testify concerning her employment with Dialogo, LLC and its operations; Meetings and conversations with Gerry Pike; Prior use and recognition of "El Dialogo" mark in the Holyoke community.

h. Francisco J. Sole- Will testify concerning his employment with Dialogo, LLC and its operations; Meetings and conversations with Gerry Pike.

i. Andrew Morehouse, Director, Solutions Community Development Corporation, 254 Maple Street, Holyoke, MA- Prior use and recognition of "El Dialogo" mark in the Holyoke community.

j. Xenia Rosado-Merced, M.Ed., L.S.W., Community Outreach Manager, Holyoke Medical Center, Holyoke, MA - Prior use and recognition of "El Dialogo" mark in the Holyoke community.

k. Becky Michaels, Marketing Director, Holyoke Health Center, 217 High Street, Holyoke, MA - Prior use and recognition of "El Dialogo" mark in the Holyoke community.

l. John Aubin, Managing Member, Open Square LLC, 10 Open Square Way, Holyoke, MA - Prior use and recognition of "El Dialogo" mark in the Holyoke community.

m. Hope Jinishian, M.S.W., 121 Willow Street, Florence, MA- Prior use and recognition of "El Dialogo" mark in the Holyoke community.

n. Daniel Ross, Executive Director, Nuestras Raices, 329 Main Street, Holyoke, MA Prior use and recognition of "El Dialogo" mark in the Holyoke community.

o. James Lescault, Supervisor, Holyoke Even Start Family Literacy Program, 2019 Northampton Street, Holyoke, MA - Prior use and recognition of "El Dialogo" mark in the Holyoke community.

## XI.   Exhibits To Be Offered At Trial

Plaintiffs did not consult with Defendants about their proposed trial exhibits before filing their Pretrial Memorandum, which lists 180 proposed exhibits. The Defendants hereby reserve their right to object to any and all of these exhibits, to the extent they are not also listed below, on the grounds of relevancy, hearsay, lack of

412568

foundation, authenticity, and any other grounds for objection permitted under the Federal Rules of Evidence.

   The exhibits which Defendants intend to offer at trial are as follows:

a.   "Dialogo Bilingue" newspaper sample issues- June 2003 – May 2004;

b.   Documents relating to creation of "Dialogo Bilingue" e-mail account with username and domain name "Dialogo"- April 2003.

c.   Documents relating to registration of the domain name "El Dialogo." –June 2004

d.   "Venture Agreement" dated June 9, 2004;

e.   "Operating Agreement and Members Agreement", dated June 9, 2004;

f.   "El Dialogo" newspaper sample issues from June 1, 2004 – February 15, 2005;

g.   "El Dialogo" newspaper sample issues from March 1, 2005 to present;

h.   DMSA accounting of expenses paid by DMSA for Dialogo, LLC (January 1, 2004-January 27, 2005)

i.   Financial statements and bank statements for Dialogo, LLC reflecting financial performance from June 1, 2004 – March 31, 2005 including General Ledger, sales by issue; monthly bank statements from People's Bank; printouts of checking account transactions; insufficient funds notices from People's Bank; accounts payable lists; profit and loss detail; and aging summaries.

j.   Letter from Lillian Santiago-Bauza to Gerry Pike dated February 17, 2005;

k.   Application for registration of trademark for "El Dialogo" of El Dialogo, LLC to the Commonwealth of Massachusetts, dated March 11, 2005; and

l.   Certificate of Registration issued to El Dialogo, LLC by the Commonwealth for the trademark "El Dialogo," dated March 21, 2005.

412568

Defendants also reserve the right to offer any exhibits listed in Plaintiffs' Pretrial Memorandum.

        THE DEFENDANTS/
        PLAINTIFFS-IN-COUNTERCLAIM
        LILLIAN SANTIAGO BAUZÁ and
        EL DIÁLOGO, LLC


By   */s/ Keith A. Minoff, Esq.*
Keith A. Minoff, Esq., of
Robinson Donovan Madden & Barry, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301 Fax (413) 785-4658
BBO No.: 551536

412568