UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 NOV 29  P 1: 41

U.S. DISTRICT COURT
DISTRICT OF MASS

DIALOGO LLC, and )
DIRECT MERCHANTS, S.A., INC. )
          Plaintiffs )
)
v )        CIVIL ACTION NO. 05-30076MAP
)
LILLIAN SANTIAGO BAUZA, )
EL DIALOGO, LLC, and )
FRANCISCO JAVIER SOLE )
)
          Defendants )
)
)

## MOTION FOR SUMMARY JUDGMENT ON BEHALF OF THE DEFENDANT FRANCISCO JAVIER SOLE AS TO THE COMPLAINT AND COUNTERCLAIM

### FACTURAL BACKGROUND TO THE CASE

Sometime in the fall of 2004, the Plaintiffs decided they wanted to expand the newspaper known as Dialogo. At that time the newspaper needed someone familiar with marketing and advertising. Mr. Sole had those qualifications.

In January of 2005, Mr. Sole met with Gerry Pike, who is the principal of both of the Plaintiffs, to discuss what Mr. Sole would do for the newspaper and what his compensation would be for that work.

During these discussions, the role of Mr. Sole was decided upon quickly. However, the issue of Mr. Sole's status within the company was not so quickly agreed upon.

PAGE TWO

Mr. Sole was being asked to accept $2,000.00 a month as compensation. Mr. Sole did not want to be an employee of the Plaintiff. He asked that he be considered an independent consultant; this would allow him to provide similar services to other organizations, and increase his earning potential. It was agreed that Mr. Sole would be paid $2,000.00 a month, and that the rest of his compensation would be derived from commissions on advertising revenue generated by Dialogo, LLC. (see affidavit of Francisco Sole, ¶. 4,5)

When the Defendant Lillian Santiago informed Mr. Pike that the newspaper did not, at that time, have revenue to pay Mr. Sole a $2,000.00 a month consultant fee, Mr. Pike's response was that the consulting fee would be guaranteed by the other Plaintiff in this case, DMSA. (see affidavit of Francisco Sole, ¶. 6)

Based on those assurances, Mr. Sole began working for the Plaintiffs on or about January 17, 2005. (see affidavit of Francisco Sole, ¶. 7). Mr. Sole started work believing he was to be considered a consultant.

As of early February 2005, Mr. Sole had not received any compensation. Mr. Sole phoned Mr. Pike directly to discuss the issue. Mr. Pike explained to him that he had changed his mind about Soles' status as a consultant, and that he also wanted Mr. Sole to sign a Non-Compete Agreement  Mr. Sole refused. Mr. Pike thereafter refused

PAGE THREE

to compensate Mr. Sole, and on February 28, 2005, Mr. Sole tendered his resignation with Dialogo, LLC.  (see affidavit of Francisco Sole, ¶. 8)

Despite the contentions of the Plaintiffs, Mr. Sole never went to work for the newspaper entity El Dialogo LLC, (which the Plaintiffs refer to in their complaint as 'Newco'), and has in fact been employed by Bauza & Associates, LLC, in the role of performing duties related to marketing strategy. (see affidavit of Francisco Sole, ¶. 9)

## UNCONTESTED MATERIAL FACTS

1. Sole and Plaintiffs admit the amount of the non-commission portion of Sole's compensation was to be $2,000.00. (Counterclaim, ¶9; Answer to Counterclaim, ¶9).

2. The Plaintiffs do not dispute that Sole commenced working for the Plaintiffs on or about January 17, 2005.  (Counterclaim, ¶14; Answer to Counterclaim, ¶14).

3. The  Plaintiffs  admit  attempting  to  have  Sole  sign  'employee'  forms (Counterclaim, ¶16; Answer to Counterclaim ¶16.)

4. The Plaintiffs do not dispute that Sole tendered his resignation on February 28, 2005. (Counterclaim, ¶20; Answer to Counterclaim, ¶20).

5. Sole did the work for which he was hired by the Plaintiffs during his six week tenure.

6. Sole was never paid by the Plaintiffs for his work during his six week tenure with the Plaintiffs.

PAGE FOUR

## PROCEDURAL HISTORY

The Plaintiffs have alleged five theories of recovery against Sole in their *unverified* Complaint: (a) breach of contract (Count V), (b) misappropriation of Trade Secrets, (c) conversion, (d) tortuous interference with contractual relations and, (e) unjust enrichment.

The allegations under Count V include the assertions that Sole was (a) subject to a written contract and Non-Compete Agreement, (b) that the Plaintiffs performed all of their contractual obligations, and (c) that Sole worked for 'Newco'.

Despite the disclosures required under F.R.C.P. Rule 26(a)(1), the Plaintiffs did not provide any documents to counsel that would support their case against Sole. No signed Employment/Non-Compete Agreements; no endorsed checks showing they compensated Sole. Nothing. The Plaintiffs did not offer any disclosures under F.R.C.P. Rule 26(a)(1) with respect to the other Counts of the complaint either. In addition, Plaintiffs failed to comply with F.R.C.P. Rule 26 (a)(3). They did not provide Sole's counsel with list of witnesses, exhibits, or other required disclosures.

PAGE FIVE

## **ARGUMENT**

A. Standard for Summary Judgment

Summary Judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commission of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); The burden on the moving party may be discharged by showing that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v Catrett 106 S. Ct. 2548,2552 (1986). A failure of proof of an essential element of the non-moving party's case renders all other facts immaterial, Celotex, p.2552. Once the moving party meets this burden, the burden then shifts to the non-moving party to show with *admissible* (emphasis added) evidence, the existence of a dispute as to a material fact. Kourouvacillis v General Motors Corp. 575 NE2d 734,738 (Mass.) (1991) The opposing party must do more than simply rest on its pleadings and mere assertions of disputed fact in order to defeat a motion for summary judgment. LaLonde v. Eissener, 405 Mass. 207, 209 (1989).

It is interesting to note that despite the somewhat outrageous unsubstantiated allegations against Sole contained in the Plaintiffs' Complaint, there is barely a mention of Sole in the Plaintiffs' Pre-Trial Memorandum; The reason is simple. The Plaintiffs simply do not have, and have been unable to demonstrate any of the elements necessary to sustain the causes of action alleged against Mr. Sole in this matter.

PAGE SIX

B.     The Contract Counts


The Plaintiffs have argued that Mr. Sole is bound by a written Employee and Non-compete Agreement. The Plaintiffs have never produced an executed version of either document. On the other hand, even if there were such a document, the Plaintiffs do not have a legal basis for their claim of breach of contract for the following non-disputed reasons:


1. Sole worked for Dialogo, LLC for six (6) weeks and was never paid. (Answer to Counterclaim ¶. 14, Affidavit of Sole ¶. 6,7); With or without a written contract, the Plaintiffs' breach (non-payment of consulting fees or wages) relieves Sole from any obligations he may have had to Dialogo, LLC. Where a party deliberately fails to perform any part of [its] obligations, that party is precluded from recovering under the contract. Ficara v Billeau 117 NE2d 287 (Mass.,1954).


2. After Sole resigned, Dialogo, LLC ceased operations. Whether the closing of the newspaper by Santiago was justified or not, the cessation of the business would certainly terminate any contractual obligations Sole may have had to the Plaintiffs.


3.The purported Non-Compete Agreement is irrelevant given the fact that Sole did not go to work for 'Newco', or for any newspaper. Plaintiffs failure to pay Sole, and then insisting that he sign a Non-Compete agreement before he would get paid, could be

PAGE SEVEN


considered a 'constructive discharge', not only entitling Sole to resign, but also enabling

him to make claim for unpaid compensation. <u>GTE Products Corp. v Stewart</u> 653 NE2d

161 (Mass, 1995), <u>Ward v American Mutual Liability Ins. Co.</u> 443 NE2d 1342,1344

(Mass. 1983). The fact that Pike unilaterally changed or modified the employment

relationship, gave Sole the right to terminate his employment. <u>Lantor Inc. v Ellis</u>  9

Mass. L. Rptr. 221 (1998), citing <u>Ward v American Mutual Liability Ins. Co.</u> 443 NE2d

1342,1343 (Mass. 1983)


    The fact of the matter is that Mr. Sole performed his terms of the contract. He

went to work, attempted to improve the organization of the newspaper and discussed

marketing strategies to improve the advertising of the newspaper. (Affidavit of Sole, ¶. 7

and Answer to Counterclaim ¶.2)  The Plaintiffs' breach of the contract (whether written

or verbal) by refusing to compensate him, and the closing of the newspaper, fully

excuses Mr. Sole from having to work any further for the Plaintiffs. A material breach of

an agreement occurs when there is a breach of an essential and inducing feature of the

contract, and it excuses the non-breaching party from further performance under the

contract, and it may bar the breaching party to recover any setoffs against the non-

breaching party. <u>Ward v American Mutual Liability Ins. Co.</u>, supra,  <u>Aerostatic Engr.</u>

<u>Corp. v Szczawinski</u> 294 NE2d 521 (Mass. 1973)<u>.</u>

PAGE EIGHT

C.    The Remaining Counts

The same holds true on the other Counts of the Complaint leveled at Sole. What we have is an unverified complaint with the unsubstantiated conclusions of counsel. Sole's affidavit rebuts these claims of the Plaintiffs. The Plaintiffs have yet to disclose a single piece of evidence that would support any of the remaining Counts of the Complaint. The Plaintiffs do not even address these issues in their pre-trial memorandum.

As his affidavit makes clear, Mr. Sole never managed Dialogo, LLC; he was not an officer, director or had any ownership interest in Dialogo, LLC; and lastly, Mr. Sole had nothing to do with *any* newspaper subsequent to his resignation from Dialogo, LLC on February 28, 2005.

The question to be raised here is why is Mr. Sole a Defendant in this case? He was a short-term employee/consultant for a newspaper he had no ownership interest in; where he did the work he was suppose to do, and was never paid for that work. What "reasonable inquiry" was made before these claims were filed against Sole? Where is the evidentiary support to maintain the allegations and factual contentions found in the complaint? The Plaintiffs did not conduct any discovery whatsoever to support their allegations against Sole. They did not disclose a single document or name of a witness that would aid or support their position against Sole. It is the contention of the

PAGE NINE

Defendant Sole that not even the minimum standard required under <u>Rule 11 of the Federal Rules of Civil Procedure</u> was applied to the filing of this action against Mr. Sole.

Finally, rather than Mr. Sole having committed a breach of contract, it is the Plaintiffs' undisputed breach of their contract with Sole, (as demonstrated and supported herein) that gives rise to the Defendant Sole being entitled to summary judgment on his counterclaim.

Wherefore, the Defendant Sole respectfully requests that pursuant to <u>Rule 56 of the Federal Rules of Civil Procedure</u>, he be granted summary judgment on the complaint and on his counterclaim against the Plaintiffs.

DATED:     November 29, 2005

The Defendant Francisco Javier Sole,
by his Attorney

ARNOLD GREENHUT, ESQ.
BBO #210150
Greenhut & Catuogno
1331 Main Street
Springfield, MA 01103
Telephone: (413) 785-1520

PAGE 10

## **CERTIFICATE OF SERVICE**

I, ARNOLD GREENHUT, ESQ., hereby certify that on the 29th day of November, 2005, I caused a copy of the foregoing, Motion for Summary Judgment to be served on the parties to the case via facsimile and by mailing a copy first class mail, postage prepaid to:

Keith A. Minoff, Esq.
Robinson & Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

Nancy Pelletier, Esq.
Robinson & Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

George Field, Esq.
Verrill Dana, LLP
One Boston Place, Suite 2330
Boston, MA 02108

Seth W. Brewster, Esq.
Verrill Dana, LLP
One Boston Place, Suite 2330
Boston, MA 02108

ARNOLD GREENHUT, ESQ.