UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIALOGO LLC, and )
DIRECT MERCHANTS, S.A., INC. )
    Plaintiffs )
v )  CIVIL ACTION NO. 05-30076MAP
)
LILLIAN SANTIAGO BAUZA, )
EL DIALOGO, LLC, and )
FRANCISCO JAVIER SOLE )
)
    Defendants )

## AFFIDAVIT OF FRANCISCO JAVIER SOLE

I, Francisco Javier Sole, a Defendant in this action and state the following:

1. I am familiar with the facts and circumstances as contained in the Complaint, Answer and my Counterclaim

2. In December of 2004 to January of 2005 the Plaintiff operating as Dialogo Newspaper wanted to expand its business. It was represented to me at that time, by Mr. Gerry Pike, of DMSA, that Dialogo would need someone familiar with marketing and advertising. Mr. Pike asked if I was interested in "coming on board".

3. In January of 2005, I met with Mr. Pike, who is the principal of both of the Plaintiffs, to discuss what I would do for the newspaper and what my compensation would be for that work.

4. Initially, my employment status within the company was in disagreement. I was offered $2,000.00 a month. Because the compensation was low, I did not want to be viewed or become an employee of the Plaintiff, but rather, I preferred to be considered an independent consultant, thus allowing me to provide services to other organizations for additional income. Mr. Pike on the other hand wanted me to be an employee.

5. As I began work, it was my understanding that I would be a consultant, in which I would be paid $2,000.00 a month, and that the rest of my compensation would be derived from commissions on advertising revenue generated by Dialogo, LLC.

6. However, the Defendant Lillian Santiago made it clear to Mr. Pike, that the newspaper did not, at that time, have revenue to pay me the $2,000.00 consultant fee. Mr. Pike's response was that the consulting fee would be guaranteed by the other Plaintiff in this case, DMSA.

7. Based on those assurances, I began working for the Plaintiffs on or about January 17, 2005, and until February 28, 2005 I performed the services that were asked of me.

8. When, by early February, I had not received any payments for my consulting fees, I phoned Mr. Pike directly. Mr. Pike explained to me that he had changed his mind about my being a consultant, and now he wanted me to sign, not only an Employee Agreement, but a Non-Compete Agreement as well. I refused to sign a non-compete Agreement. Mr. Pike continued to refuse to compensate me, and on February 28, 2005, I tendered my resignation with Dialogo, LLC.

9. Despite the contentions of the Plaintiffs I never worked for Newco, and since my departure from Dialogo LLC, I have been, first an employee, and now a partner in Bauza & Associates, LLC., an advertising and marketing company.

10. I did not have any ownership interests, managerial, or decision-making authority while at Dialogo, LLC.

11. When I resigned and left Dialogo, LLC, I did not remove any property, or take possession of any property of Dialogo, LLC.

Signed under the pains and penalties of perjury this 15th day of November, 2005.

FRANCISCO JAVIER SOLE