UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIÁLOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LILLIAN SANTIAGO BAUZÁ,<br>EL DIÁLOGO, LLC, and<br>FRANCISCO JAVIER SOLÉ,<br><br>Defendants.<br><br>LILLIAN SANTIAGO BAUZÁ,<br>EL DIÁLOGO, LLC, and<br>FRANCISCO JAVIER SOLÉ,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>DIÁLOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>Counterclaim-Defendants. | CIVIL ACTION NO. 05-cv-30076-MAP |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Diálogo, LLC ("the Company" or "Diálogo, LLC") and Direct Merchants S.A., Inc. ("DMSA") (collectively, "Plaintiffs") move for summary judgment against Defendants Lillian Santiago Bauzá and El Diálogo, LLC (collectively, "Defendants") on all claims in the Second Amended Complaint against Defendants and/or Defendants' Counterclaims or, in the alternative, on any claims

thereof of the Second Amended Complaint and/or Defendants' Counterclaims in which there is no genuine issue of material fact and Plaintiffs are entitled to judgment as a matter of law.  As grounds, Plaintiffs state:

1) This action was filed on March 31, 2004 after Plaintiffs learned that Defendants had misappropriated their trademark, business assets, and business confidential and proprietary information, all in violation of written agreements, and were publishing a newspaper and Internet analog called "El Diálogo": the same name under which Plaintiff DMSA and Defendant Lillian Santiago Bauzá had done business through Plaintiff Diálogo, LLC.

2) On April 26, Plaintiffs filed the Second Amended Complaint containing the following claims against Defendants:  (1) violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of M.G.L. ch. 93A, § 11; (3) common law trademark infringement and unfair competition; (4) breach of contract; (5) misappropriation of trade secrets; (6) conversion; (7) breach of fiduciary duty; (8) tortious interference with contractual relations; (9) unjust enrichment; (10) construction trust; (11) declaratory judgment; (12) violations of M.G.L. ch. 110B, §§ 10, 11.  Defendants' Counterclaims include (1) breach of contract, (2) misrepresentation, (3) violation of M.G.L. ch. 93A, and (4) declaratory judgment.

3) On these claims, or on any part thereof, there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law.  Fed.R. Civ. P. 56(c).

4) For more detailed grounds supporting this motion, Plaintiffs respectfully refer the Court to the following documents:  Plaintiffs' Memorandum in Support of Motion for Summary Judgment, Plaintiffs' Statement of Material Facts, the Second Affidavit of Gerry Pike (Dkt. No. 27), the deposition transcript of Lillian Santiago Bauzá and the deposition exhibits, the Second Amended Complaint (Dkt. No. 15) and the Answer to Second Amended Complaint (Dkt. No.

16).

WHEREFORE, Plaintiffs Diálogo, LLC and Direct Merchants S. A., Inc. respectfully pray:

1. That this Court GRANT Plaintiffs' Motion for Summary Judgment, or, in the alternative, Partial Motion for Summary Judgment, and

2. That this Court grant such other and further relief as is just.

                DIÁLOGO, LLC and
                DIRECT MERCHANTS S.A., INC.

                By their attorneys,

Dated: November 30, 2005      /s/ Seth W. Brewster
                George Field (BBO No. 164520)
                Seth W. Brewster (BBO No. 551248)
                Attorneys for Plaintiffs
                Verrill Dana, LLP
                One Portland Square
                P.O. Box 586
                Portland, ME  04112-0586
                (207) 774-4000
                gfield@verrilldana.com
                sbrewster@verrilldana.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2005, I electronically filed Plaintiffs' Motion for Summary Judgment or, In the Alternative, Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and hereby certify that there are no non-registered participants.

                /s/ Seth W. Brewster

P:\sbrewster\Dialogo\MSJ 113005.doc