UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO LLC, and <br> DIRECT MERCHANTS, S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> LILLIAN SANTIAGO BAUZA, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 05-30076-MAP |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
FRANCISCO JAVIER SOLE'S MOTION FOR SUMMARY JUDGMENT**

INTRODUCTION

Plaintiffs, Dialogo, LLC and Direct Merchant, S.A., Inc. (collectively "Plaintiffs"), respectfully submit this Memorandum In Support Of Their Opposition To Defendant Francisco Javier Sole's Motion For Summary Judgment ("Defendant's Motion").  Stripped of its hyperbole and rhetoric, Defendant Sole's Motion fails to demonstrate the absence of disputed issues of material fact as to any of the Plaintiffs' claims for breach of contract, misappropriation of trade secrets, conversion, tortious interference with contractual relations and unjust enrichment.  In contrast to Defendant Sole's protestations, and as discussed below, there are numerous hotly contested issues of material fact, each of which precludes summary judgment in Defendant Sole's favor.

**ARGUMENT**

I.  <u>None Of Plaintiffs' Causes Of Action Are Ripe For Summary Judgment.</u>

The law is well-settled and unequivocal: as the movant for summary judgment, Defendant Sole must demonstrate the absence of *any* issue of material fact as to each Dialogo's causes of action. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Moreover, a court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. <u>Nicolo v. Phillip Morris, Inc.</u>, 201 F.3d 29, 33 (1st Cir. 2000).

Here, Defendant Sole has proffered no substantive evidence that the record in this case is void of material disputed facts and replete with undisputed facts on which summary judgment may be granted. Accordingly, for the reasons set forth more fully below, this Court should deny Defendant Sole's motion.

    A.  <u>Plaintiffs' Breach Of Contract Claim Presents Disputed Issues Of Material Facts And, Therefore, Defendant Sole Is Not Entitled To Summary Judgment</u>.

Among the distinct causes of action brought by Plaintiffs against Defendant Sole, the only claim that Defendant Sole even attempts to address (with any specificity), is Plaintiffs' breach of contract claim. Although Defendant Sole purports to set forth "non-disputed" facts for summary judgment on Plaintiffs' breach of contract claim, none of his arguments, and none of his so-called undisputed facts, survive scrutiny.

2

Defendant Sole contends he should receive summary judgment on Plaintiffs' breach of contract claim because that he is not bound by a signed Offer of Employment or Confidentiality and Non-Compete Agreement. Defendant's Motion at 6. Pared to its essence, Defendant Sole's argument is: he was asked to sign a non-compete agreement "before he would get paid"; he was never paid by Dialogo, LLC; Dialogo, LLC was somehow closed down and is no longer in operation; and he has not worked as an employee of Defendant Santiago Bauza's newspaper, "El Dialogo." Defendant Sole maintains that these four ostensible facts permit him to obtain summary judgment on all claims and counterclaims in this case relating to him. See Defendant's Motion at 6-7.

To the contrary, these purported facts are, in the first instance, highly contested, and form disputed issues that go to the very core of Plaintiffs' breach of contract action against Defendant Sole. Therefore, far from undisputed, Defendant Sole's short list of "facts," in which he believes summary judgment is warranted, are contradicted by the following lengthy list of disputed facts:

- On or about January 6, 2005, Ms. Santiago Bauza sent a letter to Defendant Sole offering him a position as Director of Advertising Sales for Dialogo, LLC. On or about January 11, 2005, Defendant Sole accepted the position and signed and returned a copy of the letter. Defendant Sole did not state at that time that his acceptance of employment was conditioned on working as an independent consultant. See Third Affidavit of Gerry Pike ("Pike Aff. III") and Ex. A.

- On or about January 11, 2005, Defendant Sole sent a letter to Ms. Santiago Bauza stating, among other things, that he was "pleased to accept [the] offer" and that he would "begin work on January 17, 2005." Defendant Sole did not state in this letter that his acceptance of employment was conditioned on working as an independent consultant. Pike Aff. III ¶ 4 and Ex. B.

- On or about January 14, 2005 -- *prior* to Defendant Sole's employment -- Mr. Gerry Pike sent an e-mail to Defendant Sole, with a copy to Ms. Santiago Bauza, and attached to the e-mail a copy of a Confidentiality and Non-Compete Agreement between Dialogo, LLC and Francisco Javier Sole that he had previously discussed with Defendant Sole. That agreement used the term

3

"employee" approximately seventeen times as a defined term for Defendant Sole. Defendant Sole did not respond at that time that he would not work for Dialogo, LLC as an employee of the company. Pike Aff. III ¶ 5 and Exs. C and D.

- Subsequently, Defendant Sole met with Mr. Gerry Pike and Ms. Santiago Bauza. Among other things, at that meeting, in the presence of Ms. Santiago Bauza and Mr. Pike, Defendant Sole signed the Confidentiality and Non-Compete Agreement. Defendant Sole did not state at that time that he would not work for Dialogo, LLC as an employee of the company. Pike Aff. III ¶ 6.

- The Confidentiality and Non-Compete Agreement set forth, among other things, the parties' understanding that "Proprietary Information" included "(a) advertising clients, marketing and advertising plans and studies; (b) proprietary consumer research; (c) methods of operation and distribution; (d) statistical data and analyses; (e) know-how; (f) trade secrets; (g) product and/or service concepts, designs and specifications; (h) production processes and procedures; (i) existing and proposed agreements; (j) business records; (k) financial statements and data; (l) employee information; and (m) any notes, analyses, studies, or compilations, summaries, or other information derived or generated from or reflecting ongoing operations of Dialogo and its clients." Pike Aff. III ¶ 7 and Ex. D.

- The Confidentiality and Non-Compete Agreement also set forth Defendant Sole's agreement that "the Proprietary Information is the property of Dialogo[, LLC]" and that he "will not use or disclose the Proprietary Information in any way, except in accordance with this Agreement . . . ." Pike Aff. III ¶ 8 and Ex. D.

- The Confidentiality and Non-Compete Agreement also set forth Defendant Sole's agreement that for twenty-four (24) months following the termination of his employment he will "not own, manage, operate, consult or [] be employee [sic] in a business substantially similar to or competitive with the present business of [Dialogo, LLC] . . . ." Pike Aff. III ¶ 9 and Ex. D.

- On or about February 3, 2005, Mr. Gerry Pike received an e-mail from Ms. Santiago Bauza acknowledging that Defendant Sole had signed Confidentiality and Non-Compete Agreement and that the Agreement set forth his status as an employee of the company. Pike Aff. III ¶ 10 and Ex. E.

- On or about February 14, 2005, Dialogo, LLC paid Francisco Javier Sole five hundred five dollars and twenty-five cents ($505.25) for commissions. Pike Aff. III ¶ 11 and Ex. F.

- Defendant Sole's name appeared on the masthead of Ms. Bauza's March 15, 2005 and April 1, 2005 editions of "El Dialogo." Pike Aff. III ¶ 12 and Exs. G and H. Thus, Defendant Sole began using his effort and time for the publication of a newspaper, other than that for which he was hired by Dialogo, LLC, prior to February 28, 2005. Pike Aff. III ¶ 12.

The above contentions of fact demonstrate unequivocally that highly disputed issues of material fact abound on Plaintiffs' claim for breach of contract. On this basis alone, summary judgment should be denied.

In addition, Defendant Sole's purported defense of self-help – that because Defendant allegedly breached payment obligations under the operative agreements and/or allegedly constructively discharged Defendant Sole by seeking his agreement to a non-compete agreement, any breach by Defendant Sole is excused -- fails on these same disputed facts. In addition, these assertions have no basis in the applicable law. Even, assuming *arguendo,* that Plaintiffs breached payment or employment obligations to Defendant Sole, as a matter of law, Defendant Sole was not entitled to exercise the self-help to which he availed himself. As an initial matter, the plain terms of the Confidentiality Agreement did not allow Defendant Sole to work for or in the interest of another competing newspaper during or immediately after his employment with Dialogo, LLC; take or use for another company any customer, marketing of advertising information belonging to Dialogo, LLC for his own or others' use; or interfere with the contractual relationship between Ms. Santiago Bauza and Dialogo, LLC.

Defendant Sole does not cite any case where a party is permitted to exercise the type of self-help to which Defendant Sole availed himself in this context. In fact, the applicable law is to the contrary. "Not all breaches of contract by one party will excuse performance by the other. In evaluating a breach of contract, a court must determine 'whether the defendant's breach entitled the plaintiff merely to recovery for that breach while continuing to abide by the contract, or was so material in all circumstances as to justify the plaintiff in throwing the contract over and suing for the total breach.'" Dunkin

5

Donuts Inc. v. Gav-Stra Donuts, Inc., 139 F. Supp.2d 147, 155 (D. Mass. 2001), quoting Center Garment Co. v. United Refrigerator Co., 369 Mass. 633, 638, 341 N.E.2d 669 (1976). Here, where the Confidentiality and Non-Compete Agreement plainly provide for Defendant Sole's obligations and for a claim for breach of the Agreement, the self-help remedies of aiding and abetting the misappropriation of Dialogo, LLC trade secrets and assets is neither contractually available nor permissible under the governing law.

B. Defendant Sole Is Not Entitled To Summary Judgment On The Remaining Causes Of Action.

Notwithstanding that Defendant Sole also seeks summary judgment on Plaintiffs' other claims against him -- misappropriation of trade secrets, conversion, tortious interference with contractual relations and unjust enrichment – and on his own counterclaim for misrepresentation, Defendant Sole does not substantively address any of these claims in his Motion. Suffice it to say that the same highly contested issues set forth above, see infra at 3-5, preclude summary judgment on these claims as well.

More specifically, as discussed above, upon his employment, Defendant Sole accepted certain obligations and duties with respect to, among other things, his use of confidential and proprietary information and other resources belonging to Dialogo, LLC, and his actions upon termination of his employment. For example, under the Confidentiality and Non-Compete Agreement, Defendant Sole acknowledged:

- the existence of, and need to protect and keep confidential, proprietary information of Dialogo, LLC, including information regarding advertising clients, marketing and other advertising, Pike Aff. III ¶ 7 and Ex. D;

- his agreement that "the Proprietary Information is the property of Dialogo[, LLC]" and that he would "not use or disclose the Proprietary Information in any way, except in accordance with this Agreement . . . ." Pike Aff. III ¶ 8 and Ex. D; and

6

- his agreement that for twenty-four (24) months following the termination of his employment he will "not own, manage, operate, consult or [] be employee [sic] in a business substantially similar to or competitive with the present business of [Dialogo, LLC] . . . ."  Pike Aff. III ¶ 9 and Ex. D.

Because the parties dispute whether Defendant Sole has breached these obligations, including using the mark and name "El Dialogo"other than in connection with his work for Dialogo, LLC; after February 2005, marketing and publishing "El Dialogo" with the assets of Dialogo, LLC; working for or on behalf of Defendant Santiago Bauza's newspaper, "El Dialogo," unlawfully taking property, assets or information belonging to Dialogo, LLC; and intentionally interfering with the contractual relationship between Dialogo, LLC and Ms. Santiago Bauza, none of the claims against Mr. Sole as set forth in the Second Amended Complaint, nor his counterclaim against Plaintiffs, is ripe for summary judgment.

## CONCLUSION

In short, Defendant Sole's essay of disparate, unfounded assertions – rooted solely in self-serving personal denials – is an insufficient basis upon which to grant summary judgment. As set forth above, the facts material to Plaintiffs' claims are indeed disputed and, thus, summary judgment for Defendant Sole is precluded and his motion therefore must be denied.

**WHEREFORE**, the Plaintiffs request that this Court <u>DENY</u> the Defendant Sole's Motion For Summary Judgment.

> DIALOGO, LLC and
> DIRECT MERCHANTS S.A., INC.
>
> By their attorneys,

Dated: March 3, 2006
/s/ Seth W. Brewster_____
George P. Field (BBO No. 164520)
Seth W. Brewster (BBO No. 551248)
VERRILL DANA, LLP
One Portland Square
Portland, ME  04112-05586
(207) 774-4000

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2006, I electronically filed Memorandum of Law In Support Of Their Opposition To Defendant Francisco Javier Sole's Motion For Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

/s/ Seth W. Brewster_____