UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                               )
DIALOGO LLC, and                )
DIRECT MERCHANTS, S.A., INC., )
                               )
       Plaintiffs         )
                               )
       v.             )     CIVIL ACTION NO. 05-30076-MAP
                               )
LILLIAN SANTIAGO BAUZA,   )
EL DIALOGO, LLC, and       )
FRANCISCO JAVIER SOLE,    )
                               )
       Defendants.     )
_____ )

## THIRD AFFIDAVIT OF GERRY PIKE

I, Gerry Pike, do hereby on oath depose and state as follows:

1.     My name is Gerry Pike and I am the Managing Director of Direct Merchants S.A., Inc. ("DMSA"), which is a New Jersey corporation with a principal place of business in Newfoundland, Pennsylvania.  I am over 18 years old and competent to testify in this action.

2.     The information set forth in this affidavit is based on my personal knowledge.

3.     On or about January 6, 2005, Ms. Lillian Santiago Bauza ("Ms. Santiago Bauza") sent a letter to Mr. Francisco Javier Sole ("Mr. Sole") offering him a position as Director of Advertising Sales for Dialogo, LLC.  On or about January 11, 2005, Mr. Sole accepted the position and signed and returned a copy of the letter.  He did not state to me at that time that his acceptance of employment was conditioned on working as an

independent consultant.  As set forth in the signed employment agreement, Mr. Sole was provided a management position and the employment benefits of two weeks vacation, paid holidays, and four paid personal/sick days.  A copy of the January 6, 2005 letter, from Ms. Santiago Bauza to Mr. Sole, signed by Mr. Sole, is attached hereto as Exhibit A.

4.     On or about January 11, 2005, Mr. Sole also sent a letter to Ms. Santiago Bauza stating, among other things, that he was "pleased to accept [the] offer" and that he would "begin work on January 17, 2005."  He did not state in this letter that his acceptance of employment was conditioned on working as an independent consultant.  A copy of the January 11, 2005 letter from Mr. Sole to Ms. Santiago Bauza  is attached hereto as Exhibit B.

5.     On or about January 14, 2005, I sent an e-mail to Mr. Sole, with a copy to Ms. Santiago Bauza, and I attached to the e-mail a copy of a Confidentiality and Non-Compete Agreement between Dialogo, LLC and Francisco Javier Sole that I had previously discussed with Mr. Sole.  That agreement used the term "employee" approximately seventeen times as a defined term for Mr. Sole.   Mr. Sole did not respond at that time that he would not work for Dialogo, LLC as an employee of the company.  True and accurate copies of the January 14, 2005 e-mail and Confidentiality and Non-Compete Agreement are attached hereto as Exhibits C and D, respectively.

6.     Subsequently, I met with Mr. Sole and Ms. Santiago Bauza.  Among other things, at that meeting, in the presence of Ms. Santiago Bauza and me, Mr. Sole signed the Confidentiality and Non-Compete Agreement.  To my knowledge, Ms. Santiago Bauza retained a copy of this signed agreements on behalf of DMSA.

7.    The Confidentiality and Non-Compete Agreement set forth, among other things, the parties' understanding that "Proprietary Information" included "(a) advertising clients, marketing and advertising plans and studies; (b) proprietary consumer research; (c) methods of operation and distribution; (d) statistical data and analyses; (e) know-how; (f) trade secrets; (g) product and/or service concepts, designs and specifications; (h) production processes and procedures; (i) existing and proposed agreements; (j) business records; (k) financial statements and data; (l) employee information; and, (m) any notes, analyses, studies, or compilations, summaries, or other information derived or generated from or reflecting ongoing operations of Dialogo and its clients."  <u>See</u> Ex. D, hereto.

8.    The Confidentiality and Non-Compete Agreement also set forth Mr. Sole's agreement that "the Proprietary Information is the property of Dialogo[, LLC]" and that he "will not use or disclose the Proprietary Information in any way, except in accordance with this Agreement . . . ."  <u>Id</u>.

9.    The Confidentiality and Non-Compete Agreement also set forth Mr. Sole's agreement that for twenty-four (24) months following the termination of Mr. Sole's employment he will "not own, manage, operate, consult or [] be employee [sic] in a business substantially similar to or competitive with the present business of [Dialogo, LLC] . . . ."  <u>Id</u>.

10.    On or about February 3, 2005, I received an e-mail from Ms. Santiago Bauza acknowledging that Mr. Sole had signed Confidentiality and Non-Compete Agreement, that the Agreement set forth his status as an employee of the company. Among other things, the e-mail specifically stated that "[Mr. Sole] signed the agreement

even when it said employee thinking that he was a consultant. A true and accurate copy of the February 3, 2005 e-mail from Ms. Santiago Bauza is attached hereto as Exhibit E.

11.    On or about February 14, 2005, Dialogo, LLC paid Mr. Sole five hundred five dollars and twenty-five cents ($505.25) for commissions. A true and accurate copy of Check No. 140 from Dialogo, LLC to Francisco J. Sole in the amount of $505.25 is attached hereto as Exhibit F.

12.    Upon information and belief, although I understand that Mr. Sole claims that he worked for Dialogo, LLC, until February 28, 20045, and that he never worked for Ms. Santiago Bauza's company, El Dialogo, LLC, his name appeared on the masthead of Ms. Bauza's March 15, 2005, and April 1, 2005 editions of "El Dialogo." A copy of these editions are attached as Exhibit G. Furthermore, as of March 23, 2005, Mr. Sole's name was listed as the Sales Director of Ms. Bauza's "El Dialogo" on the company's website. A copy of the website contact page is attached as Exhibit H. It is therefore my belief and understanding that Mr. Sole began using his effort and time for the publication of a newspaper, other than that for which he was hired by Dialogo, LLC, prior to February 28, 2005.

Dated:  March 3, 2006             /s/ Gerry Pike_____
                                  Gerry Pike



COMMONWEALTH OF PENNSYLVANIA
Wayne, ss.                                    March 3, 2006

     Personally appeared the above-named Gerry Pike and made oath that the
foregoing statements are true and based upon his own personal knowledge.

                         Before me,



                         /s/ Bridget A. Cavage_____
                         Notary Public/Attorney at Law
                         Print Name:  Bridget A. Cavage
                         My Commission Expires:  10/3/05


**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on March 3, 2006, I electronically filed the Third Affidavit of
Gerry Pike with the Clerk of Court using the CM/ECF system which will send
notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut,
Esq., and I hereby certify that there are no non-registered participants.

                         /s/ Seth W. Brewster_____

**EXHIBIT A**

# El Diálogo

January 06, 2005

Francisco Javier Solé
26 Woodside Circle
Southwick, MA 01077

Dear Javier:

I am pleased to extend an offer of employment to you as our new Director Of Advertising Sales. The details of our offer are described below.

**Title:** Director Of Advertising Sales, Diálogo, LLC

**Responsibilities:**

- Achieve an individual advertising sales quota of twenty thousand dollars per month
- Planning and implementation of formal advertising sales division, account management functions and structure, and incremental building of a sales account team.
- Hiring, managing, mentoring and development of all sales representative personnel.
- Management and retention of existing advertising relationships.
- Organic growth of revenue from existing advertising account relationships.
- Development and management of new client relationships
- Increasing responsibility for managing day-to-day sales activity of Diálogo.
- Ad hoc support of Diálogo management in the growth and development of Diálogo.

**Compensation:**

Your compensation is a sum of the following elements:

- Base Salary.
  You will earn a base salary of $2,000 per month, ten percent of which is a draw.
- Commissioned Sales.
  You will receive a commission on advertising sales as enumerated below.

| | | | |
|---|---|---|---|
| $      1.00 | to | $100,000.00 | 25% |
| $100,001.00 | to | $200,000.00 | 20% |
| $200,001.00 | to | $300,000.00 | 15% |
| $300,001.00 | to | $400,000.00 | 10% |
| $400,001.00 | to | $500,000.00 | 5% |

This commission structure will roll over and repeat with every increment of five hundred thousand dollars ($500,000) of sales (e.g. $500,001 to $600,000 will be commissionable at 25%, $600,001 to $700,000 at 20%, etc.). Sales made with special prices that are not at a regular rate will be paid under a 20% commission, and are exempt from this standard payment schedule.

EXHIBIT

*A*

PENGAD 800-631-6989

- **Bonus Structure.**
  In addition to your individual commission structure, you will receive a commission override of five percent (5%) of sales commissions paid to sales representatives under your supervision.

- **Paid Benefits:**
  - Two weeks vacation
  - Paid Holidays:
    New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Christmas Day.
  - Four (4) paid personal / sick days.

- **Reimbursement.**
  You will be reimbursed up to $100.00 per month for transportation / representation costs.

There will be a formal performance review after your initial first three (3) months of employment and every six (6) months thereafter. Your signature below indicates your acceptance of this offer. Once I receive it by return fax to (212) 415-3564, we will set a start date and forward confidentiality and non-compete agreements.

We look forward to having you on the Diálogo team!


Lilian Santiago Bauzá
Publisher
Diálogo, LLC


Agreed to and accepted:

By: _____
Francisco Javier Illa

Date: _____1/11/05_____

PENGAD 800-631-6989

EXHIBIT

A

**EXHIBIT B**

FROM :DMSA Inc. FAX NO. :5706765143 Mar. 31 2005 01:49PM P3
Case 3:05-cv-30076-MAP Document 68-3 Filed 03/03/2006 Page 2 of 2
JAN-11-2005 12:56 FROM: TO:912124153564 P:2/3

28 Woodside Circle
Southwick, MA 01077
January 11, 2005

Lillian Santiago Bauzá
Publisher
El Diálogo
250 Open Square, Suite 405
Holyoke, MA 01040

Dear Lillian,

I am pleased to accept your offer, and I am looking forward to joining you and your team next week.

The Director of Advertising Sales position is ideally suited to my background and interests. A assure you I will give you my best effort in making this an effective position within the company.

As agreed I will begin work on January 17, 2005. If, in the meantime, I need to complete any prior work or take care of any other matters, please contact me at (413) 569-5825.

Thanks again.

Sincerely

*[signature]*

Javier Solé

EXHIBIT
B

**EXHIBIT C**

G.Pike
_____

| | |
|---|---|
| **From:** | "GPike" <gpike@DMSAinc.com> |
| **To:** | <solejavier@verizon.net>; "Lillian Santiago" <lsantiago@eldialogo.com> |
| **Sent:** | Friday, January 14, 2005 8:23 PM |
| **Attach:** | SoleCA NC.pdf |
| **Subject:** | Confidentiality / Non-compete Agreement |

Hi Javier.

Thank you for accepting the Dialogo offer letter. We look forward to welcoming you next week and growing a viable publication together. Per our pervious conversation, please find attached the CA / NC Agreement for your signature. Please send a signed copy via fax to Lillian and myself (570-676-5143). Best.GP.



4/17/2005

00001795

**EXHIBIT D**

## Confidentiality and Non-compete Agreement
### between
### Diálogo, LLC, and Francisco Javier Solé

In employing Francisco Javier Solé (**"Employee"**), Diálogo, LLC, (**"Diálogo"**), will be making available original and proprietary concepts as well as certain confidential information relating to the business, operations, products, services and affairs of the company and its clients. This letter of agreement ("Agreement") is intended to set forth the terms of the required confidential treatment to be given this information.

1.      Definition of "Proprietary Information".   For purposes of this Agreement, the term "Proprietary Information" includes:  (a) advertising clients and business, marketing and advertising plans and studies;  (b) proprietary consumer research;  (c) methods of operation and distribution; (d) statistical data and analyses;  (e) know-how;  (f) trade secrets;  (g) product and/or service concepts, designs and specifications;  (h) production processes and procedures;  (i) existing and proposed agreements;  (j) business records;  (k) financial statements and data;  (l) employee information; and, (m) any notes, analyses, studies, or compilations, summaries, or other information derived or generated from or reflecting ongoing operations of **Diálogo** and its clients.

2.      Property Rights in Proprietary Information.   The undersigned agree that the Proprietary Information is the property of **Diálogo**, and that **Employee** will not use or disclose the Proprietary Information in any way, except in accordance with this Agreement or with the prior written consent of **Diálogo**, which may be given or withheld by **Diálogo** in its sole and absolute discretion.

3.      Use of Proprietary Information.   **Employee** agrees to use the Proprietary Information only for the purposes of and in the context of the employment services to be provided to **Diálogo**.

4.      Disclosure of Proprietary Information.   **Employee** agrees to keep the Proprietary Information strictly confidential, and will not directly or indirectly disclose any Proprietary Information to any person, except as otherwise provided in this Agreement.  **Employee** may disclose Proprietary Information to persons external to the company if those persons are essential to the development of concepts, products and/or services to be created as part of the employment engagement. However, if **Employee** discloses any Proprietary Information to those persons, **Employee** will:  (a) inform them of the confidential nature of the Proprietary Information;  (b) direct them to keep all Proprietary Information strictly confidential and use it only for the purpose of assisting in evaluation of the above-mentioned concepts, products and/or services; and;  (c) be responsible for their failure to keep the Proprietary Information confidential.

If **Employee** or any person to whom **Employee** discloses any Proprietary Information is legally compelled to disclose any Proprietary Information (whether by deposition, interrogatory, request for production documents, subpoena, civil investigative demand, or any similar legal process), **Employee** will immediately notify **Diálogo** in writing, so that **Diálogo** can seek a protective order or other appropriate legal remedy.  If **Diálogo** is unable to obtain a protective order or other legal remedy, **Employee** agrees to disclose only that portion of the Proprietary Information that the company is advised (by a written opinion of legal counsel satisfactory to **Diálogo** in its reasonable good faith discretion) is legally required to be disclosed, and to use their best efforts to assure that the Proprietary Information that **Employee** is required to disclose will remain confidential.

5.      The obligations above limiting disclosure and use will not apply to: information (i) generally in the public domain, (ii) already lawfully disclosed to or known by the Receiving Party prior to disclosure, (iii) lawfully received by a party without breach of this agreement or, (iv) required to be disclosed under United States laws or regulations or court order.

PENGAD 800-631-6989    EXHIBIT
D

6.     <u>Return of Proprietary Information</u>.  **Employee** agrees that upon termination of employment, **Employee** will return all originals or copies of any Proprietary Information then in his possession to **Diálogo**, and will cause all persons to whom they have disclosed any Proprietary Information to return all originals or copies of any Proprietary Information then in their possession to **Diálogo**.

7      <u>No Representations or Warrants</u>.  **Employee** acknowledges that **Diálogo** has made no express or implied warranties of any kind as to the completeness or accuracy of the Proprietary Information.

8.     <u>Non-competition</u>.  For good consideration and as an inducement for **Diálogo** to employ **Employee, Employee** agrees not to directly or indirectly compete with the business of the Company and its successors and assigns during the period of employment and for a period of twenty four months following termination of employment and notwithstanding the cause or reason for termination

9.     <u>Definition of Non-compete</u>.  The term "not compete" as used herein shall mean that the **Employee** shall not own, manage, operate, consult or to be employee in a business substantially similar to or competitive with the present business of the Company or such other business activity in which the Company may substantially engage within the Western Massachusetts / Northern Connecticut geographical region during the term of employment and for a period of twenty four months following the expiration or termination of this agreement.

10.     <u>Damages For Violation Of Non-compete</u>.  **Employee** agrees to pay liquidated damages of an amount to be determined by **Diálogo** if any violation of this paragraph is proved or admitted.

11.     <u>Term of Agreement</u>.  This Agreement will be effective upon execution by both parties, will continue in full force indefinitely, so long as any Proprietary Information has not become generally available to or known by the public, and will not be terminated by termination of employment.

This Agreement is accepted by both parties, as indicated by the signatures below.


**Agreed to and accepted:**


By: _____              By: _____
     Francisco Javier Solé                          Lillian Santiago Bauzá

Title: _____           Title: _____
        Employee                                    Publisher, Diálogo, LLC


Date: _____            Date: _____

FJS NDA 01-14-05

2



**EXHIBIT E**

**G.Pike**

| | |
|---|---|
| From: | <Lsholyoke@aol.com> |
| To: | <gpike@DMSAinc.com> |
| Sent: | Thursday, February 03, 2005 2:15 PM |
| Subject: | (no subject) |

Hi Gerry:

I believe the confusion come from the fact that none of the Dialogo LLC personnel is an employee, and when Francisco asked me about that I said to him that all dialogo's personnel were consultants. Hi signed the agreement even when it said employee thinking he was a consultant. Especially, because we are not offering health benefits and so.

I do not believe that Dialogo LLC is in the financial position to pay employee insurance nor taxes to MA. I also feel that if we are given this to Francisco we must offer it also to Ana and Gabriela. There is more potential for Gabriela to open a newspaper next to ours that Francisco.

Gerry, the newspaper is on an incredible moment to grow, since Francisco arrived we had implemented many systems that are going to help us get the accounts that we need. I do not want to jeopardize this with semantics. He is very clear in the confidentiality and noncompete agreement he signed, and he is committed to help me get this newspaper in the financial position that it should be.

I do not feel this man is here to make us lose money or to go to another newspaper and take the accounts, especially when this place is so small and people do not forgive nor forget. Most of the accounts he is bringing are accounts that understand the importance of a bilingual newspaper, and they are signing with us because of that. They already are advertising with The Republican and some with the Pueblo Latino, in fact many accounts are not renewing contract with Pueblo Latino because they feel we are a better newspaper.

I do not want this to become and issue and want to continue in this positive trend.

Lillian



EXHIBIT

E

PENGAD 800-631-6989

4/17/2005

00001799

**EXHIBIT F**



DIALOGO, LLC
252 OPEN SQUARE, STUDIO 405
HOLYOKE, MA  01040

53-7177
2118
1053913224

140

DATE 2/14/05

PAY TO THE ORDER OF   Francisco J. Hile                    $ 505.25

Five Hundred Five 25/100                                      DOLLARS

PeoplesBank
Holyoke, Massachusetts

MEMO JAN 15 Commission

⑆2118717729⑆ ⑈1053913224⑈ 0140



EXHIBIT
F
PENGAD 800-631-6989

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX A

DIALOGO LLC, and
DIRECT MERCHANTS, S.A., INC.
v.                                                      CASE NO. 05-30076-MAP

LILLIAN SANTIAGO BAUZA,
EL DIALOGO, LLC, and
FRANCISCO JAVIER SOLE

NOTICE OF FILING WITH CLERK'S OFFICE

Notice is hereby given that the documents, exhibits or attachments listed below

have been manually filed with the Court and are available in paper form only:


Exhibit G to Third Affidavit of Gerry Pike


The original documents are maintained in the case file in the Clerk's Office.


March 3, 2006                            /s/ Seth W. Brewster
                                         Seth W. Brewster (BBO No. 551248)
                                         Attorney for Plaintiffs

                                         VERRILL DANA, LLP
                                         One Portland Square
                                         Portland, ME  04112-0586
                                         (207) 774-4000

**EXHIBIT H**



**Secciones/Sections**

Front Page

*Más/More*

Ver Archivo / See
Archives

Quiénes somos / About us

Envíenos noticias / Send
news tips

Anúnciese / Advertise

Download Media Kit

Contáctenos / Contact us

# About Us

El Diálogo is the only bilingual/multicultural newspaper published biweekly in the Hampden and Hampshire counties of Massachusetts, U.S. We inform our readers about health, economic development, politics, education and other topics, with a touch of social analysis. In addition, El Diálogo is a vehicle for businesses to promote their products and services to Latinos and the community in general. Our team is formed by:

Lillian Santiago-Bauzá
Publisher

Hector Bauzá
Publisher

Ana Morales
Editor in chief & Online Editor

Francisco Solé
Sales Director

Javier Arango
Graphic Designer

**Contributors**
Gustavo Aponte
Peggy Melanson
Ana Morales
Cathleen C. Robinson
Mariana Rodriguez
Lillian Santiago
Jimmy Sparrow

Ver Archivo/ See Archives | Quiénes Somos/About Us/ | Envíenos Noticias/Send News
Anúnciese/Advertise | Download Media Kit | Contáctenos/Contact Us
**El Diálogo**
Copyright 2004 ©


PENGAD 800-631-6989
EXHIBIT
H