UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIÁLOGO, LLC, ET AL.,            )
    PLAINTIFFS                   )
                                  )
    v.                            )   C.A. No. 05-30076-MAP
                                  )
LILLIAN SANTIAGO BAUZÁ,           )
ET AL.,                           )
    DEFENDANTS                    )

ORDER REGARDING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 51)

September 15, 2006

PONSOR, D.J.

    This is a suit brought by Plaintiffs Diálogo, LLC and Direct Merchants S.A., Inc. ("DMSA") against Defendants Lillian Santiago Bauzá ("Santiago"),[1] El Diálogo, LLC, and Francisco Javier Solé ("Solé"). Plaintiffs have asserted claims against Santiago and/or El Diálogo, LLC for: violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); violation of Mass. Gen. Laws ch. 93A, § 11 (Count II); common law trademark infringement and unfair competition (Count III); breach of contract (Count IV); misappropriation of trade secrets (money damages) (Count VI); misappropriation of trade secrets (injunctive relief) (Count VII);

---

[1] This Defendant has indicated that she typically goes by Santiago (see Dkt. No. 26, Ex. 4, Santiago Dep. 273:13-21) and has used this name in her briefs (see, e.g., Dkt. No. 57, Defs.' Opp'n Pls.' Mot. Summ. J.).

conversion (Count VIII); breach of fiduciary duties (Count IX); tortious interference with contractual relations (Count X); unjust enrichment (Count XII); constructive trust (Count XIII); declaratory judgment concerning the trademark "El Diálogo" (Count XIV); violation of Mass. Gen. Laws ch. 110B, § 10 (Count XV), and violation of Mass. Gen. Laws ch. 110B, § 11 (Count XVI).

Santiago and El Diálogo, LLC deny Plaintiffs' allegations and have set forth counterclaims for breach of contract (Count I), fraudulent misrepresentation (Count II), and violation of Mass. Gen. Laws ch. 93A, § 11 (Count III).

Pending before the court is Plaintiffs' motion for summary judgment on all their claims against Santiago and El Diálogo, LLC and/or Santiago and El Diálogo, LLC's counterclaims or, in the alternative, on any claims and/or counterclaims in which there is no genuine issue of material fact.[2]

With the exception of Plaintiffs' trademark infringement claim (Count I), the allegations at issue are business-related torts that must be adjudicated under state law. The parties recognize this and have cited case law

---

[2] Also pending is Solé's Motion for Summary Judgment on every claim brought against him by Plaintiffs and each counter-claim brought by Solé against Plaintiffs. (See Dkt. No. 48.) This order does not pertain to Solé's motion, which will be addressed separately in a forthcoming memorandum and order.

from the Commonwealth of Massachusetts in support of, and in opposition to, the pending motion. Unfortunately, the parties' Operating Agreement and Members Agreement ("Operating Agreement") provides that:

> This Agreement and the rights of the parties hereunder shall be interpreted in accordance with the laws of the State Maine, and all rights and remedies shall be governed without regard to principles of conflict of laws.

(Dkt. No. 14, Ex. 2, Operating Agreement § 17.9 (emphasis added).)

Although Maine and Massachusetts share a common judicial heritage, the laws of these two states are dissimilar enough to raise questions about the adequacy of the parties' briefing. In addition, the parties have not addressed the apparently unsettled question of whether a choice-of-law provision like § 17.9 bars a claim (or counterclaim) pursuant to Mass. Gen. Laws ch. 93A. Compare Computer Sales Int'l., Inc. v. Lycos, Inc., No. 05-10017-RWZ, 2006 WL 1896192, at *2 (D. Mass. July 11, 2006) (unpublished) ("[I]f an agreement 'purported to contract away any claims under G.L. c. 93A,' Massachusetts courts might 'decline to enforce the provision on public policy grounds.'" (citing BNY Fin. Corp. v. Fitwel Dress Co., No. Civ. A 95-4785A, 1997 WL 42518, at *4 (Mass. Super. 1997); Jacobson v. Mailboxes Etc. U.S.A., Inc., 646 N.E.2d 741, 746 n.9 (Mass. 1995))), with

<u>Ne. Data Sys., Inc. v. McDonnell Douglas Computer Sys. Co.</u>, 986 F.2d 607, 610 (1st Cir. 1993) (Breyer, J.) ("[W]hen parties agree that 'contract related' claims will be tried under, say, the law of California, they do not mean that a claim of 'serious' or 'rascal-like' breach of contract will be tried under the law of Massachusetts.").

Based on the foregoing, Plaintiffs' Motion for Summary Judgment (Dkt. No. 51) is hereby DENIED without prejudice. Should Plaintiffs wish to submit a substitute motion for summary judgment citing the appropriate authority, they may do so by October 16, 2006. In the event that Plaintiffs do submit a substitute motion, Santiago and El Diálogo, LLC's substitute opposition may be filed by October 30, 2006.

Should the parties elect to file substitute motions and memoranda, they need not re-brief the issue of whether Santiago and El Diálogo, LLC have violated 15 U.S.C. § 1125(a).

It is So Ordered.

/s/ Michael A. Ponsor  
MICHAEL A. PONSOR  
U. S. District Judge