UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

| | |
|---|---|
| DIALOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br>     Plaintiffs <br><br> vs. <br><br> LILLIAN SANTIAGO BAUZA, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLE, <br>     Defendants <br><br> LILLIAN SANTIAGO BAUZA, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLE, <br>     Plaintiffs in Counterclaim <br><br> vs. <br><br> DIALOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br>     Defendants in Counterclaim | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>DEFENDANTS, LILLIAN SANTIAGO BAUZA AND EL DIALOGO, LLC'S,
OPPOSITION TO PLAINTIFFS' SUBSTITUTE MOTION FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION
FOR PARTIAL SUMMARY JUDGMENT</u>**

In its Order regarding plaintiffs' original Motion for Summary Judgment (Docket No. 51), this Court observed that the parties' Operating Agreement and Members Agreement provides, in ¶ 17.9, that the Agreement and the right of the parties thereunder "shall be interpreted in accordance with the laws of the State of Maine, and all rights and remedies shall be governed without regard to principles of conflict of laws." The Court then denied the plaintiffs' motion

462977

but gave the plaintiffs the option of submitting a substitute motion for summary judgment citing the appropriate (Maine) authority.[1]

The substitute motion recently filed by the plaintiffs is largely a rehash of their original motion with citations to a number of Maine cases addressing conflict of laws and material breach which add nothing to their argument. Regardless of whether Massachusetts or Maine law is applied to the contract claims and counterclaims in this case, the plaintiffs' motion for summary judgment must be denied as there are questions of fact surrounding these claims (as well as the trademark claims discussed in plaintiff's opposition to defendants' original summary judgment motion) which must be decided by a jury at trial.

The defendants agree with the plaintiffs that ¶ 17.9 of the Operating Agreement does not preclude either of the parties from raising a claim or counterclaim under M.G.L. c. 93A which is based on conduct occurring outside of the Agreement. The defendants' 93A counterclaim is based on a misrepresentation made by Gerry Pike to Ms. Santiago that he would contribute $50,000 in starting capital towards their new venture which induced Ms. Santiago to quit her job and enter into the Operating Agreement with Mr. Pike's company, DMSA. Mr. Pike's tortious conduct occurred outside the Agreement and should be governed by the laws of Massachusetts, according to traditional conflict of laws principles. Certainly, Ms. Santiago should not precluded from bringing her 93A claim based on a Maine choice-of-law provision contained in a contract which she was deceived into entering.

Defendants also agree that the parties' performance and breach of the Operating Agreement is governed by Maine law, as provided in ¶ 17.9; however, the common law of Maine is, for all practical purposes, identical to Massachusetts on the question of material breach. The courts of

---

[1] The Court stated in its Order that the parties do not need to re-brief the issue of whether the defendants have violated 15 U.S.C. §1125(a)("the Lanham Act").

462977

both states adhere to the principle that a material breach by one party (e.g., DMSA's failure to make its initial capital contribution of $50,000) excuses the other party (Ms. Santiago) from further performance under the contract. *Ward v. American Mut. Liability Ins. Co.*, 15 Mass. App. Ct. 98, 443 N.E.2d 1342, 1343 (1983); *Crowe v. J.P. Bolduc*, 334 F.3d 124 (1st Cir. 2003) (applying Maine law); *Teragram Corp. v. Marketwatch.com, Inc.*, 444 F.3d 1, 11 (1st Cir. 2006), *citing, Lease-It, Inc. v. Mass. Port Auth.*, 600 N.E.2d 599, 602 (Mass. App. Ct. 1992). Both Maine and Massachusetts define a material breach as a substantial breach going to the root of the contract and cite the Restatement (Second) of Contracts §§ 241-243 (1981) on this point. *Crowe*, 334 F.3d at 138-139; *Ward,* 443 N.E.2d at 1344.

As stated in the defendants' opposition to the plaintiffs' original motion for summary judgment, there is ample evidence on the record that the plaintiff, DMSA, breached its promise to contribute $50,000.00 in starting capital towards the new venture and that this constituted a material breach of the Operating Agreement which excused any further performance by Ms. Santiago under the Agreement. Whether DMSA breached the agreement and, if so, whether its breach was "material" are questions for the jury at trial. *Lease-It, Inc. v. Massachusetts Port. Auth.,* 33 Mass. App. Ct. 391,396 (1992)(whether a breach is material or immaterial normally is a question for a jury to decide.)

In further opposition to the plaintiffs' substitute motion, the defendants hereby incorporate by reference their Opposition to the plaintiffs' original Motion For Summary Judgment (Docket No. 57), defendants' Response to the plaintiffs' Statement Of Facts In Support Of Their Motion For Summary Judgment (Docket No. 58) and the Exhibits thereto (Docket No. 59).

WHEREFORE, the defendants, Lillian Santiago Bauza and El Dialogo, LLC, respectfully urge that the plaintiffs' motion for summary judgment be denied in all respects.

462977

THE DEFENDANTS
LILLIAN SANTIAGO BAUZA and EL DIALOGO, LLC

By    */s/ Keith A. Minoff*
Keith A. Minoff, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  551536
kminoff@robinson-donovan.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of October, 2006.

    */s/ Keith A. Minoff*
Keith A. Minoff, Esq.

462977