UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

| | |
|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE,<br>    Defendants | )<br>)<br>)<br>)<br>) |
| LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE,<br>    Plaintiffs-in-Counterclaim | )<br>)<br>)<br>)<br>) |
| vs. | )<br>) |
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br>    Defendants-in-Counterclaim | )<br>)<br>) |

**DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, LILLIAN SANTIAGO BAUZA'S, MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**

On December 18, 2006, this Court entered a Memorandum and Order with respect to plaintiffs' substitute motion for summary judgment. The defendant/plaintiff-in-counterclaim, Lillian Santiago Bauza, now seeks leave to file a motion for reconsideration of that portion of the Memorandum and Order allowing the plaintiffs' motion with respect to Count III of defendant's counterclaim based on violations of M.G.L. c. 93A, § 11.

Ms. Santiago contends that her 93A claim is based, in part, on the same factual allegations which the Court found to be "viable" in denying the plaintiffs' motion with respect to Ms. Santiago's misrepresentation claims (Count II of the counterclaim). Therefore, justice requires

467371

Page 2 of 2

that the Court grant leave to Ms. Santiago to file a motion for reconsideration, a copy of which is attached hereto as Exhibit A.

                        THE DEFENDANTS
                        LILLIAN SANTIAGO BAUZA and EL DIALOGO, LLC

By  */s/ Keith A. Minoff*
Keith A. Minoff, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 551536
kminoff@robinson-donovan.com

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 3rd day of January, 2007.

                        */s/ Keith A. Minoff*
                        Keith A. Minoff, Esq.

467371

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30076-MAP

| | |
|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE,<br>    Defendants | )<br>)<br>)<br>)<br>) |
| LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE,<br>    Plaintiffs-in-Counterclaim | )<br>)<br>)<br>)<br>) |
| vs. | )<br>) |
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br>    Defendants-in-Counterclaim | )<br>)<br>) |

**DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, LILLIAN SANTIAGO BAUZA'S, MOTION FOR PARTIAL RECONSIDERATION OF MEMORANDUM AND ORDER REGARDING PLAINTIFFS' SUBSTITUTE MOTION FOR SUMMARY JUDGMENT**

The defendant/plaintiff-in-counterclaim, Lillian Santiago Bauza ("Ms. Santiago") hereby moves for partial reconsideration of this Court's Memorandum and Order of December 18, 2006, regarding plaintiffs' Substitute Motion for Summary Judgment. More specifically, Ms. Santiago requests that the Court reconsider its decision allowing the plaintiffs' motion with respect to Count III of Ms. Santiago's counterclaim based on violations of M.G.L. c. 93A, § 11.

In dismissing the Chapter 93A claims, the Court assumed they were based only on Mr. Pike's misrepresentation to Ms. Santiago that DMSA would contribute $50,000 in starting capital

467370

towards their new venture. In fact, the Chapter 93A claim, like the misrepresentation claim set forth in Count II of the counterclaim, is based also on Mr. Pike's representation that DMSA would "provide other necessary financial support to the joint venture." (See Defendant's Counterclaim at ¶ 23, which is incorporated by reference in the 93A claim at ¶ 27). In denying the plaintiffs' motion as to the misrepresentation count, the court found this theory of liability to be "viable."

Since this Court has found that Ms. Santiago's allegation that she reasonably relied on Pike's misrepresentation that DMSA would provide *other* necessary financial support to the joint venture provided a sufficient basis for her misrepresentation claim, it must necessarily find that this allegation also furnishes a sufficient basis for the Chapter 93A claim and deny the plaintiffs' substitute motion for summary judgment with respect to Count III of the counterclaim.

WHEREFORE, the defendant/plaintiff-in-counterclaim, Lillian Santiago Bauza, respectfully urges that the Court reconsider its prior decision allowing the plaintiff's substitute motion for summary judgment with respect to Count III of the counterclaim and issue an amended order denying the plaintiffs' motion as to this count.

THE DEFENDANTS
LILLIAN SANTIAGO BAUZA and EL DIALOGO, LLC

By     */s/ Keith A. Minoff*
Keith A. Minoff, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 551536
kminoff@robinson-donovan.com

462977