UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC., | )<br>)<br>) | CIVIL ACTION NO. 05-30076-MAP |
| Plaintiffs, | )<br>)<br>) |  |
| v. | )<br>) |  |
| LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE, | )<br>)<br>)<br>) |  |
| Defendants. | )<br>) |  |

**PLAINTIFFS' MOTION IN LIMINE RELATING TO
ALLEGED $50,000 CAPITAL CONTRIBUTION**

Pursuant to the Court's Order dated February 22, 2007, Plaintiffs Dialogo, LLC and Direct Merchants, S.A. (collectively, "Plaintiffs"), by and through their attorneys, hereby move in limine to exclude any evidence, testimony, or statements about any alleged promise to provide $50,000 cash in capital contributions to Dialogo, LLC. In support of this motion, Plaintiffs state as follows:

Throughout this case, Defendants have alleged that DMSA had promised to provide $50,000 cash in a capital contributions to the newspaper, Dialogo, LLC. In its Memorandum and Order Regarding Plaintiff's Substitute Motion for Summary Judgment (dated December 18, 2006) [Dkt. 76], the Court decided the issue and ruled:

> Because § 4,1 is written in the past tense, there is no merit to the argument that this provision required DMSA to make a $50,000 contribution in the future. Instead, § 4.1 clearly constitutes an acknowledgement by Santiago that DMSA had already made the capital contribution required by the Operating Agreement.

Id. at 36 (citation omitted).  Therefore , the Court has ruled that the Operating Agreement constitutes an acknowledgement that DMSA already made the $50,000 capital contribution.  Since Operating Agreement contains an integration clause,[1] previous discussions and/or agreements relating to capital contributions were superseded by the terms of the Operating Agreement.

It is well settled that the parol evidence rule excludes from judicial consideration both contemporaneous or prior extrinsic evidence a party may offer to alter or vary unambiguous contractual language.  Handy Boat Service, Inc. v. Professional Services, Inc., 711 A.2d 1306, 1308-09 (Me. 1998).  Specifically, the parol evidence rule applies when the parties "intended their writing to integrate their understandings concerning the subject matter of the agreement." Id. at 1309.  "Where the language of the agreement is unambiguous with respect to the existence and scope of integration, no extrinsic evidence concerning integration may be presented by the parties or considered by the Court." Id.

Furthermore, any testimony or evidence of pre-contract discussions about any $50,000 cash capital contribution would confuse and mislead the jury and would be a waste of time.  See F.R.E. 403.

---

[1] Section 17.8 of the Operating Agreement provides in relevant part: "This Agreement constitutes the entire agreement among the parties hereto pertaining to the subject matter hereof and supersedes all prior agreements and understandings pertaining thereto."

2

For the reasons set forth above, Plaintiffs respectfully request that the Court exclude pre-contract evidence about the terms of the parties' agreement, including, but not limited, to the $50,000 capital contribution.

> DIALOGO, LLC and
> DIRECT MERCHANTS S.A., INC.
>
> By its attorneys,

Dated:  May 11, 2007  /s/ Seth W. Brewster
George Field (BBO No. 164520)
Seth W. Brewster (BBO No. 551248)
Attorneys for Plaintiffs
Verrill Dana, LLP
One Boston Place
Suite 2330
Boston, MA  02108
(617) 367-0929
gfield@verrilldana.com
sbrewster@verrilldana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2007, I electronically filed Plaintiffs' Motion in Limine Relating to Alleged $50,000 Capital Contribution with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

/s/ Seth W. Brewster