UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-30076-MAP |

**PLAINTIFFS' MOTION IN LIMINE RELATING TO
LILLIAN SANTIAGO BAUZA'S ILLNESS**

Pursuant to the Court's Order dated February 22, 2007, Plaintiffs Dialogo, LLC and Direct Merchants, S.A. (collectively, "Plaintiffs"), by and through their attorneys, hereby move in limine to exclude any evidence, testimony, or statements about Lillian Santiago Bauza's diagnosis of, or treatment for, any illness, including, but not limited to, cancer. In support of this motion, Plaintiffs state as follows:

In recent months, Defendants have asserted that Defendant Lillian Santiago Bauza has been recently diagnosed with (and is being treated for) cancer. Defendant Santiago Bauza's recent diagnosis of (and treatment for) cancer is not relevant to any of the claims in this action, which involve the breach of a contract, various trademark infringement claims, conversion, and violation of Mass. G. L. Ch. 93A. Specifically, Ms. Santiago Bauza's health is not relevant to any of these claims. Moreover, if Defendants were entitled to discuss Lillian Santiago Bauza's current health issues, they will create unfair

sympathy with the jury, which would be unduly prejudicial to Plaintiffs.

Under Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Moreover, under Rule 403, even if such evidence were relevant -- which it is not -- it should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . . ." F.R.E. 403.

For the reasons set forth above, Plaintiffs respectfully request that the Court exclude any testimony, evidence or statement about Defendant Lillian Santiago Bauza's illness and/or her ongoing treatment.

                                        DIALOGO, LLC and
                                        DIRECT MERCHANTS S.A., INC.

                                        By its attorneys,

Dated:  May 11, 2007                  /s/ Seth W. Brewster
                                        George Field (BBO No. 164520)
                                        Seth W. Brewster (BBO No. 551248)
                                        Attorneys for Plaintiffs
                                        Verrill Dana, LLP
                                        One Boston Place
                                        Suite 2330
                                        Boston, MA  02108
                                        (617) 367-0929
                                        gfield@verrilldana.com
                                        sbrewster@verrilldana.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2007, I electronically filed Plaintiffs' Motion in Limine Relating to Lillian Santiago Bauza's Illness with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

                                              /s/ Seth W. Brewster