UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO, LLC and | ) | |
| DIRECT MERCHANTS S.A., INC., | ) | CIVIL ACTION NO. 05-30076-MAP |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| LILLIAN SANTIAGO BAUZA, | ) | |
| EL DIALOGO, LLC, and | ) | |
| FRANCISCO JAVIER SOLE, | ) | |
|  | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION IN LIMINE RELATING TO
THE VENTURE AGREEMENT**

Pursuant to the Court's Order dated February 22, 2007, Plaintiffs Dialogo, LLC and Direct Merchants, S.A. (collectively, "Plaintiffs"), by and through their attorneys, hereby move in limine to exclude the Venture Agreement (and its terms) from evidence. In support of this motion, Plaintiffs state as follows:

The Operating Agreement is unambiguously an integrated agreement. Specifically, Section 17.8 provides as follows:

> This Agreement constitutes the entire agreement among the parties hereto pertaining to the subject matter hereof and supersedes all prior agreements and understandings pertaining thereto.

It is well settled that the parol evidence rule excludes from judicial consideration both contemporaneous or prior extrinsic evidence a party may offer to alter or vary unambiguous contractual language. Handy Boat Service, Inc. v. Professional Services, Inc., 711 A.2d 1306, 1308-09 (Me. 1998). Specifically, the parol evidence rule applies

when the parties "intended their writing to integrate their understandings concerning the subject matter of the agreement." Id. at 1309.  "Where the language of the agreement is unambiguous with respect to the existence and scope of integration, no extrinsic evidence concerning integration may be presented by the parties or considered by the Court." Id.

In this case, the Operating Agreement is clear: it is "the entire agreement among the parties hereto."  Operating Agreement, § 17.8, at 28.  Since the language of Section 17.8 of the Operating Agreement is unambiguous "with respect to the existence and scope of integration,"  see Handy Boat Service, Inc., 711 A.2d at 1309, no other agreement, including the Venture Agreement, should be allowed into evidence to alter the terms of the parties' agreement.

For the reasons set forth above, Plaintiffs respectfully request that the Court exclude the Venture Agreement from evidence.

                                                  DIALOGO, LLC and
DIRECT MERCHANTS S.A., INC.

By its attorneys,

Dated:   May 11, 2007                   /s/ Seth W. Brewster
George Field (BBO No. 164520)
Seth W. Brewster (BBO No. 551248)
Attorneys for Plaintiffs
Verrill Dana, LLP
One Boston Place
Suite 2330
Boston, MA  02108
(617) 367-0929
gfield@verrilldana.com
sbrewster@verrilldana.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2007, I electronically filed Plaintiffs' Motion in Limine Relating to the Venture Agreement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

                                                  /s/ Seth W. Brewster