UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO, LLC and <br> DIRECT MERCHANTS S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> LILLIAN SANTIAGO BAUZA, <br> EL DIALOGO, LLC, and <br> FRANCISCO JAVIER SOLE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 05-30076-MAP |

**PLAINTIFFS' MOTION IN LIMINE REGARDING THE PLAINTIFFS'
ALLEGED MISREPRESENTATION "TO PROVIDE OTHER NECESSARY
SUPPORT TO THE JOINT VENTURE"**

Pursuant to the Court's Order dated February 22, 2007, Plaintiffs Dialogo, LLC and Direct Merchants, S.A. (collectively, "Plaintiffs"), by and through their attorneys, hereby move in limine to exclude any alleged misrepresentation "to provide other necessary financial support to the joint venture." In support of this motion, Plaintiffs state as follows:

Defendants have not pleaded in its Counterclaim that Plaintiffs made the alleged misrepresentation "to provide other necessary financial support to the joint venture." Rule 9(b) of Federal Rules of Civil Procedure requires that allegations of fraud and misrepresentation "shall be stated with particularity." Fed. R. Civ. P. 9(b). In their Counterclaim, Defendants pleaded only one misrepresentation: "Mr. Pike represented, on behalf of DMSA, that DMSA would establish a capital account and contribute $50,000 in 'starting capital' to the joint venture from which to draw upon as needed." Defendants'

Countercl. ¶ 20. <u>See id</u> at ¶¶ 9, 12. Nowhere does the Counterclaim allege that Plaintiffs made any other misrepresentation[1] -- other than the one set forth above. Since Defendants' Counterclaim does not contain any allegation of such a misrepresentation, and if it did, Defendants were required to plead it with particularity, any evidence of such a misrepresentation should be excluded.

For the reasons set forth above, Plaintiffs respectfully request that the Court exclude any evidence of an alleged misrepresentation "to provide other necessary support to the joint venture."

---

[1] In fact, the language of Paragraph 23 of the Counterclaim provides: "DMSA knew or should have known when it made these representations to Ms. Santiago <u>that DMSA had no intention of . . . providing other necessary financial support to the joint venture.</u>" Def. Counterclaim, ¶ 23 (emphasis added).

                                    DIALOGO, LLC and
                                    DIRECT MERCHANTS S.A., INC.

                                    By its attorneys,

Dated:  May 11, 2007                      /s/ Seth W. Brewster
                                            George Field (BBO No. 164520)
                                            Seth W. Brewster (BBO No. 551248)
                                            Attorneys for Plaintiffs
                                            Verrill Dana, LLP
                                            One Boston Place
                                            Suite 2330
                                            Boston, MA  02108
                                            (617) 367-0929
                                            gfield@verrilldana.com
                                            sbrewster@verrilldana.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 11, 2007, I electronically filed Plaintiffs' Motion in Limine Regarding the Plaintiffs' Alleged Misrepresentation "To Provide Other Necessary Support to the Joint Venture" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

                                            /s/ Seth W. Brewster