UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LILLIAN SANTIAGO BAUZA,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-30076-MAP |

**PROPOSED ORDER AND JUDGMENT**

Based upon the representations of Defendants Lillian Santiago Bauzá and El Dialogo, LLC ("Defendants") in their request for a status conference dated May 14, 2007 and counsel's statements at the status conference on May 30, 2007 that Defendants Santiago Bauzá and El Dialogo, LLC do not intend to defend against the claims set forth in the current amended complaint nor do they intend to prosecute their counterclaim against Plaintiffs, the Court hereby orders that judgment be entered as follows:

1.  On Count I of the Second Amended Complaint (violation of Lanham Act, 15 U.S.C. § 1125(a)), judgment for Plaintiffs and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, which amount is to be trebled.  The Court also awards reasonable attorney's fees, costs, and prejudgment interest in the amounts to be established by Plaintiffs.

2.  On Count II of the Second Amended Complaint (violation of Mass. Gen. L. Ch. 93A, § 11), judgment for Plaintiffs and against Defendant Santiago Bauzá and

Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, which amount is to be trebled. The Court also awards attorney's fees, costs and prejudgment interest in the amounts established by Plaintiffs.

3. On Count III of the Second Amended Complaint (Common Law Trademark Infringement and Unfair Competition), judgment for Plaintiffs and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, plus costs and prejudgment interest.

4. On Count IV of the Second Amended Complaint (Breach of Contract -- Santiago Bauzá), judgment for Plaintiff Direct Merchants S.A., Inc. and against Defendant Santiago Bauzá in the amount to be determined at a damages hearing, plus costs and prejudgment interest.

5. On Count VI of the Second Amended Complaint (Misappropriation of Trade Secrets), judgment for Plaintiffs and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, which amount is to be doubled, plus costs and prejudgment interest.

6. On Count VIII of the Second Amended Complaint (Conversion), judgment for Plaintiff Dialogo, LLC and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, plus costs and prejudgment interest.

7. On Count IX of the Second Amended Complaint (Breach of Fiduciary Duties), judgment for Plaintiffs and against Defendant Santiago Bauzá in the amount to be determined at a damages hearing, plus costs and prejudgment interest.

8. On Count X of the Second Amended Complaint (Tortious Interference

with Contractual Relations --Santiago Bauzá), judgment for Plaintiff Dialogo, LLC and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, plus costs and prejudgment interest.

9. On Count XIII of the Second Amended Complaint (Constructive Trust), judgment for Plaintiffs and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC, who are required to hold El Dialogo, LLC's and Dialogo, LLC's assets, proprietary information, trade secrets, goodwill and equipment of El Dialogo, LLC and Dialogo, LLC in constructive trust, and must discharge all profits and benefits of El Dialogo, LLC and Dialogo, LLC to Plaintiffs in the amount to be determined at a damages hearing.

10. On Count XV of the Second Amended Complaint (violation of Mass. Gen. Laws c. 110B, § 10), judgment for Plaintiffs and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, plus costs and prejudgment interest.

11. On Count XVI of the Second Amended Complaint (violation of 15 U.S.C. § 1114), judgment for Plaintiff Dialogo, LLC and against Defendant Santiago Bauzá and Defendant El Dialogo, LLC in the amount to be determined at a damages hearing, which amount is to be trebled. The Court also awards reasonable attorney's fees and costs in the amounts established by Plaintiffs.

12. On Counts I, II and IV of Defendants' Counterclaims, judgment for Plaintiffs Dialogo, LLC and Direct Merchants S.A., Inc. and against Defendants Lillian Santiago Bauzá and El Dialogo, LLC.

It is further ORDERED:

1. That Defendants Santiago Bauzá and El Dialogo, LLC are permanently

enjoined from using, infringing, and/or diluting the mark **"El Diálogo"** and any confusingly similar variation thereof, including, but not limited to, **"Dialogo"** and **"Dialogo Bilingue"**, in connection with any publication including but not limited to print and on-line publications;

    2.    That Defendants Santiago Bauzá and El Dialogo, LLC shall file with this Court and serve upon Plaintiffs and their counsel, within thirty days of service of this Order and Judgment, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

    3.    That Defendants Lillian Santiago Bauzá and El Diálogo LLC, its officers, directors, employees, agents, attorneys, affiliates, predecessors and successors in interest, assigns, and all other persons or entities in active concert or participation with Defendants are permanently enjoined from disclosing to any person or entity, directly or indirectly, any proprietary information relating to the businesses of Diálogo, LLC and El Dialogo, LLC (including all advertiser and subscription lists, advertiser and subscription prospects, marketing information and data, product information, strategic or technical information, financial information, supplier information, billing rates and advertiser provided information, documents and data) without the prior written consent of Diálogo, LLC by its majority owner, DMSA and from retaining, taking, receiving, concealing, assigning, transferring, leasing, pledging, copying or otherwise using or disposing of proprietary information or trade secret provided by Diálogo, LLC to Defendants;

    4.    That Defendants Lillian Santiago Bauzá and El Diálogo LLC shall file with this Court and serve upon Plaintiffs and their counsel, within thirty days of service

4

of this the Order and Judgment, a report in writing, under oath, setting forth in detail any and all proprietary information previously disclosed by either of both of them;

    5.    That Defendants Santiago Bauzá and El Dialogo, LLC are permanently enjoined from operating and/or working for any Spanish language newspapers or media in Western Massachusetts/Northern Connecticut (other than their obligations to Diálogo, LLC and the majority owner DMSA), including, but not limited to, publishing **El Diálogo** for the company El Diálogo, LLC or any other company (except Diálogo, LLC);

    6.    That Defendants Santiago Bauzá and El Dialogo, LLC are permanently enjoined from using, employing, or possessing the property, assets, equipment and goodwill of Diálogo, LLC and El Dialogo, LLC;

    7.    That within five days, Defendants Santiago Bauzá and El Dialogo, LLC must transfer all property, assets, equipment of Diálogo, LLC and El Dialogo, LLC to Plaintiff Direct Merchants S.A., Inc., including, but not limited to, bank accounts, bank account statements from 2004 to the present, financial documents, accounting journals, general ledgers, all accounting and auditing documents, computers, printers, office equipment, customer lists, supplier lists, advertiser lists, price lists and/or newspapers.

    8.    That it be adjudged and declared: that Plaintiff Diálogo, LLC is the entity that first used the mark "**El Diálogo**," that Plaintiff Diálogo, LLC is the rightful owner of the mark "**El Diálogo**," that Defendant El Diálogo, LLC is not the owner of the mark "**El Diálogo**," that Defendant El Diálogo, LLC made material false, misleading and/or fraudulent statements in applying for Massachusetts trademark registration of the mark "**El Diálogo**," that any registration to Defendant El Diálogo, LLC was granted improperly, that any registration to Defendant El Diálogo, LLC was obtained

fraudulently, and/or that any registration resulting from such application is cancelled, that Santiago Bauzá is no longer a member of Dialogo, LLC and/or that Santiago Bauzá has no right or claims to Dialogo, LLC and/or the assets of Dialogo, LLC.

9. That Defendants are adjudged to hold the Dialogo, LLC's and/or El Dialogo, LLC's assets, proprietary information, trade secrets, goodwill and equipment of the Dialogo, LLC and/or El Dialogo, LLC in constructive trust, and are required to disgorge to Direct Merchants S.A., Inc. any and all profits and benefits which have inured or will inure to the benefit of El Diálogo, LLC or Santiago Bauzá and/or El Diálogo, LLC's officers, directors, employees, agents, attorneys, affiliates, predecessors and successors in interest, assigns, and all other persons or entities in active concert or participation with Defendants.

10. That Defendants Santiago Bauza and El Dialogo, LLC are ordered, pursuant to 15 U.S.C. § 1118, to deliver up for destruction or other disposition all signage, newspapers, advertisements, price lists, brochures, labels, signs, prints, decals, and all other materials in the possession, custody or control of Defendants which the bear the mark "El Diálogo" or any other colorable imitation.

Dated: _____          _____
                                Michael A. Ponsor, U.S. District Judge