UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

DIALOGO, LLC and )
DIRECT MERCHANTS S.A., INC., )          CIVIL ACTION NO. 05-30076-MAP
)
Plaintiffs, )
)
v. )
)
LILLIAN SANTIAGO BAUZÁ, )
EL DIALOGO, LLC, and )
FRANCISCO JAVIER SOLÉ, )
)
Defendants. )
_____)

## PLAINTIFFS' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, Plaintiffs Dialogo, LLC and Direct Merchants S.A., Inc.

(collectively, "Plaintiffs") request that this Court instruct the jury on the law applicable to the

issue of damages as to the claims in this case by issuing the attached proposed instructions.

Plaintiffs further request leave of this Court to submit appropriate amendments and supplements

to these requests as are necessary.

DIALOGO, LLC and
DIRECT MERCHANTS S.A., INC.

By its attorneys,

Dated:  January 21, 2008          /s/ Seth W. Brewster_____
George P. Field (BBO No. 164520)
Seth W. Brewster (BBO No. 551248)
VERRILL DANA, LLP
One Portland Square
Box 586
Portland, Maine 04112-0586
(207) 774-4000
gfield@verrilldana.com
sbrewster@verrilldana.com

**INSTRUCTION NO. __**

**Damages Only Case**

Defendants Lillian Santiago Bauzá and El Dialogo, LLC have admitted liability, and I have entered judgment for Plaintiffs and against Defendants Lillian Santiago Bauzá and El Dialogo, LLC on all claims in this case. Therefore, whether Defendants are liable has already been established. Your only job today is to determine the amount of damages that Plaintiffs Dialogo, LLC and Direct Merchants S.A., Inc. should receive because of Defendants' conduct.

**INSTRUCTION NO. __**

**Reference to the Parties**

Referring to the parties in this case could be confusing, since one of the Plaintiffs is named Dialogo, LLC and one of the Defendants is El Dialogo, LLC. To avoid any confusion, I will refer to both Defendants Lillian Santiago Bauzá and El Dialogo, LLC as Defendants or Bauzá. When I refer to Defendants or Bauzá, you should remember that this means both Lillian Santiago Bauzá and El Dialogo, LLC. Similarly, I will refer to both Plaintiffs Dialogo, LLC and Direct Merchants S.A., Inc. as Plaintiffs or Dialogo. Again, any reference to Plaintiffs or Dialogo means both Dialogo, LLC and Direct Merchants S.A., Inc.

**INSTRUCTION NO. __**

**Evidence in the Case**

Unless I instruct you otherwise, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the attorneys are not evidence.  The attorneys are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when attorneys on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.[1]

---

[1] Kevin F. O'Malley, et al., Federal Jury Practice and Instruction §103.30 (5th ed. 2000).

**INSTRUCTION NO. __**

**Expert Witnesses**

Ordinarily witnesses do not testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that other evidence outweighs it, you may disregard the opinion entirely.[2]

---

[2] Kevin F. O'Malley, et al., Federal Jury Practice and Instruction §104.40 (5th ed. 2000).

**INSTRUCTION NO. __**

**Credibility of Witnesses**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relations each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think the testimony deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses who testify to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[3]

---

[3] Kevin F. O'Malley, et al., Federal Jury Practice and Instruction §105.10 (5th ed. 2000).

**INSTRUCTION NO. __**

**All Persons Equal Before the Law – Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. A corporation or a limited liability company is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law and are to be treated as equals.[4]

---

[4] Kevin F. O'Malley, et al., Federal Jury Practice and Instruction §103.12 (5th ed. 2000).

**INSTRUCTION NO. __**

**Damages – Burden of Proof and General Calculation**

Plaintiffs have the burden in civil cases of proving their damages by a preponderance of the evidence.[5] A "preponderance of the evidence" means evidence that persuades you that Plaintiffs' damages are more likely true than not.[6]

Plaintiffs, however, are not required to demonstrate their damages with mathematical precision. The amount of damages seldom can be proved with the exactness of mathematical demonstration; therefore, the extent of damages often must be left to estimate, judgment, and just and reasonable inference. Plaintiffs only have the burden of proving their damages with reasonable certainty. Evidence that enables you to arrive at an approximate estimate of damages is sufficient. Although Plaintiffs' damages may not be determined by mere speculation or guess, an element of uncertainty is permissible, particularly in cases involving business torts where the critical focus is on the wrongfulness of Defendants' conduct.[7]

---

[5] *Bezanson v. Fleet Bank-NH*, 29 F.3d 16, 21 (1st Cir. 1994); *Davet v. Maccarone*, 973 F.2d 22, 29 (1st Cir. 1992).
[6] *See Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250 (1940); *Stepakoff v. Kantar*, 393 Mass. 836, 842-43 (1985); Kevin F. O'Malley, et al., Federal Jury Practice and Instruction §104.01 (5th ed. 2000).
[7] *Bianchi & Co., Inc. v. Builders' Equipment & Supplies Co.*, 347 Mass. 636, 646 (1964); *Agoos Leather Cos., Inc. v. American and Foreign Ins. Co.*, 342 Mass. 603, 608 (1961); *Coady v. Wellfleet Marine Corp.*, 62 Mass. App. Ct. 237, 245 (2004).

**INSTRUCTION NO. __**

**Damages for Trademark Infringement under the Lanham Act, 15 U.S.C. § 1125(a)**

Because of Defendants' unlawful infringement of Dialogo's trademark, Dialogo has a right to recover three categories of damages: (1) any damages sustained by Dialogo, (2) Bauzá's profits (including profits of each Defendant), and (3) the costs of the action, which includes Dialogo's attorneys' fees.[8]

In the first category of damages, Dialogo has a right to its actual damages for money that will reasonably and fairly compensate Dialogo for any injury that was caused by Bauzá's infringement of Dialogo's registered trademark. Among the factors that you may consider are:

- injury to Dialogo's reputation;

- injury to Dialogo's goodwill;

- injury to Dialogo's general business reputation;

- Dialogo's lost sales resulting from Bauzá's infringement;

- Dialogo's lost profits resulting from Bauzá's infringement;

- Dialogo's expense in preventing customers from being confused; and

- the cost of future advertising that is reasonably required to correct any public confusion caused by the infringement.[9]

In the second category of damages, Dialogo is entitled to any profits earned by Bauzá because of Bauzá's infringement. Ultimately, Bauzá must prove that she did not make any profit from her infringement.

---

[8] 15 U.S.C. § 1117(a).
[9] 15 U.S.C. § 1117(a); *See Elecs. Corp. of Am. v. Honeywell, Inc.*, 358 F.Supp. 1230, 1233-34 (D.Mass. 1973), *aff'd per curiam*, 487 F.2d 513 (1st Cir. 1973), *cert. denied*, 415 U.S. 960 (1974).

To calculate Bauzá's profit, first determine Bauzá's total revenue from her infringing sales. It is Dialogo's burden to present evidence to prove Bauzá's total revenue. Once you have determined Bauzá's total revenue, you must then deduct any expense incurred by Bauzá in generating the infringing sales. Bauzá has the burden of proving any expenses or deductions she claims reduces her total profit.[10]

In the third category, Dialogo may recover costs of bringing the action and its attorneys' fees.

---

[10] 15 U.S.C. § 1117(a); *Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 37 (1st Cir. 2002).

**INSTRUCTION NO. __**

**Damages for Deceptive and Unfair Acts or Practices – Mass. Gen. Laws ch. 93A, § 11**

Plaintiffs have a right to be compensated for any loss of money or property it suffered as a result of Defendants' unfair method of competition or unfair or deceptive act or practice. [11] Your job is to award Dialogo its actual damages and its reasonable attorneys' fees and costs.[12]

Under this statute, Dialogo is also entitled to multiple damages. "Multiple damages" is an award of up to three times the damages you have determined Dialogo sustained. These damages are designed to impose a penalty on the offending party. The purpose of multiple damages is to deter callous and intentional violations of the law and to promote pre-litigation settlements. In determining whether the actual damages should be doubled or trebled, take into consideration all of the relevant circumstances, including the character and degree of Bauzá's wrong as shown by the evidence, Dialogo's degree of culpability, if any, and the necessity of preventing a similar wrong from happening again.[13]

Because the multiple damages provision of Chapter 93A imposes a penalty that varies with each Defendant's culpability, the co-Defendants are independently (not jointly and severally) liable for multiple damages, and Dialogo is not limited to a single award of multiple damages.[14] You, therefore, should consider each Defendant's culpability independently and determine whether the damage caused by Bauzá's unfair or deceptive acts should be doubled or tripled.[15]

---

[11] *Halper v. Demeter*, 34 Mass. App. Ct. 299, 303-04, 610 N.E.2d 332, 335 (1993).

[12] *Jet Line Services, Inc. v. American Employers Insurance Co.*, 404 Mass. 706, 718 (1989); *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 780 (1986); *Barron v. Fidelity Magellan*, 57 Mass. App. Ct. 507, 516-17 (2003).

[13] *See* Massachusetts Superior Court Civil Jury Instruction, § 16.7.12.

[14] *Int'l Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 853-58, 443 N.E.2d 1308, 1315-19 (1983); *Brown v. LeClair*, 20 Mass.App.Ct. 976, 980, 482 N.E.2d 870, 873-74 (1985) (multiple damages based on the egregiousness of each defendant's conduct).

[15] *See* Massachusetts Superior Court Civil Jury Instruction, § 16.7.12 and n. 5.

**INSTRUCTION NO. __**

**Damages for Common Law Trademark Infringement and Unfair Competition**

Damages for Bauzá's common law trademark infringement and unfair competition are the actual damages suffered by Dialogo and the recovery of Bauzá's profits.[16]

---

[16] *See Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 37 (1st Cir. 2002); *Quabaug Rubber Co. v. Fabiano Shoe Co., Inc.*, 567 F.2d 154, 162 (1st Cir. 1977).

**INSTRUCTION NO. __**

**Breach of Contract Damages – General Calculation**

Damages for breach of contract are based on Dialogo's "interest in having the benefit of [its] bargain by being put in as good a position as [it] would have been in" if Bauzá had performed the contract as she should have.[17]  Dialogo is entitled to recover all losses actually suffered as a result of the breach of the contract by Bauzá, and all other losses contemplated by the parties at the time of contract formation.[18]  In short, subject to the limitations of avoidability and unforeseeability, Dialogo is entitled to recover for all loss actually suffered because of Bauzá's breach.[19]

---

[17] *Deering Ice Cream Corp. v. Colombo, Inc.*, 598 A.2d 454, 456-457 (Me. 1991).
[18] *Steamship Navigation Co. v. Camden Nat. Bank*, 889 A.2d 1014, 1017 (Me. 2006) (citation and internal punctuation omitted).
[19] *Marchesseault v. Jackson*, 611 A.2d 95, 98 (Me. 1992).

**INSTRUCTION NO. __**

**Damages for Misappropriation of Trade Secrets**

Dialogo has a right to all damages in the amount of money that will reasonably and fairly compensate Dialogo for any injury that was caused by Bauzá's misappropriation of Dialogo's trade secrets. This right is measured by Dialogo's lost profits, Bauzá's profits, or reasonable royalties.[20]

Dialogo is entitled to recover the greater of its lost profits or all Bauzá's profits attributable to the misuse of Dialogo's trade secrets.[21] To determine Bauzá's profits, first, Dialogo proves the amount of revenue that Bauzá made by the misappropriation of Dialogo's trade secrets. Next, Bauzá must present evidence of costs or expenses, if any, that ought properly to be deducted from her revenue. The burden is also on Bauzá to prove that portion of her profits, if any, that is attributable to factors other than the misappropriation of Dialogo's trade secrets.[22]

If you find that Bauzá has not made a profit arising from her misappropriation of Dialogo's trade secrets and that Dialogo has no lost profits, then you must determine Dialogo's damages under a reasonable royalty standard. A "reasonable royalty" is the amount you determine that Dialogo would have been willing to accept for its trade secrets and that Bauzá would have been willing to pay if the parties engaged in an arm's-length negotiation for the transfer of those trade secrets, giving due consideration to the relative positions of the parties in the marketplace, the importance of the value of the trade secrets to Dialogo's business, the potential value or importance of the trade secrets to Bauzá's business, and any other factors. In

---

[20] Mass. Gen. Laws ch. 93, § 42; *See Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co.*, 381 Mass. 1, 11-12, 407 N.E.2d 319, 326-27 (1980); *Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 385 N.E.2d 1349 (1979).
[21] *Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 169-170, 385 N.E.2d 1349, 1351-52 (1979).
[22] *See USM Corp. v. Marson Fastener Corp.*, 392 Mass. 334, 467 N.E.2d 1271 (1984); *Jet Spray Cooler, Inc. v. Crampton,* 377 Mass. 159, 385 N.E.2d 1349 (1979).

considering the amount of a reasonable royalty, you may take into account the following factors:[23]

- the profitability and commercial success of products based upon Dialogo's trade secrets;

- the commercial relationship between Dialogo and Bauzá;

- the potential change in the comparative position of Dialogo and Bauzá once Bauzá had obtained access to Dialogo's trade secrets;

- the price paid for the right to use comparable trade secrets, if any;

- the utility and advantages of the trade secrets over other available substitutes;

- the nature of the trade secrets and the benefits thereof;

- the extent of Bauzá's use of the trade secrets and the value thereof;

- the appropriate portion of profit or selling price to allocate for use of the trade secrets; and

- the testimony of experts concerning the value of the trade secrets when exploited for commercial purposes in the marketplace.[24]

---

[23] *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971) (setting forth a nonexhaustive list of fifteen factors to be evaluated in connection with reasonable royalty determinations in patent infringement litigation); *Avco Corp. v. PPG Indus., Inc.*, 867 F.Supp. 84, 99 & n.13 (D.Mass. 1994) (applying *Georgia-Pacific* factors in patent litigation).

[24] The case of *Jet Spray Cooler, Inc. v. Crampton,* 377 Mass. 159, 385 N.E.2d 1349 (1979), authorizes a reasonable royalty measure where profits are unavailable. *Jet Spray Cooler*, 377 Mass. at 171 n.10, 385 N.E.2d at 1357 n.10.

**INSTRUCTION NO. __**

**Damages for Conversion**

Dialogo's damage for Bauzá's conversion of its property is the value of the converted property at the time of the conversion, plus interest that accrues from that time.[25]  Any fluctuation in the value of the converted property after the conversion does not enhance or diminish the damages recoverable.[26]  Where there is evidence of special injury, such as interruption of a business, you may award further damages to Dialogo.[27]

---

[25] *Welch v. Kosasky*, 24 Mass. App. Ct. 402, 404 (1986).
[26] *Id.*
[27] *Manhattan Clothing Co., Inc. v. Goldberg*, 322 Mass. 472, 475-76 (1948).

**INSTRUCTION NO. __**

**Breach of Fiduciary Duty – General Calculation**

On damages for Defendant Santiago Bauzá's breach of fiduciary duty, Dialogo is entitled to recover those damages proximately caused by her breach of that fiduciary duty to Dialogo.[28]

---

[28] Donald G. Alexander, Maine Jury Instruction Manual § 7-35 (4th ed. 2007); see also *Stewart v. Machias Savings Bank*, 2000 ME 207, ¶¶ 8-11, 762 A.2d 44, 45-46; *Berish v. Bornstein*, 437 Mass. 252, 271-272 (2002) ("The measure of recovery for a willful breach of fiduciary duty that results in personal financial gain to the trustee may include disgorgement of the amount of the gain.")

**INSTRUCTION NO. __**

**Damages for Tortious Interference with Contractual Relations –
Lost Profits or Bauzá's Profits**

Dialogo has a right to damages for the profits it lost, if any, by reason of Bauzá's tortious interference with Dialogo's contractual relations.[29]  You should be guided by the rule that Dialogo is entitled to any profits which it would, with reasonable certainty, have enjoyed, were it not for the breach of contract by Bauzá.[30]  In arriving at the amount of profits lost by Dialogo, you are entitled to consider Dialogo's past earnings in its business.  You should also consider all the other evidence concerning general economic and competitive conditions that you may find to have a bearing on the issue of lost profits.  Dialogo's lost profits are the revenues which Dialogo would have received but for Bauzá's conduct, reduced by the direct expenses which Dialogo would have incurred to receive those revenues, but without any reductions for fixed overhead expenses.

Dialogo is not required to prove its loss of profits with mathematical precision.  An element of uncertainty is permitted in calculating damages.  However, Dialogo still must show the portion of its losses, at least in general terms, that were attributable to Bauzá's misconduct.[31]

In addition to lost profits, Dialogo is entitled to recover any reasonable costs it incurred in an effort to mitigate or reduce its damages and to recover business it lost due to Bauzá's wrongful conduct.  As a result, you may consider Dialogo's expenses in determining the amount of damages necessary to compensate Dialogo for its losses.  You should consider the value of any

---

[29] *Lowrie v. Castle,* 225 Mass. 37, 51, 113 N.E.2d 206, 210 (1916) (prospective profits may be recovered when their loss appears to have been the direct result of the wrong complained of).

[30] *Augat, Inc. v. Aegis, Inc.,* 417 Mass. 484, 488, 631 N.E.2d 995, 997-98 (1994) (a plaintiff may recover damages for lost profits when proof is made with "sufficient certainty").

[31] *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.,* 14 Mass.App.Ct. 396, 426, 440 N.E.2d 29, 48, *further app. rev. denied,* 387 Mass. 1103, 441 N.E.2d 260 (1982); *see also Gilmore v. Century Bank & Trust Co.,* 20 Mass.App.Ct. 49, 55, 477 N.E.2d 1069, 1073 (1985); *Air Tech. Corp. v. Gen. Elec. Co.,* 347 Mass. 613, 627, 199 N.E.2d 538, 548–49 (1964).

business that was lost and/or the damage to Dialogo's reputation which resulted from the improper acts of Bauzá.

As an alternative to compensation for its lost profits, Dialogo may be entitled to the profits made by Bauzá as a result of her conduct. While Dialogo may not recover twice, Dialogo is entitled to the greater of Dialogo's lost profits or Bauzá's profits.[32]

---

[32] *Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 169-70, 385 N.E.2d 1349, 1351-52 (1979).

**INSTRUCTION NO. __**

**Fraudulent Procuring of Registration – Mass. Gen. Laws ch. 110B, § 10**

Bauzá shall be liable to pay Dialogo all damages sustained because of her fraudulent filing or registration of any mark in the Office of the Secretary of State.[33]

---

[33] Mass. Gen. Laws ch. 110B, § 10.

**INSTRUCTION NO. __**

**Damages for Trademark Infringement – 15 U.S.C. § 1114**

Bauzá shall be liable to pay Dialogo all damages, profits, attorneys' fees, and costs as a result of Bauzá's knowingly using Dialogo's mark to confuse, cause mistake, or deceive.  As with certain other damages discussed today, you may double or triple the amount of damages you find Bauzá caused here. [34]  You, therefore, should consider whether the damage caused by Bauzá's trademark infringement should be doubled or tripled.[35]

---

[34] 15 U.S.C. § 1114; 15 U.S.C. § 1117.
[35] *See* Massachusetts Superior Court Civil Jury Instruction, § 16.7.12 and n. 5.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2008, I electronically filed Plaintiffs' Request for Jury Instructions with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

/s/ Seth W. Brewster