UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
DIALOGO, LLC and                            )
DIRECT MERCHANTS S.A., INC.,                )        CIVIL ACTION NO. 05-30076-MAP
                                            )
            Plaintiffs,                     )
                                            )
v.                                          )
                                            )
LILLIAN SANTIAGO BAUZÁ,                      )
EL DIALOGO, LLC, and                        )
FRANCISCO JAVIER SOLÉ,                       )
                                            )
            Defendants.                     )
_____)

## PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, Plaintiffs Dialogo, LLC and Direct Merchants S.A., Inc.

(collectively, "Plaintiffs") request that this Court instruct the jury on the law applicable to the

issue of damages as to the claims in this case by issuing the attached supplemental instructions.

                        DIALOGO, LLC and
                        DIRECT MERCHANTS S.A., INC.

                        By its attorneys,


Dated:  January 23, 2008          /s/ Seth W. Brewster_____
                                  George P. Field (BBO No. 164520)
                                  Seth W. Brewster (BBO No. 551248)
                                  VERRILL DANA, LLP
                                  One Portland Square
                                  Box 586
                                  Portland, Maine 04112-0586
                                  (207) 774-4000
                                  gfield@verrilldana.com
                                  sbrewster@verrilldana.com

**INSTRUCTION NO. __**

**Adverse Inference of the Failure of a Party to Appear at Trial**

An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Inferences are things you do everyday: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.  You may draw an inference - either positive or negative - even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.[1]

You may specifically draw a negative inference from the Defendants' failure to appear at trial and to call any witnesses that were available to testify in support of Defendants' case.[2]

---

[1] *Com. v. Niziolek*, 380 Mass. 513, 404 N.E.2d 643 (1980).

[2] "[T]he failure of a party to produce available evidence that would help decide an issue may justify an inference that the evidence would be unfavorable to the party to whom it is available or whom it would ordinarily be expected to favor.  First Circuit precedent has established three circumstances that may warrant a missing witness instruction.

[T]he jury may draw an inference adverse to a party toward whom the missing witness is "favorably disposed," because the party would normally be expected to produce such a witness.  In addition, the jury may draw an adverse inference when a party fails to produce a material witness who is peculiarly available to that party.  [Finally], when a party having *exclusive* control over a witness who could provide relevant, noncumulative testimony fails to produce the witness, it is permissible to draw an adverse inference from that party's failure to do so, even in the absence of any showing of the witness's predisposition toward the party."

*U.S. v. St. Michael's Credit Union*, 880 F.2d 579, 597 (1st Cir. 1989) (citing to 2 C. Wright, *Federal Practice and Procedure* § 489 (1982) among others) (addition citations and internal punctuation omitted); *see also Steinhilber v. McCarthy*, 26 F.Supp.2d 265, 280 (D.Mass. 1998) (similar rational and finding that missing witness inference applies in civil cases).

**INSTRUCTION NO. __**

**Adverse Inference of the Failure to Produce Documents**

In this case, you have heard evidence of the Defendants' failure to produce the financial

documents of both Dialago, LLC and El Dialogo, LLC.  You therefore are permitted to draw an

adverse inference from the failure to produce documents that the information in these documents

would not have been favorable to Defendants.[3]

---

[3] *Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86, 89-90 (1st Cir. 1988) (failing to produce a key document that "could have proved or disproved the allegations in the complaint" may result in an adverse inference against the party who failed to produce the document); *Knightsbridge Mktg. v. Promociones Y Proyectos*, 728 F.2d 572, 575 (1st Cir. 1984) (Court is entitled to "draw an adverse inference against the defendant for its failure to produce [documents.  When] the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party which has prevented production did so out of the wellfounded fear that the contents would harm him"); *see also Gath v. M/A-Com, Inc.*, 440 Mass. 482, 489 (2003); *Nally v. Volkswagen of Am., Inc.*, 405 Mass. 191 (1989); *Kippenhan v. Chaulk Servs., Inc.*, 482 Mass. 124, 127 (1998).

                                              DIALOGO, LLC and
                                              DIRECT MERCHANTS S.A., INC.

                                              By its attorneys,


Dated:   January 23, 2008                    /s/ Seth W. Brewster
                                             George Field (BBO No. 164520)
                                             Seth W. Brewster (BBO No. 551248)
                                             Attorneys for Plaintiffs


Verrill Dana, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0586
(207) 774-4000
gfield@verrilldana.com
sbrewster@verrilldana.com


## CERTIFICATE OF SERVICE


I hereby certify that on January 23, 2008, I electronically filed Plaintiffs' Supplemental Request for Jury Instructions with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

                                             /s/ Seth W. Brewster