UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIALOGO, LLC and<br>DIRECT MERCHANTS S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LILLIAN SANTIAGO BAUZÁ,<br>EL DIALOGO, LLC, and<br>FRANCISCO JAVIER SOLÉ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-CV-30076-MAP |

**PLAINTIFFS' POST-TRIAL SUBMISSION ON ENTRY OF JUDGMENT AND
COUNTS I, II, AND XVI OF THE SECOND AMENDED COMPLAINT**

Pursuant to the Court's request for submissions on January 23, 2008, Plaintiffs Dialogo, LLC and Direct Merchants S.A., Inc. (collectively, "Plaintiffs"), by and through counsel, hereby submit their Post-Trial Submission on the following counts of the Second Amended Complaint that are currently pending before the Court: Count I (Violation of the Lanham Act, 15 U.S.C. § 1125(a)), Count II (Violations of Mass. Gen. Law. Ch. 93A, § 11) and Count XVI (Infringement of Federally Registered Trademark, 15 U.S.C. § 1114) and Entry of Judgment.

## **PROCEDURAL HISTORY**

On June 12, 2007, the Court entered judgment for the Plaintiffs on all counts in the Second Amended Complaint and then scheduled the matter for a trial on damages (Dkt. Nos. 91 and 92). On January 22, 2008, at the jury trial on damages, the Court ruled that it would not submit to the jury the following counts in the Second Amended Complaint: Count I (Violation of Lanham Act, 15 U.S.C. § 1125(a)), Count II (Violation of Mass. Gen. L. Ch. 93A, § 11) and

Count XVI (Violation of 15 U.S.C. § 1114). While the Court submitted the other claims to the jury, the Court ordered that these remaining claims in the Second Amended Complaint (Counts I, II and XVI) were to be decided by the Court.

The Trial on Damages

On January 22, 2008, Plaintiffs submitted their evidence through the testimony of Gerry Pike and certain documents. At trial, Mr. Pike testified that for the period July 1, 2004 through December 31, 2004, the newspaper El Dialogo had a net income (or profit) of $29,655. See Pl. Ex. 11. He also testified that on December 13, 2004, Defendant Lillian Santiago Bauza gave him financial statements for the company Dialogo, LLC and that those financial statements reflected the net income of the company to be $21,204.23 for the period July 1, 2004 through December 13, 2004. See Pl. Ex. 10. Mr. Pike also testified that Plaintiffs had not received any financial statements of El Dialogo or El Dialogo, LLC (other than Pl. Ex. 10 and Pl. Ex. 11).

Mr. Pike testified that from the estimated profit of El Dialogo from $60,000 to $70,000 per year and the valuation multiple of eight to nine times net earnings, he believed that the newspaper El Dialogo was worth approximately $550,000. He also testified that he had planned to roll out six additional newspapers by the time of the damages trial.

On attorney fees, Mr. Pike testified that the Plaintiffs had incurred $304,000 in attorney fees and $16,000 in costs for a total of $320,000 in attorney fees and costs.

The Verdict

On January 23, after Plaintiffs' closing statement and the Court's instructions to the jury, the jury returned the following Special Verdict:

> 1. What is the total amount of money, if any, that will fairly compensate Plaintiffs for any injury suffered by them as a result of the conduct by Defendants on any and all of the theories of recovery described to you in the court's instructions, excluding reasonable attorneys' fees?

2

    **$300,000.00**

2.  What is the total amount of money, if any, that Plaintiffs are entitled to, to compensate them fairly for any reasonable expenditures for attorneys' fees caused by the harm they suffered on any and all of the theories of recovery described to you in the court's instructions?

    **$320,000.00**

(Dkt. No. 101). This was the unanimous verdict of the jury. Id.

**I. THE COURT SHOULD ENTER JUDGMENT OF $900,000, PLUS $320,000 FOR ATTORNEY FEES AND COSTS ON COUNTS I AND XVI OF THE SECOND AMEND COMPLAINT.**

The damages under 15 U.S.C. § 1117(a) are virtually identical to the damage claims under some of Plaintiffs' other counts. Compare 15 U.S.C. § 1117(a) and the Court's Jury Instructions dated January 23, 2008, at 13-14, 15-16. Specifically, Plaintiffs are entitled to recover lost profits under the Lanham Act. See 15 U.S.C. § 1117(a).

On Counts I and XVI ("the Federal Counts"), the Court should determine that Plaintiffs' core damages are $300,000. At trial, the jury determined that Plaintiffs' damages (excluding attorneys' fees) were $300,000. (Dkt. No. 101). Plaintiffs therefore request that the Court adopt the jury's damage award of $300,000.

  A. THE DAMAGES SHOULD BE TREBLED.

Section 1117(b) provides, in relevant part:

> In assessing damages under subsection (a) of this section, the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee, in the case of any violation of section 1114(1)(a) of this title . . . of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark.

15 U.S.C. § 1117(b). Specifically, if the violation is found to be willful, the trial court should award treble damages, unless it finds extenuating circumstances. A & M Records, Inc. v.

Abdallah, 948 F. Supp. 1449, 1459, (C.D. Cal. 1996).  In fact, courts have referred to the infringer's failure to produce evidence of its profits on the counterfeit sales for justification to treble the damages.  E.g., Dive N' Surf, Inc. v. Anselowitz, 834 F. Supp. 379, 383 (M.D. Fla. 1993) (where infringer refused to answer deposition questions about his own sales and profits).

In this case, the Court already has ruled that Defendants' conduct was willful and intentional by entering judgment on all the claims in Plaintiffs' Second Amended Complaint. See Second Am. Complaint (Dkt. No. 81) ¶¶ 61, 92, 97, 116, 125; Order and Judgment (Dkt. No. 92) ¶¶ 1, 7, 8, 16.

Given this Court's order and judgment provides that Defendants' conduct has been fraudulent, intentional and willful, see, e.g., Dkt. No. 92, at 8, the Court should award treble damages, or $900,000.

      B.     PLAINTIFFS ALSO SHOULD BE AWARDED THEIR ATTORNEY'S FEES AND COSTS.

For the reasons set forth above, the Court also should award Plaintiffs their attorney fees in this case under 15 U.S.C. § 1117.  Under the statute, courts have defined "exceptional circumstances" to include those incidents where defendant acted with knowledge or willful blindness.  E.g., Lorilland Tobacco Co., Inc. v. A & E Oil, Inc., 503 F.3d 588, 592 (7th Cir. 2007).  As set forth supra at 4, it is clear that Defendants acted willfully, intentionally and fraudulently.

At trial, the jury determined the amount of the attorney fees and costs to be $320,000. See Dkt. No. 101.  Accordingly, Plaintiffs request that Court adopt the jury's attorney fee award of $320,000 on the Federal Counts (Count I and XVI).

4

**II.  UNDER COUNT II OF THE SECOND AMENDED COMPLAINT, THE COURT SHOULD ENTER JUDGMENT IN THE AMOUNT OF $900,000, PLUS $320,000 IN ATTORNEYS FEES.**

Under the Mass. Gen. Law Ch. 93A, § 11, Plaintiffs are entitled to recover their lost profits.  See Linkage Corp. v. Trustees of Boston University, 400 Mass. 1, 679 N.E.2d 191 (1997); Auto Shine Car Wash Systems, Inc. v. Nice 'N Clean Car Wash. Inc., 58 Mass. App. Ct. 685, 792 N.E.2d 682 (2003).  In this case, the jury determined that Plaintiffs' lost profits were $300,000, and Plaintiffs request that the Court adopt that jury's damage amount.

Furthermore, Mass. Gen. Law Ch. 93A provides that the Court impose multiple damages if there is a willful or knowing violation of the statute.  Specifically, Section 11 provides, in relevant part:

> If the court finds for the petitioner, recovery shall be in the amount of actual damages; or up to three, but not less that two, times such amount if the court finds that the use or employment of the method of competition . . . was a willful or knowing violation of said section two.

Mass. Gen. Law Ch. 93A, § 11.  As set forth supra at 4, it has been established that there was a willful and knowing violation of Mass. Gen. Law. Ch. 93A.  Therefore, Plaintiffs request that the Court award treble damages, or $900,000.

Finally, the statute provides for the award of attorney fees.  Specifically, if "there has been a violation of section two, the petitioners shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and costs incurred in said action."  Mass. Gen. Law Ch. 93A, § 11.  Since the jury has already determined the attorney fees amount, Plaintiffs requests that the Court adopt the jury's finding of $320,000.  See Docket No. 101.

### III. THE COURT SHOULD ENTER THE FOLLOWING JUDGMENT ON JURY CLAIMS.

**Count III (Common Law Trademark Infringement and Unfair Competition):**

In the amount of $300,000 against Defendants Lillian Santiago Bauza and El Dialogo, LLC, plus interest.

**Count IV (Breach of Contract - Santiago Bauza):**

In the amount of $620,000 against Defendant Lillian Santiago Bauza, plus interest.

**Count VI (Misappropriation of Trade Secrets):**

In the amount of $600,000[1] against Defendants Lillian Santiago Bauza and El Dialogo, LLC, plus interest.

**Count VIII (Conversion):**

In the amount of $300,000 against Defendants Lillian Santiago Bauza and El Dialogo, LLC, plus interest.

**Count IX (Breach of Fiduciary Duties):**

In the amount of $620,000 against Defendant Lillian Santiago Bauza, plus interest.

**Count X (Tortious Interference with Contractual Relations -- Santiago Bauza):**

In the amount of $620,000 against Defendants Lillian Santiago Bauza and El Dialogo, LLC, plus interest.

**Count XV (Violation of Mass. Gen. Law. Ch. 110B, § 10):**

In the amount of $620,000 against Defendant Lillian Santiago Bauza and El Dialogo, LLC, plus interest.

---

[1] This constitutes double damages pursuant to Mass. Gen. Law. Ch. 93, § 42.

                                                DIÁLOGO, LLC and
                                                DIRECT MERCHANTS S.A., INC.

                                                By their attorneys,

Dated: February 8, 2008              /s/ Seth W. Brewster
                                                George Field (BBO No. 164520)
                                                Seth W. Brewster (BBO No. 551248)
                                                Attorneys for Plaintiffs
                                                Verrill Dana, LLP
                                                One Portland Square
                                                Portland, ME  04112-0586
                                                (207) 774-4000
                                                gfield@verrilldana.com
                                                sbrewster@verrilldana.com

## CERTIFICATE OF SERVICE

     I hereby certify that on February 8, 2008, I electronically filed Plaintiffs' Post-Trial Submission on Entry of Judgment and Counts I, II, and XVI of the Second Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Keith A. Minoff, Esq. and Arnold Greenhut, Esq., and I hereby certify that there are no non-registered participants.

                                                                  /s/ Seth W. Brewster
                                                                  Seth W. Brewster